1   DeCONCINI McDONALD
    YETWIN & LACY, P.C.
2   2525 East Broadway, Suite 200
    Tucson, Arizona 85716-5300
3   Telephone: 520-322-5000
    Facsimile: 520-322-5585
4
    LISA ANNE SMITH, AZ Bar No. 016762
5   (lsmith@dmyl.com)
    SHEFALI MILCZAREK-DESAI, AZ Bar. No. 021237
6   (smdesai@dmyl.com)

7   **PERKINS COIE LLP**
    101 Jefferson Drive
8   Menlo Park, California 94025-1114
    Telephone: (650) 838-4300
9   Facsimile: (650) 838-4350
    *Pro hac vice admission pending*
10
    PAUL J. ANDRE, CA Bar No. 196585
11  (pandre@perksincoie.com)
    LISA KOBIALKA, CA Bar No. 191404
12  (lkobialka@perkinscoie.com)
    ESHA BANDYOPADHYAY, CA Bar No. 212249
13  (ebandyopadhyay@perkinscoie.com)
    SEAN BOYLE, CA Bar No. 238128
14  (sboyle@perkinscoie.com)

15  Attorneys for Plaintiff
    THE FREECYCLE NETWORK, INC.
16

17          IN THE UNITED STATES DISTRICT COURT

18                    DISTRICT OF ARIZONA

19

20  THE FREECYCLE NETWORK, INC.,          Case No.
    an Arizona non-profit organization,
21
           Plaintiff,                      COMPLAINT FOR TRADEMARK
22                                         DISPARAGEMENT, INJURIOUS
    v.                                     FALSEHOOD, DEFAMATION,
23                                         INTENTIONAL INTERFERENCE
    TIM OEY and JANE DOE OEY,              WITH BUSINESS RELATIONS
24
           Defendants.                     DEMAND FOR JURY TRIAL
25
                                           Assigned to:
26

27          Plaintiff The Freecycle Network, Inc. ("Plaintiff" or "The Freecycle Network")

28  hereby alleges for its Complaint against Defendant Tim Oey ("Defendant" or "Mr. Oey")

---

COMPLAINT FOR CONTRIBUTORY TRADEMARK
INFRINGEMENT AND RELATED CLAIMS

Dockets.Justia.com

1   and Defendant Jane Doe Oey ("Mrs. Oey"), on personal knowledge as to its own
2   activities and on information and belief as to the activities of others, as follows:

3                               **The Parties**

4       1.      The Freecycle Network is an incorporated Arizona non-profit organization
5   with its principal place of business in Tucson, Arizona. The Freecycle Network promotes
6   recycling by providing support to and acting as a central organizing point for local
7   community-based recycling efforts throughout the United States and several countries
8   abroad.

9       2.      Defendants are residents of Sunnyvale, California. Defendant is a former
10  member of The Freecycle Network. Defendant Jane Doe Oey is, on information and
11  belief, the spouse of Defendant Mr. Oey, and all actions taken by Defendant were taken
12  on behalf of the marital community.

13                          **Jurisdiction and Venue**

14      3.      This Court has jurisdiction over the subject matter of this action pursuant to
15  28 U.S.C. §§ 1331 and 1338, as this action arises under the trademark laws of the United
16  States.

17      4.      This Court has further jurisdiction under 28 U.S.C. § 1332, in that The
18  Freecycle Network and Defendant are citizens of different states and the matter in
19  controversy exceeds the sum of $75,000, exclusive of interests and costs.

20      5.      This Court has original jurisdiction over The Freecycle Network's state law
21  claims under 28 U.S.C. § 1332(a), as well as supplemental jurisdiction over these claims
22  under 28 U.S.C. § 1367(a).

23      6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), as this is a
24  district in which a substantial part of the events giving rise to the claims occurred.

25                            **Background Facts**

26      7.      The Freecycle Network is a non-profit organization that provides local,
27  community-based recycling and gifting forums throughout the United States. Starting
28  with a single recycling community in Tucson, The Freecycle Network has grown to a

- 2 -

worldwide organization with thousands of local recycling, reusing, and gifting groups and more than two million individual members. The Freecycle Network maintains an Internet Web site, located at www.freecycle.org, which maintains a directory of local recycling groups throughout the world and provides resources for volunteers to create new local recycling groups.

8. The Freecycle Network has been using the distinctive and famous trademarks FREECYCLE, THE FREECYCLE NETWORK, and the distinctive and famous "The Freecycle Network" logo (collectively "The Freecycle Network's Marks") exclusively and continuously since at least May 1, 2003. The Freecycle Network's Marks comprise the core of The Freecycle Network's intellectual property.

9. In addition to The Freecycle Network's long and continuous use of The Freecycle Network's Marks, registration of The Freecycle Network's Marks is currently pending before the United States Patent and Trademark Office.

10. As a result of its use and promotion of The Freecycle Network's Marks, The Freecycle Network has built up and now owns valuable goodwill that is symbolized by these trademarks.

11. The Freecycle Network enters into contractual relationships with local recycling organizations and with corporate sponsors. The Freecycle Network provides corporate sponsors a limited non-exclusive license to use its intellectual property and recycling know-how, in exchange for monetary donations.

12. The Freecycle Network provides local volunteers with a limited non-exclusive license to use The Freecycle Network's Marks for local promotions. The Freecycle Network's Marks are used to identify local recycling groups that belong generally to The Freecycle Network organization. The Freecycle Network's Marks are further used by The Freecycle Network to promote recycling and reuse of usable items within a community. Individual recyclers rely on The Freecycle Network's Marks to know that they are dealing with a local organization affiliated with The Freecycle Network.

- 3 -

13.    Defendant was an active member of The Freecycle Network from early 2004 until late 2005, holding a variety of positions during this time including, but not limited to, (1) membership in The Freecycle Network's intellectual property working group, and (2) leader of the New Website Planning Group, tasked with developing The Freecycle Network's next-generation Internet Web site.

14.    Defendant vigorously defended The Freecycle Network's rights to The Freecycle Network's Marks in public e-mail exchanges and various Internet fora while he was a member of The Freecycle Network. Examples include:

(a)    In an e-mail dated September 17, 2004, Defendant stated, in pertinent part, "Everyone in the Freecycle network needs to protect the "Freecycle" trademark." (*See* Exhibit A.)

(b)    In an e-mail dated January 5, 2005, Defendant provided a list of guidelines entitled "How To Protect the Freecycle Trademark" that includes detailed instructions for proper use of the FREECYCLE mark. (*See* Exhibit B.)

(c)    In an e-mail dated May 5, 2005, Defendant stated, in pertinent part, "...the Freecycle trademark [] ...is real, Freecycle is using it, and has the right to defend it to a degree even without registration. The reason that the Freecycle trademark is important is that people are associating it with an excellent service. People join The Freecycle Network because they trust it. So the more we work to make Freecycle trustworthy, distinct, and useful, the more people recognize it, the more people join it, and the more power the network has to generate gifts rather than trash – which is THE goal." (*See* Exhibit C.)

15.    On or around September 15, 2005, Defendant was asked to resign from his position at The Freecycle Network due to behavior from Defendant contrary to the mission of The Freecycle Network Organization. (*See* Exhibit D.)

16.    Since terminating his membership in The Freecycle Network, Defendant has engaged in a systematic campaign to destroy the value of The Freecycle Network's intellectual property, particularly The Freecycle Network's Marks.

- 4 -

17. Defendant has intentionally made false statements about The Freecycle Network's operations and the validity of The Freecycle Network's intellectual property, including The Freecycle Network's Marks. These statements include assertions that The Freecycle Network does not possess valid trademark rights in The Freecycle Network's Marks, assertions that The Freecycle Network's Marks, specifically the FREECYCLE mark, is a generic term, and assertions that third parties can freely use The Freecycle Network's Marks. Examples include:

(a) In a Yahoo! Groups message, Defendant stated, in pertinent part, "…it is legal for everyone to use the term freecycle…so have fun with it!" (*See* Exhibit E.)

(b) In an e-mail dated September 20, 2005, Defendant stated, in pertinent part, "…I have encouraged people to use the term freecycle as a generic term which would block The Freecycle Network (The Freecycle Network), and all others, from holding a trademark…." (*See* Exhibit F.)

(c) In a Yahoo! Groups message dated February 23, 2006, Defendant stated, in pertinent part, "…please contact all the freecycle groups in your state and surrounding states to let them know that freecycle is a generic term…." (*See* Exhibit G.)

18. Defendant has published false and misleading statements regarding The Freecycle Network and The Freecycle Network's Marks to third parties, through public e-mail lists and public Yahoo! Groups Web sites. (*See generally* Exhibits A-F).

19. Defendant has attempted to intentionally and maliciously induce local recycling organizations to terminate their association with The Freecycle Network and misuse The Freecycle Network's trademarks. Examples include:

(a) In a Yahoo! Groups message dated February 23, 2006, Defendant maliciously encouraged others to misuse The Freecycle Network's Marks in a manner that will "[d]rive The Freecycle Network nuts." (*See* Exhibit G.)

- 5 -

(b)     In the same Yahoo! Groups message, Defendant intentionally encouraged others to misuse the Marks "[b]ecause [The Freecycle Network] are doing bad things." *Id.*

(c)     In a Yahoo! Groups message dated September 20, 2005, Defendant stated "I have actually encouraged people to use the term freecycle as a generic term which would block The Freecycle Network (The Freecycle Network), and all others, from holding a trademark…." (*See* Exhibit F.)

## FIRST CLAIM FOR RELIEF

(Contributory Trademark Infringement, 15 U.S.C. § 1125(a))

20.     The Freecycle Network repeats and re-alleges the allegations of paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.     Defendant has been knowingly inducing third parties to infringe The Freecycle Network's Marks.

22.     Such knowing inducement of infringement of The Freecycle Network's Marks by Defendant constitutes contributory trademark infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

23.     The Freecycle Network is informed and believes that Defendant's past and continuing contributory trademark infringement of The Freecycle Network's Marks has been deliberate and willful, and was calculated to harm the goodwill of The Freecycle Network's Marks, and of The Freecycle Network's reputation and goodwill.

24.     Defendant's contributory infringing conduct has damaged The Freecycle Network in an amount to be determined at trial, and will continue to damage The Freecycle Network, unless restrained by this Court. The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Defendant's willful conduct, to an award against Defendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

///

- 6 -

1

**SECOND CLAIM FOR RELIEF**

2

(Trademark Disparagement, 15 U.S.C. § 1125(a))

3    25.    The Freecycle Network repeats and re-alleges the allegations of paragraphs

4    1 through 24 of the Complaint as if fully set forth herein.

5    26.    Defendant has intentionally made false statements about The Freecycle

6    Network's operations and the validity of The Freecycle Network's intellectual property,

7    including The Freecycle Network's Marks. These statements include assertions that The

8    Freecycle Network does not possess valid trademark rights in The Freecycle Network's

9    Marks, and assertions that The Freecycle Network's Marks, specifically the

10   FREECYCLE mark, is a generic term.

11   27.    Defendant made such false statements with malice, in an attempt to harm

12   The Freecycle Network's right to its intellectual property, harm the goodwill of The

13   Freecycle Network's Marks, and harm The Freecycle Network's reputation and goodwill.

14   28.    The Freecycle Network has suffered special damages due to Defendant's

15   false statements in an amount to be determined at trial, including, but not limited to, a

16   loss of goodwill, decreased membership, loss of potential corporate sponsorship, and

17   potential loss of intellectual property right in The Freecycle Network's Marks.

18   Defendant will continue to damage The Freecycle Network, unless restrained by this

19   Court. The Freecycle Network is entitled to an injunction, as set forth below, and as a

20   consequence of Defendant's willful conduct, to an award against Defendant in an amount

21   of three times The Freecycle Network's damages, and The Freecycle Network's

22   attorneys' fees and costs incurred in connection with this action.

23

**THIRD CLAIM FOR RELIEF**

24

(Injurious Falsehood, Arizona Common Law)

25   29.    The Freecycle Network repeats and re-alleges the allegations of paragraphs

26   1 through 28 of the Complaint as if fully set forth herein.

27   30.    Defendant has published false statements to third parties, through public e-

28   mail lists and public Yahoo! Groups Web sites, regarding The Freecycle Network and

- 7 -

The Freecycle Network's Marks. The Freecycle Network's false statements in this regard include, but are not limited to, assertions that The Freecycle Network's Marks are generic, that The Freecycle Network does not have valid trademark rights in The Freecycle Network's Marks, and that third parties can freely use the FREECYCLE mark.

31. Defendant intentionally made such false statements with the knowledge that they were false.

32. Defendant made such false statements in an effort to dissuade the readers of these statements from entering into or maintaining business and volunteer relationships with The Freecycle Network.

33. The Freecycle Network has suffered pecuniary loss due to Defendant's false statements in an amount to be determined at trial, including, but not limited to, a loss of goodwill, decreased membership, loss and/or reduction of potential corporate sponsorship, and potential loss of intellectual property right in The Freecycle Network's Marks. Defendant will continue to damage The Freecycle Network, unless restrained by this Court. The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Defendant's willful conduct, to an award against Defendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

## FOURTH CLAIM FOR RELIEF

### (Defamation, Arizona Common Law)

34. The Freecycle Network repeats and re-alleges the allegations of paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Defendant has made false and misleading public statements concerning The Freecycle Network and The Freecycle Network's Marks. The Freecycle Network's false statements in this regard include, but are not limited to, assertions that The Freecycle Network's Marks are generic, that The Freecycle Network does not have valid trademark rights in The Freecycle Network's Marks, and that third parties can freely use the FREECYCLE mark.

- 8 -

36.     Defendant has published these false and misleading statements without authorization from The Freecycle Network, on public e-mail lists and public Yahoo! Groups Web sites.

37.     Defendant intentionally made such false and misleading statements with the knowledge that such statements were false and misleading.

38.     Defendant made such false and misleading statements with malice, in an attempt to harm The Freecycle Network's right to its intellectual property, harm the goodwill of The Freecycle Network's Marks, and harm The Freecycle Network's reputation and goodwill.

39.     The Freecycle Network has suffered special harm due to Defendant's false statements in an amount to be determined at trial, including, but not limited to, a loss of goodwill, decreased membership, loss of potential corporate sponsorship, and potential loss of intellectual property right in The Freecycle Network's Marks.   Defendant will continue to damage The Freecycle Network, unless restrained by this Court.   The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Defendant's willful conduct, to an award against Defendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

## FIFTH CLAIM FOR RELIEF

(Intentional Interference with Business Relationship, Arizona Common Law)

40.     The Freecycle Network repeats and re-alleges the allegations of paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     The Freecycle Network enters into contractual relationships with its local recycling, reusing, and gifting groups, and with corporate sponsors.

42.     Due to his prior involvement in The Freecycle Network, Defendant has personal knowledge of The Freecycle Network's contractual relationships with its local recycling, reusing, and gifting groups, and with corporate sponsors.

- 9 -

43.   Defendant intentionally made false and misleading statements regarding The Freecycle Network and The Freecycle Network's Marks in an attempt to disrupt The Freecycle Network's contractual relationships by (1) stating that The Freecycle Network does not hold valid rights in the FREECYCLE mark, and (2) attempting to induce local recycling organizations to terminate their association with The Freecycle Network and misuse The Freecycle Network's trademarks.

44.   Defendant made such false and misleading statements with malice, in an attempt to harm The Freecycle Network's right to its intellectual property, harm the goodwill of The Freecycle Network's Marks, and harm The Freecycle Network's reputation and goodwill.

45.   The Freecycle Network has suffered damages due to Defendant's false statements in an amount to be determined at trial, including, but not limited to, a loss of goodwill, decreased membership, loss of potential corporate sponsorship, and potential loss of intellectual property rights in The Freecycle Network's Marks.  Defendant will continue to damage The Freecycle Network, unless restrained by this Court.   The Freecycle Network is entitled to an injunction, as set forth below, and as a consequence of Defendant's willful conduct, to an award against Defendant in an amount of three times The Freecycle Network's damages, and The Freecycle Network's attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, The Freecycle Network requests that the Court enter judgment in its favor and against Defendants on its Complaint as follows:

A.   An injunction temporarily, preliminarily and permanently enjoining and restraining Defendant, its agents, servants, employees, affiliates, attorneys, and all those in privity or acting in concert with Defendant, from using or inducing third parties to use The Freecycle Network's Marks in any form or any close variation thereof;

B.   An injunction temporarily, preliminarily and permanently enjoining and restraining Defendant, its agents, servants, employees, affiliates, attorneys, and all those

1  in privity or acting in concert with Defendant, from interfering with The Freecycle
2  Network's business relationships;

3      C.    An award of damages to The Freecycle Network adequate to compensate
4  The Freecycle Network for Defendant's acts of infringement, disparagement,
5  interference, injurious falsehood, and defamation, together with interest thereon, and an
6  increase in the amount of damages to three times the amount found or assessed by this
7  Court because of the willful and deliberate nature of Defendant's acts, as provided by
8  35 U.S.C. § 284;

9      D.    An award of The Freecycle Network's costs incurred in this action,
10  together with reasonable attorneys' fees;

11      E.    Granting such other and further relief as this Court may deem just and
12  proper.

13  ## DEMAND FOR JURY TRIAL

14  The Freecycle Network demands a jury trial on all issues.

15  Dated this 4th day of April, 2006.

16                  DeCONCINI McDONALD
                  YETWIN & LACY, P.C., and
17                  PERKINS COIE LLP

18

19                  By: _____
                  Lisa Anne Smith
20                    Shefali Milczarek-Desai

21                    Paul J. Andre
                  Lisa Kobialka
22                    Esha Bandyopadhyay
                  Sean Boyle
23

24                    Attorneys for Plaintiff
                  The Freecycle Network, Inc.

25

26

27

28

# VERIFICATION

STATE OF ARIZONA     )
                            ) ss.
County of Pima          )

I, Deron Beal, upon penalty of perjury, depose and say that:

1.      I am the Executive Director and Board Chair of The Freecycle Network, Inc.

2.      I have reviewed The Freecycle Network, Inc.'s Complaint for Trademark Disparagement, Injurious Falsehood, Defamation, and Intentional Interference with Business Relations.

3.      To the best of my knowledge, the contents of this document are true and correct.

DATED this 4th day of April, 2006.

Subscribed and sworn to before me
this 4th day of April, 2006,
by Deron Beal.

_____
Notary Public

OFFICIAL SEAL
LINDA W. KEILHOLTZ
Notary Public - Arizona
PIMA COUNTY
My Commission Expires
January 27, 2008

My Commission Expires:

_1-27-08_____