HAYES SOLOWAY P.C.
Ashley Lynn Kirk, Arizona State Bar #021866
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona  85718
Telephone:  (520) 882-7623
Facsimile:  (520) 882-7643

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization, <br><br> Plaintiff, <br><br> v. <br><br> TIM OEY and JANE DOE OEY, <br><br> Defendants. | **No. CIV06-173-TUC-RCC** <br><br> **DEFENDANTS TIM OEY AND JANE DOE OEY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

## I.      INTRODUCTION[1]

Tim Oey believes that the term "freecycle" is generic.  Tim Oey believes that the

policies of The Freecycle Network (TFN) are flawed. Tim Oey so strongly believes both of

these things, he is a member of an organization called FreecycleSunnyvale, and Freecyle

Sunnyvale has very publicly stood up to The Freecycle Network and their policies by filing suit

against Plaintiff in the Northern District of California and opposition proceedings to their

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643
_____
175 CANAL STREET
MANCHESTER, NH  03101
TEL. 603.668.1400
FAX. 603.668.8567

---

[1] Two issues are currently before the Court. The first being the merits of a duplicitous lawsuit in the District of Arizona and the second being the merits of a preliminary injunction against Tim Oey and his wife.  Defendants motion to stay or transfer this matter to the Northern District of California is herein incorporated for it's relevance to the motion for preliminary injunction. See Motion to Stay, Appendix A.

Dockets.Justia.com

application for trademark in the United States Patent and Trademark Office.[2] Tim Oey and

FreecycleSunnyvale aren't alone in their fight against Plaintiff. In fact, on a Google groups

search for "freecycle network" nearly 50% of the first 60 hits were critical of Plaintiff.[3]

Magazine articles have been written detailing the internal strife at The Freecycle Network.[4]

Blogs have been started by disillusioned former members.[5] Internet discussion groups that are

critical of Plaintiff show over a thousand postings.[6] Simply, The Freecycle Network has

critics!

Nevertheless Plaintiff represented to the Court that Tim Oey has an "on-going campaign

to destroy the value of The Freecycle Network's marks and cause damage to The Freecycle

Network." Plaintiff's Memorandum in Support of Motion for Preliminary Injunction, page 5.

But it was Plaintiff that never informed the Court of the proceedings brought against The

Freecycle Network in California. It was Plaintiff that never informed the Court that both the

opposition proceedings and Court proceedings question the validity of Plaintiff's trademarks.[7]

And, it was Plaintiff that dragged Tim Oey into court in Arizona for a matter so substantially

related to the matter in California the purpose of this suit could only be the harassment.

## II.    FACTS

"Freecycling" is the practice by which a person with an unwanted item, a "freecycler,"

gives the item away rather than destroying the item or sending the item to a landfill. Many

Freecyclers have formed online groups through i.e. Yahoo! Groups, in various localities to

---

[2] See Motion to Stay, Appendix A, and Declaration of Tim Oey, Appendix B.
[3] See Declaration of Ashley Kirk, Appendix C, Tab 1.
[4] See Declaration of Ashley Kirk, Appendix C, Tab 2.
[5] See Declaration of Ashley Kirk, Appendix C, Tab 3
[6] See Declaration of Ashley Kirk Appendix C, Tab 4.
[7] The premise of this suit, Tim Oey's statements that Freecycle Network has no valid trademark rights and that "freecycle" is generic, is the issue in both the California court and before the United States Patent and Trademark Office. By plaintiff's logic in this suit, anyone that opposes the registration of a mark in the USPTO or in the courts would be guilty of disparagement and contributory infringement. This simply isn't logical!

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

2

enable easy freecycling. Most of these groups operate independently using free online tools, and are moderated by local volunteer to ensure that those freecycling are not harassed or spammed.[8]

Plaintiff has <u>no</u> registered trademark of the term "freecycle," and "freecycle" has been used as a generic term by both Plaintiff and the general populace.[9] Despite the lack of a registered trademark for the term "freecycle," and the generic usage of the term, Plaintiff has asserted trademark infringement as a method to harass and intimidate local, independent freecycle groups into submitting to the whims of a national organization that is largely unnecessary.[10] When these local groups have failed to comply with Plaintiff's demands, Plaintiff has filed reports with Yahoo! for trademark infringement, thereby causing these local groups to be terminated by the service.[11] The following additional facts are undisputed.

- Tim Oey, a volunteer member and moderator of FreecycleSunnyvale located in Sunnyvale, California, fell victim to of some of the strong arm attics described above.[12]

- Tim Oey and FreecycleSunnyvale were repeatedly harassed by Plaintiff until eventually plaintiff had Yahoo! terminate their group account.[13]

- FreecycleSunnyvale took a stand on January 18, 2006, and filed a declaratory relief action in the Northern District of California and an opposition to the Plaintiff's trademark application in the United States Patent and Trademark Office. On May 31, 2006, the case against Plaintiff was referred to mediation by the Honorable Claudia

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

———

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

---

[8] See Declaration of Tim Oey, Appendix B.
[9] Id.
[10] Id.
[11] See Wikipedia article, Appendix C, Tab 5.
[12] See Declaration of Tim Oey, Appendix B.
[13] Id.

Wilken.[14]

- Plaintiff filed a complaint and motion for preliminary injunction alleging trademark disparagement against Tim Oey and his wife on April 4, and 19, respectively, in the District of Arizona.[15]

- Tim Oey and his wife are <u>not</u> represented by pro bono in the matter before this Court and have been forced to defend themselves in Arizona.[16]

## III.   STATE OF THE LAW

"A preliminary injunction is an extraordinary remedy that may be granted only by a clear demonstration by a plaintiff of the merits of such a request." Moore's Federal Practice § 65.20. And, "since an injunction is an extraordinary and drastic remedy it will not be granted unless the movant clearly carries the burden of persuasion as to all [the requirements] Id. *quoting Basham v. Freda*, 805 F. Supp. 930, 932 (M.D. Fla. 1992) *aff'd*, 985 F.2d 579 (11th Cir. 1993).

The moving party carries the burden for demonstrating the need for injunctive relief. *Huang v. Holiday Inns, Inc.*, 594 F. Supp. 352, 355 (C.D. Cal. 1984). In the Ninth Circuit, courts employ either the "traditional" four prong or "alternative" two prong approach in determining whether a movant meets all the requirements for a preliminary injunction. The four prong analysis looks at the likelihood of success on the merits; the balance of harms between the moving and non-moving parties; the availability of other legal remedies; and the public interest in determining the merits. In the alternative two-prong approach, a movant must show either a combination of probable success on the merits and irreparable injury, or serious questions are raised as to the merits and the balance of hardships tips strongly for the movant.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

———

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

---

[14] See Declaration of Dennis Corgill, Appendix A, Exhibit 3.
[15] See Declaration of Ashley Kirk, Appendix C.
[16] Id.

Moore's Federal Practice § 65.22 [5][i]. *See also United States v. Nutri-Cology, Inc.*, 982 F. 2d 394, 397 (9th Cir. 1992).

Plaintiff fails to meet their burden under either analysis!

## IV.    ARGUMENT

### A. Plaintiffs Claims are either Unsupported by Fact or Unintelligible with no Basis in Law

Plaintiff must assert that there has been a legal right that has been violated in order for the court to grant their motion for preliminary injunction. See *Huber Baking Co. v. Stroehmann Bros. Co.*, 208 F.2d 464, 467 (2nd Cir. 1953). And, even where a legal right is established, Plaintiff should still be denied injunctive relief where Plaintiff is unlikely to succeed on the merits. *Stork USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 314-315 (7th Cir. 1994). Here, Plaintiffs have drafted all of their claims on the premise that they have legal rights to the term "freecycle." A showing that they have no legal rights to "freecycle" is dispositive of this entire case! Nevertheless, Plaintiffs have presented to the Court no fact that shows they are legally entitled to trademark protection for this term. Additionally, one count of their complaint is without sound legal precedent and is completely unintelligible!

How then can Plaintiff meet the most basic burdens for a preliminary injunction?

### 1.    "Freecycle" Is Not a Registerable Trademark!

Plaintiff is not likely to succeed on any claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).[17] Plaintiff has failed to make any showing on two elements that are crucial to any § 43(a) claim, i.e., that Plaintiff has a protectable trademark and that there is likelihood of consumer confusion. First, there is no evidence that Plaintiff has a protectable trademark.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

---

[17] This issue is being litigated in the Northern District of California and is central to any theory of relief sought by Plaintiff in this Court.

As the Central District of California summarized in a case involving federal trademark infringement and state unfair competition claims,

> Because Echo Drain has not obtained a federal trademark registration, it must prove that the Echo Drain mark is protectable. In order to establish that it has a protectable trademark, Echo Drain must prove (1) that its mark is inherently distinctive or (2) that the mark has acquired distinctiveness through secondary meaning.

*Echo Drain v. Newsted,* 307 F. Supp. 2d 1116, 1121 (CD. Cal. 2003) (citations omitted)

Since Plaintiff's trademarks are not registered, to succeed on the merits Plaintiff must provide evidence that "freecycle" is inherently distinctive or has acquired distinctiveness through secondary meaning. However, the weight of evidence before this Court demonstrates not only that "freecycle" is not inherently distinctive, but that "freecycle" is a generic term that cannot qualify for trademark protection. *See KP Permanent Make-up, Inc. v. Lasting Impression I, Inc.,* 408 F.3d 596, 603 (9th Cir. 2005) (explaining inherent distinctiveness). And, Plaintiff has made no showing of acquired distinctiveness through secondary meaning. While Plaintiff may imagine that its company name is famous and that its business has goodwill, Plaintiff has not shown this Court that consumers have come to know that "freecycle" designates a single source of Plaintiff's products or services. *See Grupo Gigante S.A. de C. V v. Dallo & Co.,* 391 F.3d 1088, 1095-96 (9th Cir. 2004) (explaining secondary meaning).

Additionally, Plaintiff has failed to show that consumers likely will be confused or misled by FreecycleSunnyvale's use of "freecycle," showings that lie at the heart of any § 43(a) trademark infringement or unfair competition claim. *See M2 Software, Inc. v. Madacy Entm't,* 41 F.3d 1073, 1080 & n.5 (9th Cir. 2005) (claims for trademark infringement or unfair competition under federal, state, or common law must establish likelihood of confusion); *Jarrow Formulas, Inc., v. Nutrition Now, Inc.,* 304 F.3d 829 at 835 n.4 (9th Cir. 2002) (in false

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

advertising claim, false statement has "tendency to deceive a substantial segment of its audience"); *Wendt v. Host Int'l, Inc.*, 125 F.3d 806 at 812 (9th Cir. 1977) (in false endorsement claim, "likely to confuse consumers as to the plaintiff's sponsorship") (quotation omitted).

2. <u>Plaintiff's Assertion of Contributory Infringement is Non-sensical!</u>

Contributory trademark infringement requires that an infringer either "(1) intentionally induces another to infringe on a trademark, or (2) continues to supply product knowing that the recipient is using the product to engage in trademark infringement." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264-65 (9th Cir. 1996) (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 842, 854-5 5 (1982)). See also *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 984 (9th Cir. 1999) ("Direct control and monitoring of the instrumentality used by a third party to infringe the plaintiffs mark permits the expansion of Inwood Lab's "supplies a product" requirement for contributory infringement."). Here, even assuming arguendo that Plaintiff has trademark rights in the term "freecycle," Plaintiff will not succeed on its first claim of contributory infringement because Plaintiff has provided no evidence of Tim Oey's *scienter* or that any third party directly infringed Plaintiff's alleged trademarks.

There is no indication that Tim Oey intended, knew, or should have known that a third party would use the alleged trademarks in an infringing manner. *Lockheed Martin Corp.*, 194 F.3d at 983 ("Contributory infringement occurs when the Plaintiff either intentionally induces a third party to infringe the plaintiffs mark or supplies a product to a third party with actual or constructive knowledge that the product is being used to infringe the service mark.") All that appears is that Tim Oey encouraged others to continue to use "freecycle" as a generic term and to oppose Plaintiff's efforts to obtain trademark rights. All of which Tim Oey had a legal right

**HAYES SOLOWAY P.C.**
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

to do!

Further, Plaintiff nowhere provides evidence or even alleges that any third party directly infringed Plaintiff's <u>alleged</u> trademarks. Again, all that Plaintiff attempts to show is that Tim Oey encourages others to use "freecycle" as a generic term. There is no evidence or allegation of what those "others" did, much less that those "others" used Plaintiff's alleged trademarks in a manner likely to cause confusion as to the source or origin of any freecycling activities, services, or assistance. *See M2 Software, Inc. v. Madacy Entertainment,* 421 F.3d 1073, 1080 (9th Cir. 2005) ("The test of trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion.)

3.      <u>Plaintiff's Claim for Trademark Disparagement Is Unintelligible</u>

Plaintiff is not likely to succeed on its claim for trademark disparagement because Plaintiff has failed to show what it means by "trademark disparagement." For support of a claim for "trademark disparagement," Plaintiff cites to *Big O Tire Dealers v. Goodyear Tire & Rubber Co.,* 561 F.2d 1365, 1373 (10th Cir. 1977). That case, in turn, relied upon a 1951 Eighth Circuit "disbarment of title" case and two Colorado "slander of title" cases. Id. at 1373-74.

This rarely used, and even more rarely successful, claim for relief has been treated in various ways by the federal courts. The Central District of California, in *Trovan, Ltd v. Pfizer, Inc.,* 2000 WL 709149, at * 26 (C.D. Cal. May 24, 2000), referred to this aspect of *Big O Tire Dealers* as "Colorado's 'trademark disparagement' jurisprudence." The District of Vermont, in *Macia v. Microsoft Corp.* 335 F. Supp. 2d 507, 519 (D. Vt. 2004), referred to this aspect of *Big O Tire Dealers* as a claim akin to trademark infringement and requiring a showing a likelihood of confusion among consumers. The Middle District of Tennessee, in *WHS Entertainment*

**HAYES SOLOWAY P.C.**
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

———

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

*Ventures v. United Paperworkers Intern'l Union,* 997 F. Supp. 946, 953 (M.D. Tenn. 1998), referred to trademark disparagement as a claim as an early species of trademark dilution for tarnishment that is less demanding on the requirement of a likelihood of confusion but, in any event, has been replaced by the federal anti-dilution provisions that were added to § 43(c) of the Lanham Act.

Simply, when even the courts are in disagreement as to the requirements for successfully proving a case of "trademark disparagement," much less as to whether such a count even exists at law, how can Plaintiff plausibly assert that it can succeed on this count?

**B.     Plaintiff's Order Violates the Federal Rules of Civil Procedure and Tim Oey's Constitutional Rights**

1.     The Proposed Order Does Not Meet the Specificity Requirements of Fed.R.Civ.P 65(d)

This Court should not grant Plaintiff's proposed order because that order fall short of the requirements of Fed.R.Civ.P. 65(d), which provides:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; *shall describe in reasonable detail,* and not by reference to the complaint or other document, *the act or acts sought to be restrained;* and is binding only upon the parties to the action, their officers, agents. servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

"The primary purpose of Rule 65(d) is to assure adequate notice to parties faced with the possibility of contempt." *Davis* v. *City and County of San Francisco,* 890 F.2d 1438, 1450 (9th Cir. 1989).

> The specificity provisions of rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of

**HAYES SOLOWAY P.C.**
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

———

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree to vague to be understood.

*Fortyune v. American Multi-Cinema, Inc.,* 364 F.3d 1075, 1087 (9th Cir. 2004) (quoting *Schmidt v. Lessard,* 414 U.S. 473, 476 (1974)).

Language that merely enjoins a party to obey the law is not favored. *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.,* 824 F.2d 665, 669 (8th Cir. 1987) ("Broad language in an injunction that essentially requires a party to obey the law in the future is not encouraged and may be struck from an order"). In trademark actions, courts have struck down injunctions that merely prohibit a party from infringing a trademark or using a term that is confusingly similar.

*Id.* at 667 (disapproving of "likely to confuse, deceive, or mislead" that defendant's products are associated with, sponsored by, or otherwise affiliated with plaintiff); *John H Harland Co. v. Clarke Checks. Inc.,* 711 F.2d 966, 984-83 (11th Cir. 1983) (disapproving of "confusingly similar" trade dress or a trade dress "that is likely to cause confusion"). *See also* 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30.13 (2006) (discussing specificity required in injunctions regarding trademark law).

A reason why trademark injunctions need to comply with Rule 65(d) is that not every use of a trademarked word constitutes infringement. *Interactive Products Corp. v. a2z Mobile Office Solutions, Inc.,* 326 F.3d 687, 695 (6th Cir. 2003) (where trademark used only in a 'non-trademark' way — that is, in a way that does not identify the source of a product — then trademark infringement and false designation of origin laws do not apply"). *See also Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1150-52 (9th Cir. 2002) (contrasting classic fair use under § 33(b)(4) of the Lanham Act, 15 U.S.C. § 11 *15(b)(4),* with nominative fair use).

Plaintiff's proposed order does not meet the requirements of specificity under

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Fed.R.Civ.P. 65(d). The prohibitions reach broadly and encroach on non-trademark uses of "freecycle" and the fair use of "freecycle." There is simply no way to advise a client how to comply with the proposed order, except by instructing the client not to use "freecycle" in any context, for any purpose, or in any discussion, even though the client is entitled to non-trademark uses and fair uses of "freecycle."

Moreover, the language in the proposed preliminary injunction order is identical to the language in the TRO, which is now being strategically misinterpreted by Plaintiff. Plaintiff knew about Tim Oey's previous internet postings before Plaintiff filed this lawsuit. Plaintiff nonetheless failed to draft a proposed TRO that refers to those internet postings or describes any obligation to remove or modify those postings. Yet, Plaintiff somehow imagines that Tim Oey has failed to comply with the TRO, even though Tim Oey has assiduously refrained from using "freecycle" ever since the TRO issued. If Plaintiff cannot understand the proposed orders that it writes, Tim Qey certainly does not have notice of what may constitute contempt.

    2.    <u>The Proposed Order Constitutes an Impermissible Prior Restraint on Free Speech</u>

This Court should not grant the preliminary injunctive relief that Plaintiff seeks because that relief is an impermissible prior restraint on free speech. While an injunction that is narrowly tailored to prohibit trademark infringement is not a prior restraint that violates the First Amendment guarantee of free speech, *See Dr. Suess Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 n. 11, 1406 (9th Cir. 1997), where a plaintiff complains of non-commercial speech, regardless of its truth or falsity, an injunction violates the First Amendment guarantee of free speech. *Don mi international, S.P.A. v. Satec (U.S.A.) LLC*, 2004 WL 1574645, at *7 (S.D.N.Y. July 13, 2004) ("In essence, plaintiff is asking the Court to order

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Cleaners Family not to write about plaintiff in its magazine or elsewhere. Such a prior restraint of expression is subject to a heavy presumption against its constitutional validity.") (quotation and citation omitted).

Moreover, where a plaintiff complains of debate on matters of opinion that takes place in separate conversations, "The deceptive potentialities of alleged misstatements balanced against the restrictive impact of prior restraint on freedom of commercial speech must be evaluated —especially on an application for preliminary restraint to imposed prior to trial — based on the probable impact on those to whom the speech is are [sic] directed." *Licata & Co. Inc. v. Goldberg,* 812 F. Supp. 403, 408 (S.D.N.Y. 1993) (denying preliminary injunction on § 43(a) claim).

The relief that Plaintiff seeks aims at non-commercial speech that takes place in separate internet postings. The examples that Plaintiff provides of Tim Oey's alleged acts of contributory trademark infringement or unfair competition are, in reality, opinions critical of The Freecycle Network's treatment of local freecycling groups and Plaintiff's decision to take "freecycle" out of the public domain. Tim Oey's opinions are directed to experienced members of the freecycling community and do not constitute commercial speech. In none of the emails of which Plaintiff complains is there any chance that the audience would confuse Tim Oey (or FreecycleSunnyvale) with The Freecycle Network.

Simply, Tim Oey should not be denied the ability to voice his opinion that the grassroots freecycling movement should be allowed to use "freecycle," and its variations, as nouns to name their activities and participants, verbs to express their actions, and adjectives to describe themselves!

**HAYES SOLOWAY P.C.**
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

### C.  Plaintiff Has Shown No Irrevocable Harm!

The purpose of an injunction is to prevent future harm. *United States v. Oregon Med. Soc'y*, 343 U.S. 326, 333 (1952). Thus, a movant must show that irreparable harm will ensue if an injunction is not granted. *United States v. Nutri-Cology, Inc.*, 982 F. 2d 394 at 397. The party moving for injunctive relief must present clear evidence that there is cognizable danger of recurrent violation, not just mere apprehension. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). Plaintiff has summarily failed to meet this burden!

People are critical of The Freecycle Network. They don't like that Plaintiff has sought to trademark a generic term! They don't like that Plaintiff has taken a corporate sponsor they find objectionable! They don't like that Plaintiff has harassed and intimidated people who are trying to engage in a noble activity! They don't like that Plaintiff has dismissed anyone that criticizes the group! Simply they don't like The Freecycle Network.[18] The criticism of Plaintiff will not stop with this injunction, "freecycle" will continue to be a generic term used all over the internet, and new groups will continue to form and engage in freecycling. Taking away the rights of Tim Oey and FreecycleSunnyvale will not stop the mounting discontent with The Freecycle Network.

### V.  <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff's motion for preliminary injunction should be denied.

///

---

[18] See Wikipedia article, Appendix C, Tab 5.

**HAYES SOLOWAY P.C.**
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

DATED this 4th day of May, 2006.

HAYES SOLOWAY P.C.
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona  85718


By: _____/s/Ashley L. Kirk_____
                      Ashley L. Kirk
           *Attorney for Defendants*

Original of the foregoing
electronically filed this 4th
day of May, 2006, with:

The Clerk of the Court
U.S. District Court
405 W. Congress Street
Tucson, Arizona 85701


Copy of the foregoing
mailed this 4th day of
May, 2006, to:

Lisa Anne Smith, Esq.
Shefali Milczarek-Desai, Esq.
**DeConcini McDonald Yetwin & Lacy, P.C.**
2525 East Broadway, Suite 200
Tucson, AZ  85716-5300

Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Esha Bandyopadhyay, Esq.
Sean Boyle, Esq.
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, California  94025-1114


_____/s/Kim Good_____

**HAYES SOLOWAY P.C.**
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

———

175 CANAL STREET
MANCHESTER, NH  03101
TEL. 603.668.1400
FAX. 603.668.8567