HAYES SOLOWAY P.C.
Ashley Lynn Kirk, Arizona State Bar #021866
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona 85718
Telephone: (520) 882-7623
Facsimile: (520) 882-7643

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>TIM OEY and JANE DOE OEY,<br><br>Defendants. | No. CIV06-173-TUC-RCC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY OR TRANSFER** |

## I. INTRODUCTION

This is the second-filed of two lawsuits involving two organizations, both of whom operate not-for-profit and use the term "freecycle."[1] The plaintiff in this second-filed lawsuit, The Freecycle Network, Inc. ("TFN"), an Arizona corporation, has brought suit for trademark disparagement and related activities against Defendants Tim Oey and Jane Doe Oey ("Pat Oey").

---

[1] FreecycleSunnyvale ealier filed a declaratory relief action in the Northern District for the District of California, *FreecycleSunnyvale v. The Freecycle Network, Inc.,* Case No. C06-00324CW (N.D. Cal. filed January 18, 2006 - the "California Suit", seeking declaratory relief from TFN's actual and threatened enforcement of alleged trademark rights.) See Exhibit 1, Tab B. See also Exhibits 2 & 3: Declarations of Ian N. Feinburg and Dennis S. Corgill, respectively.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Defendant Tim Oey is a volunteer member and moderator of FreecycleSunnyvale, the plaintiff in the California Suit. Pat Oey is Tim wife. She is not involved with FreecycleSunnyvale, and has not been charged with any acts in the instant lawsuit.[2]

Defendants Tim Oey and Pat Oey bring this Motion for Change of Venue pursuant to 28 USC 1404 or in the alternative Stay to preserve judicial economy and maintain consistency between the Courts. No answer has been filed or discovery taken as of the date of filing of this Memorandum.

## II. INTRODUCTION AND FACTUAL BACKGROUND

Rather than repeat the factual background underlying this controversy, in the interest of judicial economy, the Court is respectfully directed to the Introduction and Factual Background set forth in Defendants' contemporaneously filed Memorandum of Points of Authorities in Opposition to Motion for Preliminary Injunction.

## III. STATE OF LAW

Ordinarily, a Plaintiff's choice of forum should be accorded "great weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir., 1987) (citing *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978)). However, "district courts have applied a 'general rule' that, in actions based on a claim of intellectual property infringement, a plaintiff's choice of forum is accorded little deference where the central facts of the lawsuit occur outside the plaintiff's chosen forum." *Sorensen v. DaimlerChrysler AG*, 2003 U.S. Dist. LEXIS 6294, 11-12 (D. Cal., 2003) Also see, e.g., *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1187-88 (N.D. Ill. 1983). And, in intellectual property cases "the preferred forum is that which is the center of the accused activity," i.e., the forum where the defendant is alleged to have developed, tested, researched, produced, marketed, and made

---

[2] See Exhibit 4: Declaration of Pat Oey.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

sales decisions concerning the accused product. See *S.C. Johnson & Son, Inc.*, at 1188 (holding preferred forum was district in which defendant conducted "all development, testing, research, and production" and made "virtually all marketing and sales decisions" concerning accused product); see also *Saint-Gobain Calmar, Inc. v. Nat'l Products Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002) (holding plaintiff's choice of forum entitled to less deference where "center of gravity of the alleged infringement" occurred in another forum where defendant assembled and shipped accused device).

In the case at bar, the burden of establishing that the case should be transferred is TFN's, and the transferee court must be a district where the case might have been brought. *Van Dusen v. Barrack*, 376 U.S. 612, 634, 84 S.Ct. 805, 809, 11 L.Ed. 2d. 945, 960 (1964). Further, a case may be transferred where criteria set forth in 28 USC 1404(a) for transfer of venue, i.e., the convenience of the parties; the convenience of witnesses; and the interest of justice, are met. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 2243, 101 L. Ed. 2d 22, 31 (1988); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000). However, in the Ninth Circuit, eight additional factors that may be considered by the district court when deciding whether to transfer:

(1) the location where the relevant agreements were negotiated and executed,

(2) the state that is most familiar with the governing law,

(3) the plaintiff's choice of forum,

(4) the respective parties' contacts with the forum,

(5) the contacts relating to the plaintiff's cause of action in the chosen forum,

(6) the differences in the costs of litigation in the two forums,

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

(8) the ease of access to sources of proof.

*Jones* at 498.

## IV. ARGUMENT

A. <u>THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER TIM OEY</u>

This Court should not proceed because this Court does not have personal jurisdiction over Tim Oey. The burden is on TFN to allege that this Court has personal jurisdiction. *Bach v. McDonnell Douglas, Inc.* 468 F.Supp. 521, 524 (D. Ariz. 1979) ("It is the plaintiff's burden to allege that a court has personal jurisdiction over a defendant.")

The Arizona Complaint is bereft of personal jurisdictions allegations. At most, TFN suggests that Tim Oey sits at his computer in Sunnyvale, California, and sends emails to online groups that are provided by Yahoo!, a corporation also in Sunnyvale. This activity falls far short of the kind of conduct that courts have found sufficient to establish personal jurisdiction in the internet context. *Park Inns Int'l. v. Pacific Plaza Hotels*, 5 F.Supp.2d 762, 763-64 (D. Ariz. 1998) ("purposeful availment exists if Defendants can be shown to have transacted business with Arizona consumers over the Internet [or] on Defendants' advertisements in web sites accessible to Arizona consumers.") *EDIAS Software Int'l. v Basis Int'l.*, 947 F. Supp. 413, 417 (D. Ariz. 1996) (allegedly defamatory email messages preceded by "substantial, ongoing relationship with [Arizona company], involving communications, visits to Arizona, sales, and Internet activities").

Courts have found that individuals, like Tim Oey, who simply place information on the Internet do not subject themselves to jurisdiction in each state into which the electronic signal is transmitted and received. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 715 (4th Cir. 2002) ("We are not prepared at this time to recognize that a State may obtain general jurisdiction over out-of-state persons who regularly and systematically transmit

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

electronic signals into the State via the Internet based solely on those transmissions. Something more would have to be demonstrated.")

TFN has not shouldered its burden to allege that this Court has personal jurisdiction over Tim Oey. For that reason alone, Tim and Pat Oey respectfully request that this Court decline to proceed.

B.     TFN COULD HAVE BROUGHT THIS ACTION IN THE TRANSFEREE COURT.

28 USC 1338(a) gives District Courts original jurisdiction over trademark cases. And, a transfer is proper when the transferee Court is able to exercise personal jurisdiction over the parties. Hatch v. Reliance Ins. Co. 758 F.2d 409, 414 (9th Cir. 1985), Cert. Denied, 474 U.S. 1021 (transfer was proper when properly could have been brought on transferee court); see 28 U.S.C. § 1404(a). Plaintiff, TFN has already submitted to jurisdiction in California and has filed counterclaims in the California Suit.[3] Thus, the California District Court could have asserted jurisdiction over this matter.

C. THE THREE STATUTORY CRITERIA OF 28 USC 1404(a) AND THE MAJORITY OF THE JONES FACTORS ESTABLISH THAT THIS CASE SHOULD BE TRANSFERRED TO CALIFORNIA

Generally, 28 USC 1404 is intended "to prevent waste 'of time, energy and money, ' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen* at 616, quoting *Continental Grain Co. v. The Barge, F.B.L.-585 et al.*, 364 U.S. 19, 26-27, 4 L. Ed. 2d 1540, 1475, 80 S. Ct. 1470, 1545 (1960). And, the principles underlying 28 USC 1404(a) and the Jones factors plainly mandate a transfer of this case to the Northern District for the District of California.

---

[3] See Exhibit 1, Tab J.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

1.   The Convenience Of The Parties And The Plaintiff's Choice Of Forum

The Northern District Court for the District of California has already exercised jurisdiction over the trademark at issue. Further, TFN has already filed its Answer and Counterclaims in the California Suit. Motions have been filed and ruled upon in the California Suit, and a mediator has been appointed in the California Suit.[4]

More significant however, is the burden of two different courts ruling on the merits of this case. There is the possibility of inconsistent validity and infringement rulings. And, both the Arizona and the California Courts will be burdened with the time and expense of trying two cases on essentially the same issues.

For these reasons it is clear that trying this case in California is in the best interest of all parties.

2.   The respective parties' contacts with the forum, the contact relating to the Plaintiffs' cause of action in the chosen forum, the differences in the costs of litigation in the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof.

The convenience of witnesses is "often the most important factor" governing the decision to transfer a case. *Sorensen* at 4-5; Also see *Steelcase Inc. v. Hayworth Inc.*, 41 U.S.P.Q. 2d 1468, 1470 (C.D. Cal. 1996).

The transfer to the Northern District for the District of California would be of great convenience for non-party witnesses, particularly individuals associated with FreecycleSunnyvale. In addition, witnesses would not have to testify in multiple depositions, participate in multiple discovery requests or testify multiple times in court.

3.   The Interest of Justice and Reduction in Costs is Best Served by Transfer

---

[4] See Exhibit 1, Tabs A-J.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

"[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990) (internal citations omitted). "The pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a change of venue." *Supco Automotive Parts, Inc., v. Triangle Auto Spring Co.*, 538 F. Supp. 1187, 1192 (E.D. Pa 1982) (citations omitted); see also *Schneider v. Sears*, 265 F. Supp. 257, 266-67 (S.D.N.Y. 1967) ("There is a strong policy favoring litigation of related claims in the same tribunal . . . ."). In addition, judicial economy is served by having two actions in the same district even if the actions are not consolidated. *See Fairfax Dental (Ireland), Ltd. v. S.J. Filhol, Ltd.*, 645 F. Supp. 89, 91-12 (E.D.N.Y. 1986); *Bally Mfg. Co. v. Kane*, 698 F. Supp 734, 739 (N.D. Ill. 1988) (discovery could be streamlined if related actions are in the same district). In the interests of justice, this Court should transfer this matter to the Northern District Court of the District of California because transfer and consolidation would avoid duplication of effort, waste of judicial resources and infliction of needless inconvenience, burden and expense upon the parties and witnesses.

A lawsuit involving the "FREECYCLE" trademark is well along in the District Court in California. As noted *supra*, in the California Suit TFN filed its answer and counterclaims, and a mediator has been appointed.[5]

A transfer would permit the California District Court to consolidate the cases and allow the Court, the witnesses and the parties to enjoy the resulting efficiencies and savings. Absent a transfer, the parties in the instant case will begin engaging in similar discovery as in the California lawsuit. Duplicative discovery would be a large burden and expense upon the

---

[5] See Exhibit 2: Declaration of Ian N. Feinberg.

7

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

parties and the witnesses, who would be required to participate in multiple depositions on similar material. However, perhaps more significantly is the risk of inconsistent ruling. Two separate Courts independently deciding issues such as validity and infringement of the same alleged mark, in this complex, contentious litigation chance inconsistent adjunction. *National Super Spuds, Inc. v. New York Mercantile Exchange*, 425 F. Supp. 665, 667 (S.D.N.Y., 1977). Thus, to best serve justice and judicial economy, this case should be transferred to allow consolidation.

Therefore, transferring the instant action will promote judicial economy regardless if the cases are eventually consolidated.

D.  THIS COURT SHOULD EXERCISE DISCRETION UNDER THE "FIRST TO FILE" RULE AND NOT ENTERTAIN TFN'S MOTION FOR A PRELIMINARY INJUNCTION

This Court should dismiss, transfer, or stay this lawsuit under the "first to file" rule. The "first to file" rule provides that when lawsuits involving the same parties and issues are pending in two courts, the first action should be allowed to proceed to judgment. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). District courts in the Ninth Circuit recognize that "courts generally do not require identical issues or parties so long as the actions involve closely related questions or common subject matter." *Centocor, Inc., et al. v. Medimmune, Inc.*, 2002 U.S. Dist. LEXIS 21109, 3 (N.D. Cal. Oct. 22, 2002) *citing Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness*, 46 U.S.P.Q.2d 1344, 1346 (C.D. Cal. 1998).

Although application of the "first to file" rule is subject to the sound discretion of the court, "The party filing the second action must demonstrate the existence of special circumstances to overcome the strong presumption of the first-filed action." *Centocor, Inc., et al.* 2002 U.S. Dist. LEXIS 21109, at 3. "[T]he circumstances under which an exception to the

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

8

first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade Inc.*, 946 F.2d at 628.

TFN's Arizona lawsuit is precisely the kind of lawsuit for which the "first to file" rule was intended. The California lawsuit was the first-filed, having been filed on January 18, 2006. The Arizona lawsuit was later-filed on April 4, 2006.

The parties to the lawsuit are essentially the same. TFN, the plaintiff in the Arizona lawsuit, is the defendant and counterclaimant in the California lawsuit. FreecycleSunnyvale, the plaintiff in the California lawsuit, is a California unincorporated association that can act only through its members, one of whom is Tim Oey. FreecycleSunnyvale and Tim Oey are joined at the hip. As demonstrated by the recent dispute over the unclear meaning and reach of the TRO, TFN treats FreecycleSunnyvale and Tim Oey as the same party. When TFN wanted to complain that Tim Oey had failed to comply with the Arizona TRO, TFN contacted counsel for FreecycleSunnyvale in the California lawsuit, not counsel for Tim Oey in the Arizona lawsuit.[6]

The issues are the same. In both lawsuits, TFN has filed claims for contributory infringement and for unfair competition, all arising out of the same facts. In the California lawsuit, FreecycleSunnyvale seeks a declaration of non-infringement and, in the alternatives, that "freecycle" is generic or that TFN engaged in naked licensing. FreecycleSunnyvale's declaratory relief claim, once decided, would effectively remove the fundamental issue that underlies both lawsuits, that is, whether TFN has a protectable trademark interest in "freecycle."

TFN cannot demonstrate an exception to the "first to file" rule due to special circumstances or bad faith because TFN is the one guilty of bad faith. First, TFN filed the

---

[6] See Exhibit 3: Declaration of Dennis S. Corgill.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Arizona lawsuit only after Judge Wilken disappointed TFN at a hearing on March 31,2006, by denying TFN's motion to dismiss FreecycleSunnyvale's declaratory relief claim and then referred the parties to mediation.[7] TFN is 'judge shopping.' Further, TFN intentionally put Tim Oey at a disadvantage at this Court's hearing on April 23, 2006, by strategically delaying service of its complaint and motions for preliminary relief until 7:35 p.m. on April 20, 2006. TFN's failure to notify Tim Oey through FreecycleSunnyvale's counsel is inexplicable, especially given that TFN quickly contacted FreecycleSunnyvale's counsel about Tim Oey's alleged failure to comply with the TRO.

E. ALTERNATIVELY THE INSTANT CASE SHOULD BE STAYED

Many of the above factors favoring transfer also favor a stay. The accused activities are the same both in this case and the suit filed in California. The issues of trademark validity and infringement are identical in both this case and the suit filed in California. Moreover, judicial economy in terms of costs and duplicated effort will be best served if issues of infringement and validity are determined in one jurisdiction. Additionally, the Action here involves only a peripheral defendant, an individual volunteer member and moderator of the plaintiff in the California Suit, FreecycleSunnyvale, and his wife. Thus, a Stay is appropriate. See *James Scott Gassaway and Anchor Pad International, Inc. v. Business Machine Security and John R. Umberg and Gregg Umberg*, 9 USPQ 2d 1572, 1988 U.S. Dist. LEXIS 16064 (C.D. C.A. 1988).

It is therefore submitted that to best serve the interest of justice, this Court should transfer the instant case to the Northern District for the District of California, or stay the instant case pending final disposition of the case in California.

---

[7] See Exhibit 3: Declaration of Dennis S. Corgill

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

## CONCLUSION

Defendants Tim and Pat Oey respectfully request this Court to dismiss the lawsuit filed in Arizona in favor of the first-filed action in California. If this court decides not to dismiss the lawsuit filed in Arizona, Defendants Tim and Pat Oey request, in the alternative, that this Court transfer the Arizona lawsuit to the Northern District of California under 28 U.S.C. §1404(a) or, in the second alternative, to stay proceedings in the District of Arizona until the conclusion of the proceedings in the Northern District of California.

DATED this 4th day of May, 2006.

                                          HAYES SOLOWAY P.C.
                                          3450 E. Sunrise Drive, Suite 140
                                          Tucson, Arizona 85718

                                          By:        /s/Ashley L. Kirk
                                                       Ashley L. Kirk
                                                       *Attorney for Defendants*

Original of the foregoing
electronically filed this 4th
day of May, 2006, with:

The Clerk of the Court
U.S. District Court
405 W. Congress Street
Tucson, Arizona 85701


Copy of the foregoing
mailed this 4th day of
May, 2006, to:

Lisa Anne Smith, Esq.
Shefali Milczarek-Desai, Esq.
**DeConcini McDonald Yetwin & Lacy, P.C.**
2525 East Broadway, Suite 200
Tucson, AZ 85716-5300

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Esha Bandyopadhyay, Esq.
Sean Boyle, Esq.
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, California 94025-1114

    /s/Kim Good

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567