1  Complaint ¶ 29.  Defendant had previously filed a trademark application with the United States

2  Patent and Trademark Office ('USPTO"), seeking registration of a stylized version of "freecycle"

3  but not disclaiming rights to "freecycle" apart from the stylized version.  Complaint ¶ 23, Exhibit

4  1.  Defendant's application is pending.  Complaint ¶ 23.  The November 1st email, which

5  addressed Plaintiff as, "Owner of the Yahoo group 'freecyclesunnyvale,' " invited Plaintiff to

6  continue to promote freecycling, provided that Plaintiff used "a name that is not confusingly

7  similar to Freecycle."  Complaint, Exhibit 7.

8       On or about November 14, 2005, Defendant sent another email to Plaintiff in Sunnyvale,

9  this time styled as a "second and final notification to cease and desist using the trademark-

10 protected Freecycle(TM) name and logo [and] any confusingly similar derivations thereof."

11 Complaint ¶¶ 31, Exhibit 9.  That email, which also addressed Plaintiff as "Owner of the Yahoo

12 group 'freecyclesunnyvale,' " threatened that "a trademark . . . infringement report will be filed

13 with Yahoo" within forty-eight hours.  *Id.*

14      Defendant followed through with its November 14th email threat.  Defendant sent a

15 communication into this District, falsely claiming to Yahoo! that Plaintiff violated Defendant's

16 trademark rights.  Complaint ¶ 32.  As a result, Yahoo! terminated Plaintiff's online group service

17 account, which rendered Plaintiff unable to assist freecyclers in the Sunnyvale area.  Complaint

18 ¶¶ 33, 34, 35, Exhibit 10.

19      On January 18, 2006, Plaintiff filed this lawsuit, alleging just two claims for relief, both of

20 which Defendant seeks to dismiss.  The first seeks a declaration that Plaintiff's use of the terms,

21 "freecycle" and "freecycling," do not constitute trademark infringement or, in the alternatives,

22 that those terms are generic or that Defendant engaged in naked licensing.  Complaint ¶¶ 39, 40,

23 41.  As to this claim, Defendant asserts that Plaintiff has no "reasonable apprehension" of a

24 lawsuit and that Plaintiff must first exhaust administrative remedies before the United States

25 Patent and Trademark Office ("USPTO").  Both grounds for dismissal are specious.

26      The second claim seeks damages for intentional interference with business relations when

27 Defendant intentionally caused Yahoo! to terminate an existing contract.  Complaint ¶¶ 49.  As to

28 this claim, Defendant contends that Plaintiff has not alleged that Defendant's interference was

-3-

"wrongful" or that Plaintiff suffered a "pecuniary loss." Again, there is no basis for dismissal, this time because Defendant confuses interference with a *prospective business advantage*, which requires an act "wrongful in itself," with the interference with an ***existing business relationship***, like Plaintiff's relationship with Yahoo!, which contains no such requirement.

## IV.  ARGUMENT

### A.  Plaintiff Has Stated A Claim For Declaratory Relief

Plaintiff's declaratory relief claim is predicated upon a present, actual controversy that placed Plaintiff in reasonable apprehension that Defendant will seek to enforce its claim to an unregistered trademark under § 43(a) of the Lanham Act, 15 U.S.C. 1125(a). Defendant does not, and cannot, argue that any element necessary for a § 43(a) trademark infringement claim is missing from Defendant's threatening emails. *See Sun Microsystems, Inc. v. Microsoft, Corp.*, 999 F. Supp. 1301, 1308 (N.D. Cal. 1998) (listing elements). Nor does Defendant argue that Plaintiff, which accurately describes its activities in Sunnyvale as assisting freecyclers to freecycle, can avoid a collision course that will result in a trademark infringement action. Rather, Defendant tries to downplay its threatening emails and its interfering acts.

#### 1.  Plaintiff has a reasonable apprehension that Defendant will file a federal trademark infringement action.

Defendant asserts that the "reasonable apprehension" test for standing to seek declaratory relief requires a direct threat of litigation. It most certainly does not. In declaratory relief actions involving trademark infringement, an indirect threat is sufficient. *Menashe v. V Secret Catalogue, Inc.*, 2006 WL 47665, at * 7 (S.D.N.Y. Jan. 10, 2006) ("indirect threat"). *See also Ritz Hotel, Ltd. v. Shen Manufacturing Co.*, 384 F. Supp. 2d 678, 682 (S.D.N.Y. 2005) ("Because declaratory judgment actions are particularly useful in resolving trademark disputes . . . the finding of an actual controversy should be determined with some liberality") (quotation omitted).

Here, Defendant sent two threatening emails into this District, invoking the language of trademark infringement law and delivering non-negotiable ultimatums for Plaintiff to quit using "freecycle," or else. In the second email, Defendant gave Plaintiff forty-eight hours to "cease and desist" using "any confusingly similar derivations" of "freecycle," or else Defendant would seek

-4-

extra-judicial self-help by filing, in this District, a "trademark . . . infringement report" with Yahoo! Defendant then sent the threatened communication to Yahoo! in this District, and Yahoo! terminated Plaintiff's online group service account as a direct result of Defendant's actions.[1]

Defendant cites only one trademark case where a "reasonable apprehension" was not found,[2] but that case is so factually dissimilar that it actually supports Plaintiff. In *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 829 (E.D. Va. 2001), the court concluded by stating that, "A case or controversy cannot be manufactured out of a single cease-and-desist letter that invites negotiation and does not threaten litigation." The *Dunn* court also noted, without considering § 43(a), that the declaratory-relief defendant could not file an infringement lawsuit. *Id.* at 828 & n.14. Here, Defendant's two emails issued non-negotiable ultimatums and threatened a trademark infringement report to Yahoo! Defendant did not invite negotiation. Defendant's threats clearly encompass all of the elements necessary to bring an action under § 43(a).

In far less threatening situations, courts have found a "reasonable apprehension" of suit. For example, in another case cited by Defendant, the declaratory-relief defendant, who had registered its own trademark, sent a single letter declaring an intent to file an opposition to the declaratory-relief plaintiff's application to register a confusingly similar mark. *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396-97 (9th Cir. 1982) (reasonably infers "a threat of an infringement action"). *See also PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 79 (1st Cir. 1996) (threat to file state lawsuit under corporate name statute created reasonable apprehension of

---

[1] Defendant is, at best, disingenuous when representing that, "the complaint fails to state how this threat was made, whether it was implicit or explicit, when the threat was made, or any other facts sufficient to give [Defendant] fair notice on this element of Plaintiff's claim." Motion to Dismiss, at 4:17-19. Plaintiff not only alleges that Defendant sent the two threatening emails and caused the termination of Plaintiff's online group service account, but Plaintiff actually attached the threatening emails as Exhibits to the Complaint.

[2] Defendant cites *Windsurfing International, Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987), where the court did not find a case or controversy necessary for declaratory relief, but based its decision on the separate ground that the declaratory-relief plaintiff must engage in conduct which brings it into an adversarial conflict with the declaratory-relief defendant.

-5-

PLAINTIFF FREECYCLE SUNNYVALE'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
Case 4:06-cv-00173-RCC    Document 27-5    Filed 05/05/2006    Page 3 of 35    C06-00324 CW

1    federal trademark infringement lawsuit under § 43(a)); *Caesar's World, Inc. v. Milanian*, 247 F.

2    Supp. 2d 1171, 1191 (D. Nev. 2003) (telephone call asserting infringement, letter stating belief in

3    potential trademark claims, and refusal to abandon intent to use applications).

4    **2.    This Court should entertain Plaintiff's claim for declaratory relief.**

5    This is precisely the kind of case for which declaratory relief was intended.  Declaratory

6    relief is not intended for cases where the issues are "nebulous or contingent." *Public Service*

7    *Comm'n v. Wycoff Co.*, 344 U.S. 237, 243 (1952).  Here, the declaratory relief issues are

8    straightforward and clear:  does Plaintiff infringe upon any trademark rights by using, in its

9    Sunnyvale operations, the word "freecycle" or any of its derivations?  Moreover, the actual case

10   and controversy arose when Defendant filed a trademark infringement report in this District with

11   Yahoo!, thereby shutting down the FreecycleSunnyvale Yahoo! users group and causing actual

12   injury to Plaintiff.  Declaratory relief is appropriate so that Plaintiff may remove the threat of

13   trademark liability before investing its limited time and resources in efforts to assist freecyclers in

14   the Sunnyvale area to freecycle.  *See Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 597 (2d Cir.

15   1996) (narrow view of declaratory relief would "require Starter to go to substantial expense in the

16   manufacture, marketing, and sale of its footwear, and subject itself to considerable liability for a

17   violation of the Lanham Act before its right to even engage in this line of commerce would be

18   adjudicated").

19   In Defendant's view, it can assert trademark claims against freecyclers with impunity.  It

20   can even cause the principal web-based facility for organizing groups, Yahoo! groups, to

21   terminate freecyclers without any exposure even to a claim for declaratory relief.  Fortunately for

22   freedom of expression, that is not the law and Defendant's motion must be denied.

23   **3.    This case should be allowed to proceed.**

24   Defendant asserts that this Court should not entertain Plaintiff's claim for declaratory

25   relief because (1) Plaintiff has "not exhausted the administrative procedures" in Plaintiff's

26   opposition proceeding in the PTO, and (2) Plaintiff is a non-profit which does not charge for its

27   services,  and therefore "[p]laintiff will not be harmed by any delay caused by dismissal of its

28   complaint."  Both arguments are wrong.

-6-

1    First, as a matter of law, an opposition proceeding before the USPTO is not an

2    administrative remedy, and only administrative remedies are subject to the exhaustion doctrine.

3    *See Red Lobster Inns of America, Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 968 (5th

4    Cir. 1975) ("opposition proceedings before the United States Patent Office did not constitute a

5    claim of infringement"). Defendant deliberately conflates its right to register its trademark, which

6    is the subject of the opposition proceeding before the USPTO, with its right to assert trademark

7    rights under Section 43 of the Lanham Act, which is not the subject of the USPTO opposition.

8    Moreover, Defendant's argument turns the registration process on its head: in Defendant's world,

9    it is free to assert with impunity the right to control the freecycle term unless and until the

10   USPTO rules that the term is not registerable by Defendant. In other words, Defendant believes it

11   should get all the benefits of a trademark registration, and Plaintiff should lay prostrate at

12   Plaintiff's feet, until the USPTO determines that Defendant is not entitled to a registration. That

13   is not the law. *Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848, 851-54 (2d Cir.

14   1988) (because courts regularly adjudicate trademark issues, primary jurisdiction doctrine does

15   not warrant stay of declaratory relief action pending TTAB registration proceeding); *E.&J. Gallo*

16   *Winery v. F.&P. S.p.A.*, 899 F. Supp. 465, 467-68 (E.D. Cal. 1994) (primary jurisdiction doctrine

17   does not warrant stay of trademark action pending cancellation proceedings). *Cf. Stuhlbarg*

18   *International Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 838 (9th Cir. 2001)

19   (trademark action allowed to proceed while goods detained by U.S. Customs Service because

20   "administrative process left [declaratory-relief plaintiff] without any remedy during detention

21   period").

22   Second, and more importantly, Plaintiff and the freecycling public already have been

23   injured by Defendant's acts causing Yahoo! to remove the Yahoo! group "FreecycleSunnyvale"

24   from its website, based on Defendant's assertion of trademark infringement. As a direct result of

25   Defendant's acts, freecyclers cannot easily find freecycled goods and opportunities, because there

26   is no longer a "FreecycleSunnyvale" group listing those products and opportunities. Freecyclers

27   and the public should not have to wait for a determination by the TTAB that "freecycle" is not

28   registrable for easy access to freecycled goods and opportunities.

**B.**     **Plaintiff Has Stated A Claim For Tortious Interference With An Existing Contract**

Plaintiff's claim for damages is based upon Defendant's intentional interference with its then existing contract with Yahoo! which caused Yahoo! to terminate Plaintiff's online group service account. Defendant does not deny, because the record is clear, that it intentionally caused this contract to terminate. Rather, Defendant claims that Plaintiff has not alleged that Defendant's conduct was "wrongful" or that Plaintiff has not alleged a "pecuniary loss." Both contentions conflate interference with *prospective* business advantage, which Plaintiff does not allege, with interference with an ***existing*** business relationship, which Plaintiff does assert. Moreover, even were the Court to dismiss the first claim, this Court should permit Plaintiff to amend to add allegations that demonstrate diversity jurisdiction in this matter between a California unincorporated association and an Arizona corporation.

**1.**     **Interference with an existing contract does not require wrongfulness apart from the interference.**

California law, on which Defendant relies, distinguishes interference with a prospective economic advantage from interference with an existing contract: "[W]hile intentionally interfering with an existing contract is a wrong in and of itself, intentionally interfering with a plaintiff's prospective economic advantage is not." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158 (2003). As explained by the principal case on which Defendant relies: "Because interference with an existing contract receives greater solicitude than does interference with prospective economic advantage, it is not necessary that the defendant's conduct be wrongful apart from the interference with the contract itself." *Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998).

Here, Plaintiff alleges that it had an existing contract with Yahoo! for an online group service account and that Defendant intentionally caused Yahoo! to terminate that contract. Because Plaintiff alleged interference with an existing contract, there is no further requirement to allege wrongfulness. *Compare RHL Industries v. SBC Communications, Inc.*, 133 Cal. App. 4th 1277, 1286-87 (2005) ("plaintiff seeking to recover for alleged interference with prospective

-8-

1  economic relations has the burden of pleading and proving that the defendant's interference was

2  wrongful by some measure beyond the fact of the interference itself") (quotation omitted) *with*

3  *Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 238 (2005) ("Proof that the

4  interfering conduct was wrongful independently from the interference itself is not required to

5  recover for interference with contractual relations.")

6          **2.      Plaintiff was damaged because Defendant rendered Plaintiff unable to**

7                  **assist freecyclers in the Sunnyvale area.**

8          Defendant objects that Plaintiff has not alleged a "pecuniary loss," but Defendant is wrong

9  as a matter of law.  To allege damages for a California cause of action, "the absence of a specific

10 amount from the complaint is not necessarily fatal as long as the pleaded facts entitle the plaintiff

11 to relief." *Furia v. Helm*, 111 Cal. App. 4[th] 945, 957 (2003).  The RESTATEMENT (SECOND) OF

12 TORTS (1979), on which Defendant relies for this "pecuniary loss" argument, recognizes a broad

13 array of the kinds of damages that entitle a plaintiff to relief for tortious interference.  *Id.* at §

14 774A (tortious interference damages include "pecuniary loss of the benefits of the contract,"

15 "consequential losses," and "emotional distress or actual harm to reputation").

16         Defendant asks this Court to infer from the web page for a new Yahoo! online group

17 service for freecycling, which does use that term as part of the group name, is "free," an inference

18 that improperly runs in Defendant's favor and contradicts Plaintiff's allegation that Plaintiff

19 provided consideration for its Yahoo! contract.  Even if Plaintiff's improper inference from

20 improper facts is somehow proper, the inference is irrelevant because it characterizes the facts as

21 a disruption in ongoing contractual service, which is sufficient to allege tortious interference.  *See*

22 *Ford Motor Credit Co. v. Daugherty*, 2005 WL 1366455, at *4 (E.D. Cal. May 27, 2005)

23 (damage element stated by alleging that plaintiff "was forced to temporarily cease operations as a

24 [dealer]") (applying California law).

25         **3.      Plaintiff should be allowed to allege diversity jurisdiction, if the Court**

26                  **were to dismiss Count 1.**

27         Defendant's final argument assumes that Plaintiff's declaratory relief claim will be

28 dismissed and argues that, without federal subject matter jurisdiction, there is no supplemental

-9-

1  jurisdiction for Plaintiff's state law tortious interference claim.  First, the assumption on which

2  this argument rests is wrong because Plaintiff has demonstrated that it has stated a claim for

3  declaratory relief based upon federal subject matter jurisdiction.  Second, even if this Court

4  dismisses the declaratory relief claim, Plaintiff should be granted leave to amend to add

5  allegations of the amount in controversy and the residences of Plaintiff's members to demonstrate

6  diversity jurisdiction between Plaintiff, a California unincorporated association, and Defendant,

7  an Arizona corporation whose principal place of business is Tucson, Arizona.  28 U.S.C. § 1332.

8  *See also Trew, supra*, 404 F. Supp. 2d at 1177 ("When granting a motion to dismiss, a court is

9  generally required to grant a plaintiff leave to amend[.]")

10 **V.    CONCLUSION**

11        For the reasons stated above, Plaintiff FreecycleSunnyvale respectfully requests this Court

12 to deny Defendant's Motion to Dismiss in its entirety.

13

14 Dated: March 9, 2006                    MAYER, BROWN, ROWE & MAW LLP

15                                         IAN N. FEINBERG
                                          ERIC B. EVANS
16                                         DENNIS S. CORGILL

17

18                                         By:  _____Ian N. Feinberg_____
                                                            /s/
19

20                                         Attorneys for Plaintiff
                                           FREECYCLESUNNYVALE
21

22

23

24

25

26

27

28

-10-

## Responses and Replies
4:06-cv-00324-CW FreecycleSunnyvale v. The Freecycle Network

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available*** .
See the FAQ posting "I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink..." on the ECF home page at

The following transaction was received from Feinberg, Ian N. on 3/9/2006 at 1:30 PM PST

| | |
|---|---|
| **Case Name:** | FreecycleSunnyvale v. The Freecycle Network |
| **Case Number:** | 4:06-cv-324 |
| **Filer:** | FreecycleSunnyvale |
| **Document Number:** | 11 |

**Docket Text:**
Memorandum in Opposition re [10] MOTION to Dismiss *Complaint Under Rule 12(b)(6) CORRECTION OF DOCKET #[5]* filed byFreecycleSunnyvale. (Feinberg, Ian) (Filed on 3/9/2006)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**\\pal-fs01\home\cp010737\My Documents\2006-3-9 Oppos of FreecycleSunnyvale.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=3/9/2006] [FileNumber=2464714-0] [ 800e095187e6296a56774fc29d837a7ae98f18acadb324c006a8d066aaf56f4476f4d5 20820c1abed43851423643dc9a0e3efeae5288a489c26df9132898eb4b]]

**4:06-cv-324 Notice will be electronically mailed to:**

Eric Evans     eevans@mayerbrownrowe.com, cpohorski@mayerbrownrowe.com

Ian N. Feinberg     ifeinberg@mayerbrownrowe.com, cpohorski@mayerbrownrowe.com

Lisa Kobialka     lkobialka@perkinscoie.com

**4:06-cv-324 Notice will NOT be electronically mailed to:**

# Tab 5

Defendant's Request for Judicial Notice

Case No. CIV 06-00173-TUC-RCC
United States District Court
District of Arizona

FN 3/16

1  PAUL J. ANDRE, BAR NO. 196585
   (pandre@perkinscoie.com)
2  LISA KOBIALKA, Bar No. 191404
   (lkobialka@perkinscoie.com)
3  ESHA BANDYOPADHYAY, Bar No. 212249
   (ebandyopadhyay@perkinscoie.com)
4  SEAN M. BOYLE, Bar No. 238123
   (sboyle@perkinscoie.com)
5  PERKINS COIE LLP
   101 Jefferson Drive
6  Menlo Park, CA 94025
   Telephone:    (650) 838-4300
7  Facsimile:    (650) 838-4350

8  Attorneys for Defendant
   The Freecycle Network, Inc.

9

10                UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

14  FREECYCLESUNNYVALE, a California       CASE NO. C 06-00324 CW
    unincorporated association,
15                                          DEFENDANT THE FREECYCLE
                    Plaintiff,              NETWORK, INC.'S REPLY TO
16                                          PLAINTIFF'S OPPOSITION TO MOTION
         v.                                 TO DISMISS UNDER RULE 12(b)(6)
17
    THE FREECYCLE NETWORK, INC., an
18  Arizona corporation,

19                  Defendant.

20

21            I.    INTRODUCTION

22       Despite Plaintiff FreecycleSunnyvale's ("Plaintiff" or "FreecycleSunnyvale") illogical

23  arguments, conclusory statements, and mischaracterization of the facts, it has failed to adequately

24  plead the elements of its two causes of action against Defendant The Freecycle Network, Inc.

25  ("Defendant" or "The Freecycle Network"). Among other deficiencies, Plaintiff has established

26  neither the existence of a reasonable apprehension of suit nor the existence of damages necessary

27  to warrant declaratory judgment. Similarly, Plaintiff fails to establish sufficient damages to satisfy

28  the requirements of a claim for tortious interference with business relations. Finally, Plaintiff's

1    request for leave to amend appears to be nothing more than an act of desperation, in an attempt to

2    stall the inevitable – dismissal of its baseless claims.

3         Indeed, there is no basis in fact or law for either of the claims brought by Plaintiff, even if

4    those claims are viewed in a light most favorable to Plaintiff. Accordingly, The Freecycle

5    Network respectfully requests that Plaintiff's Complaint for Declaratory Judgment of Trademark

6    Noninfringement and Tortious Interference With Business Relations ("Complaint") be dismissed

7    with prejudice for failure to state a claim upon which relief may be granted.

8    **II.    ARGUMENT**

9    **A.    Plaintiff Fails to Adequately State a Claim for Declaratory Relief**

10       **1.    Plaintiff fails to establish the existence of a "reasonable apprehension of suit."**

11        Plaintiff's argument that it faced a "reasonable apprehension of suit" (and that declaratory

12   judgment is therefore an appropriate form of relief) is based entirely on two cease and desist e-

13   mails sent by The Freecycle Network to Plaintiff in an attempt to deter Plaintiff from further

14   infringement upon The Freecycle Network's legitimate trademark rights. Opposition at 4-5.

15        As an initial matter, Plaintiff grossly mischaracterizes these two cease and desist e-mails as

16   "threatening." *See* Opposition at 4. Plaintiff's mischaracterization is apparent from a mere

17   cursory glance at the e-mails themselves, which are attached as exhibits to Plaintiff's Complaint.

18   *See* Complaint, Exhibits 7 and 9. As stated in The Freecycle Network's moving papers, the e-

19   mails do not even go as far as to explicitly or implicitly mention litigation, let alone threaten

20   litigation. *See id.*; *see also* Defendant The Freecycle Network, Inc.'s Memorandum in Support of

21   Motion to Dismiss Complaint Under Rule 12(b)(6) ("Motion to Dismiss") at 4-5. Moreover, the

22   e-mails invite Plaintiff to work with The Freecycle Network in a mutually beneficial manner. *See*

23   *id.* Plaintiff conspicuously fails to address these facts in its Opposition. *See generally* Opposition

24   at 4-5.

25        Plaintiff cites several cases in which courts have granted declaratory relief. Opposition at

26   4-5. However, in each of the cases cited by Plaintiff, the Court bases its decision to grant

27   declaratory relief on a reasonable threat of an actual lawsuit. *See* Chesebrough-Ponds, Inc. v.

28   Faberge, Inc., 666 F.2d 393, 396-97 (9th Cir. 1982) (explaining that district courts look beyond

- 2 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO.: C 06-00324-RCC

1    cease and desist letters in determining whether "a threat of an infringement action" actually

2    exists); PHC, Inc. v. Pioneer Healthcare, Inc., 75 F.3d 75, 79 (1st Cir. 1996) (threat to file an actual

3    lawsuit under corporate name statute created a reasonable apprehension of trademark lawsuit).

4    Similarly, even in the Dunn case relied upon by Plaintiff, a reasonable apprehension of suit was

5    *not* found by the Court because a mere cease and desist letter that does not threaten litigation is

6    *in*sufficient. Dunn Computer Corp. v. Loudcloud, Inc., 133 F.Supp.2d 823, 829 (E.D.Va. 2001);

7    *see* Opposition at 5. While Plaintiff attempts to distinguish this case by equating The Freecycle

8    Network's informal infringement report filed with the Web site Yahoo! with a lawsuit filed in a

9    federal court (*see* Opposition at 5), this distinction is ludicrous.

10       In fact, beyond the two above-mentioned cease and desist letters which do not (explicitly

11    or implicitly) mention litigation, Plaintiff does not even attempt to allege a single fact indicating

12    that The Freecycle Network threatened Plaintiff with an actual lawsuit, as required by law to plead

13    a viable claim for declaratory relief.  *See* Hillblom v. United States, 896 F.2d 426, 430 (9th Cir.

14    1990); Central Montana Elec. Power Coop., Inc. v. Administrator of Bonneville Power Admin.,

15    840 F.2d 1472, 1474 (9th Cir. 1988); *see also* Chesebrough-Ponds, Inc. v. Faberge, Inc., 666 F.2d

16    393, 396-97 (9th Cir. 1982); PHC, Inc. v. Pioneer Healthcare, Inc., 75 F.3d 75, 79 (1st Cir. 1996);

17    Dunn Computer Corp. v. Loucloud, Inc., 133 F.Supp.2d 823, 829 (E.D.Va. 2001).

18       Accordingly, even if all facts alleged in Plaintiff's complaint are viewed in the light most

19    favorable to Plaintiff, Plaintiff is simply unable to meet the requirements for a cause of action

20    seeking declaratory relief.[1]  As such, Plaintiff's claim should be dismissed with prejudice.

21    ///

22    ///

23    ///

24    ///

25

26    [1]  In light of the arguments Plaintiff raised in its Opposition, it appears that Plaintiff is using its
       Complaint as an opportunity to request an advisory opinion from this Court as to whether The
27    Freecycle Network's trademarks are valid. Such advisory opinions are in violation of Article III,
       making dismissal of Plaintiff's Complaint appropriate. *See* Calderon v. Ashmus, 523 U.S. 740,
28    747 (1998) (holding that advance rulings do not ground a case or controversy).

- 3 -

2.    **Plaintiff fails to establish any adequate basis on which this Court should entertain Plaintiff's claim for declaratory relief.**

a.    **Plaintiff fails to articulate sufficient grounds for declaratory relief.**

Plaintiff argues in its Opposition that the Court should entertain Plaintiff's claim for declaratory judgment because there exists an actual case or controversy between Plaintiff and The Freecycle Network.  Opposition at 6.  An actual controversy exists only when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Central Montana Elec. Power Coop., Inc. v. Administrator of Bonneville Power Admin., 840 F.2d 1472, 1474 (9th Cir. 1988).  As discussed in detail above, however, Plaintiff has not, presumably because it cannot, plead facts sufficient to warrant declaratory judgment. *See supra* section II.A.1.  As such, Plaintiff cannot establish sufficient grounds for this Court to entertain Plaintiff's claims.[2]

As discussed in The Freecycle Network's moving papers, the Declaratory Judgment Act allows district courts discretion to decline to hear a request for declaratory judgment.  28 U.S.C. §2201; *see also* Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175 (1942) (holding that courts are authorized, not commanded, to declare rights under the Act); Motion to Dismiss at 5-6.  Given Plaintiff's failure to adequately plead a cause of action for declaratory relief, this Court should utilize this discretion and dismiss Plaintiff's claim for declaratory judgment with prejudice.

b.    **Plaintiff's failure to exhaust all remedies apart from declaratory relief is a waste of judicial resources.**

Plaintiff confuses arguments for judicial economy and exercise of discretion with the traditional doctrines of exhaustion of administrative remedies and abstention. *See* Opposition at 7. Courts may exercise discretion to not hear a case where judicial administration may be impacted.

---

[2]    Additionally, Plaintiff has already filed an opposition to The Freecycle Network's trademark application with the United States Patent and Trademark Office.  Motion at 3.  Accordingly, it is within the PTO's discretion to determine whether a trademark should issue.

- 4 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO.: C 06-00324 CW

1    28 U.S.C. § 2201(a); <u>Chamberlain v. Allstate Ins. Co.</u>, 931 F.2d 1361, 1367 (9th Cir. 1991).  To be

2    clear, The Freecycle Network moves the Court to dismiss the present action in an exercise of

3    judicial discretion.  *See* Motion to Dismiss at 6.  As stated clearly in The Freecycle Network's

4    moving papers, the pending opposition before the PTO represents yet another reason why

5    Plaintiff's Complaint should be dismissed, namely that administrative resources are already being

6    utilized for purposes of determining registrability of The Freecycle Network's trademark.  *See*

7    Motion to Dismiss at 6 and Exhibit 2 (Request for Judicial Notice).  Courts regularly defer to the

8    PTO in such situations, and courts should avoid importing an opposition proceeding into court

9    through the Declaratory Judgment Act.  <u>Topp-Cola Co. v. Coca-Cola Co.</u>, 314 F.2d 124, 126 (2nd

10   Cir. 1963) (Opposition to trademark registration should not be imported into court through use of

11   declaratory judgment action.); J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR

12   COMPETITION § 32:53 (4th ed.).  Moreover, dismissal of Plaintiff's Complaint will prevent

13   inconsistent results from parallel proceedings.

14          Additionally, the trademark opposition requires Plaintiff to take contrary legal positions.

15   Plaintiff alleges in its opposition before the PTO that The Freecycle Network failed to police its

16   mark by engaging in uncontrolled licensing.  *See* Motion to Dismiss at 6 and Exhibit 2 (Request

17   for Judicial Notice).  However, in its Complaint, Plaintiff alleges facts which clearly demonstrate

18   that The Freecycle Network is policing its trademark rights.  *See* Complaint at ¶¶ 29-32; Exhibits 7

19   and 9 (e-mail correspondence requesting that Plaintiff cease and desist from use of The Freecycle

20   Network's trademarks).  Accordingly, Plaintiff attempts to argue inconsistent legal theories before

21   separate tribunals.  This is not merely arguing a case in the alternative, it is attempting to create

22   inconsistent results.  It appears that the Court should dismiss this case simply to save Plaintiff

23   from itself.

24          Since Plaintiff already exercised its administrative option, it need not additionally waste

25   judicial resources.  Accordingly, The Freecycle Network requests that the Court exercise its

26   discretion (*see* 28 U.S.C. § 2201(a)) and clear this untimely case from its docket.

27   ///

28   ///

- 5 -

1           **c.**      **Plaintiff fails to establish that it will suffer any sort of harm as a result of dismissal of its Complaint.**

2

3           Plaintiff asserts in its Opposition that declaratory judgment is warranted in this matter

4  because Plaintiff has somehow been prevented from providing support to local community-based

5  recycling groups.  Opposition at 7 ("Plaintiff and the freecycling public already have been injured

6  by Defendant's acts causing Yahoo! to remove the Yahoo! group "FreecycleSunnyvale" from its

7  website.").  However, Plaintiff's conclusory statement lacks any sort of logical reasoning.  The

8  Freecycle Network does not dispute that it legitimately requested that the Yahoo! group

9  "FreecycleSunnyvale" be removed from the Yahoo! Web site because it included marks infringing

10  upon The Freecycle Network's legitimate trademark interests.  However, it is absurd to suggest

11  that this resulted in prevention of Plaintiff's efforts toward recycling.

12           To the contrary, The Freecycle Network stated clearly in its cease and desist e-mails that it

13  was merely asking Plaintiff to refrain from further infringing upon The Freecycle Network's

14  trademark rights.  *See* Complaint, Exhibits 7 and 9.  In fact, The Freecycle Network's first e-mail

15  requesting that Plaintiff cease and desist states specifically "[p]lease understand that our intent is

16  not to stop you or your group from gifting or exchanging unwanted items with fellow users.

17  [Y]ou are, or (sic) course, free to start your own gifting-based site under a name that is not

18  confusingly similar to Freecycle." *See* Complaint, Exhibit 7.  Similarly, in its second e-mail

19  requesting that Plaintiff cease and desist use of its trademark, The Freecycle Network stated "[a]s

20  we noted in our first letter, you are welcomed (sic) to continue the operation of a gifting or

21  exchange-oriented site similar to that operated by our organization." *See* Complaint, Exhibit 9.

22  Indeed, Plaintiff has been, in no way, prevented from providing support to local community-based

23  recycling groups.

24           In fact, as The Freecycle Network noted in its moving papers (and Plaintiff conspicuously

25  ignored in its Opposition), Plaintiff has already replaced its now-defunct Yahoo! Group Web site

26  with a new, free, Yahoo! Group under the name "SunnyvaleFree" to service the needs of the

27  recycling community, further undercutting any suggestion of harm.  *See* Motion to Dismiss at 6.

28  As such, even if it has to wait for a determination from the PTO regarding the FREECYCLE

- 6 -

1  mark, Plaintiff cannot legitimately allege facts sufficient to establish that it will suffer damage

2  should this suit be dismissed.  Accordingly, Plaintiff cannot meet the elements of a claim for

3  declaratory judgment, and Plaintiff's claim should therefore be dismissed with prejudice.

4  **B.**    **Plaintiff Fails to Adequately State a Claim for Tortious Interference with Business
         Relations**

5

6      **1.**    **Plaintiff fails to allege "damage" sufficient to assert a claim for tortious
             interference with business relations.**

7         Similar to its arguments relating to its claim for declaratory relief, Plaintiff argues that it

8  alleges the element of "resulting damage," as required to properly plead a claim of tortious

9  interference with business relations, by asserting that The Freecycle Network's actions have

10 somehow prevented Plaintiff from assisting local community-based recycling efforts.  (Opposition

11 at 9).

12        As an initial matter, Plaintiff does not appear to argue that it has suffered monetary damage

13 as a result of The Freecycle Network's conduct.[3]  Opposition at 9.  To the contrary, Plaintiff's

14 Complaint merely states that the Restatement (Second) of Torts recognizes a broad array of non-

15 pecuniary damages.  *Id.*  However, as stated in The Freecycle Network's moving papers, the

16 presence of pecuniary damages is a pleading requirement in a cause of action for tortious

17 interference with business relations.  Motion to Dismiss at 8; *see* Quelimane Co. v. Stewart Title

18 Guaranty Co., 19 Cal.4[th] 26, 55 (Cal. 1998).  Plaintiff's apparent admission that it cannot meet this

19 requirement confirms that it has not, because it cannot, plead facts to support a claim for tortious

20 interference with business relations.

21        Moreover, despite Plaintiff's argument that the Restatement (Second) of Torts recognizes

22 non-monetary damages in a cause of action for tortious interference with business relations, in any

23 case, Plaintiff ultimately fails to allege any non-pecuniary damages.  Although Plaintiff states that

24 The Freecycle Network's notification to Yahoo! of Plaintiff's trademark infringement resulted in

25

26 _____

27 [3] To this end, Plaintiff makes an unintelligible argument in which it states that "[e]ven if Plaintiff's
   improper inference from improper facts is somehow proper, the inference is irrelevant...."  Id.  It

28 is impossible to assess which of its own inferences Plaintiff now finds improper.  As such, The
   Freecycle Network cannot respond to this nonsensical statement.

- 7 -

1    Plaintiff's inability to use The Freecycle Network's trademarks, it does not automatically follow

2    that this, in turn, prevented Plaintiff from assisting local community-based recycling efforts.  As

3    discussed in detail above, The Freecycle Network encourages other groups to engage in the same

4    activities, and pursue the same goals, as those of The Freecycle Network.  Indeed, The Freecycle

5    Network's e-mails to Plaintiff plainly encouraged Plaintiff to start a gifting-based or exchange-

6    oriented site similar to The Freecycle Network's own site, as long as it did not infringe upon The

7    Freecycle Network's trademark rights.  *See* Complaint, Exhibits 7 and 9.

8        Thus, there appears no plausible explanation why Plaintiff could not continue to engage in

9    activities relating to community-based recycling efforts.  Once again, it therefore follows that

10   Plaintiff cannot plead facts sufficient to support a claim for tortious interference with business

11   relations.  Accordingly, Plaintiff's claim for tortuous interference should be dismissed with

12   prejudice.

13       **2.    Plaintiff fails to allege facts sufficient to assert diversity jurisdiction, and
             should not be granted leave to amend its Complaint in this regard.**
14

15       In its Opposition, Plaintiff inexplicably states that it should be granted leave to amend its

16   Complaint to allege diversity jurisdiction.  Opposition at 9-10.  Plaintiff introduces this argument

17   so that it can retain its state law claim for tortious interference with business relations before this

18   Court even in the event that the federal claim for declaratory judgment is dismissed.  *Id.*  However,

19   a court is not required to grant leave to amend a complaint if such leave would prove pointless.

20   Indeed, the Ninth Circuit has held that leave to amend can be denied solely on the basis of futility.

21   Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify

22   the denial of a motion for leave to amend."); Saul v. United States, 928 F.2d 829, 843 (9th Cir.

23   1991) (Leave to amend should be denied where amendment is futile or would be subject to

24   dismissal.).  Here, Plaintiff has not, because it cannot, alleged a single fact indicating that it has a

25   basis for newly alleging diversity jurisdiction.  To the contrary, the arguments made by Plaintiff in

26   its Opposition indicate that it cannot even properly allege diversity jurisdiction.

27       Specifically, to establish diversity jurisdiction, Plaintiff must establish that Plaintiff and

28   The Freecycle Network are citizens of different states and that the matter in controversy exceeds

- 8 -

1  the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. However, Plaintiff has

2  not asserted that there is any sum of money in controversy. To the contrary, Plaintiff specifically

3  asserts that the damage it has allegedly suffered is non-pecuniary. Opposition at 9. In particular,

4  Plaintiff alleges that the damage it suffered was the inability to assist those engaging in the

5  recycling of goods. *Id.*

6       In fact, Plaintiff even goes so far as to argue that alleging non-pecuniary damage is

7  sufficient for meeting the elements of a claim of tortious interference with business relations. *Id.*

8  at 9 (arguing that the Restatement (Second) of Torts recognizes a broad array of non-pecuniary

9  damages). As such, Plaintiff cannot possibly meet the threshold requirement of a matter in

10 controversy exceeding the sum of $75,000, as required to establish diversity jurisdiction.

11 Allowing Plaintiff leave to amend its Complaint to this end would therefore prove futile.

12      Accordingly, Plaintiff's request for leave to amend its Complaint to assert diversity

13 jurisdiction should be denied. As stated by The Freecycle Network in its moving papers, upon

14 dismissal of Plaintiff's claim for declaratory judgment, Plaintiff's state law claim for tortious

15 interference with business relations must also be dismissed for a lack of subject matter

16 jurisdiction. Motion to Dismiss at 9.

## III.   CONCLUSION

18      For the foregoing reasons, Plaintiff's Complaint against The Freecycle Network should be

19 dismissed with prejudice for failure to state a claim upon which relief may be granted.

21 DATED: March 16, 2006          **PERKINS COIE LLP**

23                               By _____/s/_____

24                               Paul J. Andre
                                 Lisa Kobialka
                                 Esha Bandyopadhyay
25                               Sean Boyle

26                               Attorneys for Defendant
                                 The Freecycle Network, Inc.

- 9 -

1   PAUL J. ANDRE, BAR NO. 196585
    (pandre@perksincoie.com)
2   LISA KOBIALKA, Bar No. 191404
    (lkobialka@perkinscoie.com)
3   ESHA BANDYOPADHYAY, Bar No. 212249
    (ebandyopadhyay@perkinscoie.com)
4   SEAN M. BOYLE, Bar No. 238123
    (sboyle@perkinscoie.com)
5   PERKINS COIE LLP
    101 Jefferson Drive
6   Menlo Park, CA 94025
    Telephone:    (650) 838-4300
7   Facsimile:    (650) 838-4350

8   Attorneys for Defendant
    The Freecycle Network, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13

14   FREECYCLESUNNYVALE, a California          CASE NO. C 06-00324 CW
     unincorporated association,
15                                             DEFENDANT THE FREECYCLE
                    Plaintiff,                 NETWORK, INC.'S REPLY TO
16                                             PLAINTIFF'S OPPOSITION TO MOTION
            v.                                 TO DISMISS UNDER RULE 12(b)(6)
17
     THE FREECYCLE NETWORK, INC., an
18   Arizona corporation,

19                  Defendant.

20

21           I.    INTRODUCTION

22       Despite Plaintiff FreecycleSunnyvale's ("Plaintiff" or "FreecycleSunnyvale") illogical

23   arguments, conclusory statements, and mischaracterization of the facts, it has failed to adequately

24   plead the elements of its two causes of action against Defendant The Freecycle Network, Inc.

25   ("Defendant" or "The Freecycle Network").  Among other deficiencies, Plaintiff has established

26   neither the existence of a reasonable apprehension of suit nor the existence of damages necessary

27   to warrant declaratory judgment.  Similarly, Plaintiff fails to establish sufficient damages to satisfy

28   the requirements of a claim for tortious interference with business relations.  Finally, Plaintiff's

1  request for leave to amend appears to be nothing more than an act of desperation, in an attempt to

2  stall the inevitable – dismissal of its baseless claims.

3        Indeed, there is no basis in fact or law for either of the claims brought by Plaintiff, even if

4  those claims are viewed in a light most favorable to Plaintiff.  Accordingly, The Freecycle

5  Network respectfully requests that Plaintiff's Complaint for Declaratory Judgment of Trademark

6  Noninfringement and Tortious Interference With Business Relations ("Complaint") be dismissed

7  with prejudice for failure to state a claim upon which relief may be granted.

8  **II.    ARGUMENT**

9  **A.    Plaintiff Fails to Adequately State a Claim for Declaratory Relief**

10      **1.    Plaintiff fails to establish the existence of a "reasonable apprehension of suit."**

11        Plaintiff's argument that it faced a "reasonable apprehension of suit" (and that declaratory

12  judgment is therefore an appropriate form of relief) is based entirely on two cease and desist e-

13  mails sent by The Freecycle Network to Plaintiff in an attempt to deter Plaintiff from further

14  infringement upon The Freecycle Network's legitimate trademark rights.  Opposition at 4-5.

15        As an initial matter, Plaintiff grossly mischaracterizes these two cease and desist e-mails as

16  "threatening."  *See* Opposition at 4.  Plaintiff's mischaracterization is apparent from a mere

17  cursory glance at the e-mails themselves, which are attached as exhibits to Plaintiff's Complaint.

18  *See* Complaint, Exhibits 7 and 9.  As stated in The Freecycle Network's moving papers, the e-

19  mails do not even go as far as to explicitly or implicitly mention litigation, let alone threaten

20  litigation.  *See id.*; *see also* Defendant The Freecycle Network, Inc.'s Memorandum in Support of

21  Motion to Dismiss Complaint Under Rule 12(b)(6) ("Motion to Dismiss") at 4-5.  Moreover, the

22  e-mails invite Plaintiff to work with The Freecycle Network in a mutually beneficial manner.  *See*

23  *id.*  Plaintiff conspicuously fails to address these facts in its Opposition.  *See generally* Opposition

24  at 4-5.

25        Plaintiff cites several cases in which courts have granted declaratory relief.  Opposition at

26  4-5.  However, in each of the cases cited by Plaintiff, the Court bases its decision to grant

27  declaratory relief on a reasonable threat of an actual lawsuit.  *See* <u>Chesebrough-Ponds, Inc. v.</u>

28  <u>Faberge, Inc.</u>, 666 F.2d 393, 396-97 (9th Cir. 1982) (explaining that district courts look beyond

- 2 -

1    cease and desist letters in determining whether "a threat of an infringement action" actually

2    exists); PHC, Inc. v. Pioneer Healthcare, Inc., 75 F.3d 75, 79 (1st Cir. 1996) (threat to file an actual

3    lawsuit under corporate name statute created a reasonable apprehension of trademark lawsuit).

4    Similarly, even in the Dunn case relied upon by Plaintiff, a reasonable apprehension of suit was

5    *not* found by the Court because a mere cease and desist letter that does not threaten litigation is

6    *in*sufficient. Dunn Computer Corp. v. Loudcloud, Inc., 133 F.Supp.2d 823, 829 (E.D.Va. 2001);

7    *see* Opposition at 5. While Plaintiff attempts to distinguish this case by equating The Freecycle

8    Network's informal infringement report filed with the Web site Yahoo! with a lawsuit filed in a

9    federal court (*see* Opposition at 5), this distinction is ludicrous.

10          In fact, beyond the two above-mentioned cease and desist letters which do not (explicitly

11   or implicitly) mention litigation, Plaintiff does not even attempt to allege a single fact indicating

12   that The Freecycle Network threatened Plaintiff with an actual lawsuit, as required by law to plead

13   a viable claim for declaratory relief. *See* Hillblom v. United States, 896 F.2d 426, 430 (9th Cir.

14   1990); Central Montana Elec. Power Coop., Inc. v. Administrator of Bonneville Power Admin.,

15   840 F.2d 1472, 1474 (9th Cir. 1988); *see also* Chesebrough-Ponds, Inc. v. Faberge, Inc., 666 F.2d

16   393, 396-97 (9th Cir. 1982); PHC, Inc. v. Pioneer Healthcare, Inc., 75 F.3d 75, 79 (1st Cir. 1996);

17   Dunn Computer Corp. v. Loucloud, Inc., 133 F.Supp.2d 823, 829 (E.D.Va. 2001).

18          Accordingly, even if all facts alleged in Plaintiff's complaint are viewed in the light most

19   favorable to Plaintiff, Plaintiff is simply unable to meet the requirements for a cause of action

20   seeking declaratory relief.[1] As such, Plaintiff's claim should be dismissed with prejudice.

21   / / /

22   / / /

23   / / /

24   / / /

25   ─────────────────────

26   [1]  In light of the arguments Plaintiff raised in its Opposition, it appears that Plaintiff is using its
     Complaint as an opportunity to request an advisory opinion from this Court as to whether The
27   Freecycle Network's trademarks are valid. Such advisory opinions are in violation of Article III,
     making dismissal of Plaintiff's Complaint appropriate. *See Calderon v. Ashmus*, 523 U.S. 740,
28   747 (1998) (holding that advance rulings do not ground a case or controversy).

- 3 -

1
2
**2.   Plaintiff fails to establish any adequate basis on which this Court should entertain Plaintiff's claim for declaratory relief.**

3
**a.   Plaintiff fails to articulate sufficient grounds for declaratory relief.**

4   Plaintiff argues in its Opposition that the Court should entertain Plaintiff's claim for

5   declaratory judgment because there exists an actual case or controversy between Plaintiff and The

6   Freecycle Network.  Opposition at 6.  An actual controversy exists only when "the facts alleged,

7   under all the circumstances, show that there is a substantial controversy, between the parties

8   having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

9   declaratory judgment."  <u>Central Montana Elec. Power Coop., Inc. v. Administrator of Bonneville</u>

10   <u>Power Admin.</u>, 840 F.2d 1472, 1474 (9th Cir. 1988).  As discussed in detail above, however,

11   Plaintiff has not, presumably because it cannot, plead facts sufficient to warrant declaratory

12   judgment.  *See supra* section II.A.1.  As such, Plaintiff cannot establish sufficient grounds for this

13   Court to entertain Plaintiff's claims.[2]

14   As discussed in The Freecycle Network's moving papers, the Declaratory Judgment Act

15   allows district courts discretion to decline to hear a request for declaratory judgment.  28 U.S.C.

16   §2201; *see also* <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175

17   (1942) (holding that courts are authorized, not commanded, to declare rights under the Act);

18   Motion to Dismiss at 5-6.  Given Plaintiff's failure to adequately plead a cause of action for

19   declaratory relief, this Court should utilize this discretion and dismiss Plaintiff's claim for

20   declaratory judgment with prejudice.

21
22
**b.   Plaintiff's failure to exhaust all remedies apart from declaratory relief is a waste of judicial resources.**

23   Plaintiff confuses arguments for judicial economy and exercise of discretion with the

24   traditional doctrines of exhaustion of administrative remedies and abstention.  *See* Opposition at 7.

25   Courts may exercise discretion to not hear a case where judicial administration may be impacted.

26

27
28
[2]   Additionally, Plaintiff has already filed an opposition to The Freecycle Network's trademark application with the United States Patent and Trademark Office. Motion at 3. Accordingly, it is within the PTO's discretion to determine whether a trademark should issue.

- 4 -

1 | 28 U.S.C. § 2201(a); <u>Chamberlain v. Allstate Ins. Co.</u>, 931 F.2d 1361, 1367 (9th Cir. 1991). To be
2 | clear, The Freecycle Network moves the Court to dismiss the present action in an exercise of
3 | judicial discretion. *See* Motion to Dismiss at 6. As stated clearly in The Freecycle Network's
4 | moving papers, the pending opposition before the PTO represents yet another reason why
5 | Plaintiff's Complaint should be dismissed, namely that administrative resources are already being
6 | utilized for purposes of determining registrability of The Freecycle Network's trademark. *See*
7 | Motion to Dismiss at 6 and Exhibit 2 (Request for Judicial Notice). Courts regularly defer to the
8 | PTO in such situations, and courts should avoid importing an opposition proceeding into court
9 | through the Declaratory Judgment Act. <u>Topp-Cola Co. v. Coca-Cola Co.</u>, 314 F.2d 124, 126 (2nd
10 | Cir. 1963) (Opposition to trademark registration should not be imported into court through use of
11 | declaratory judgment action.); J. THOMAS MCCARTHY, <u>MCCARTHY ON TRADEMARKS AND UNFAIR</u>
12 | <u>COMPETITION</u> § 32:53 (4th ed.). Moreover, dismissal of Plaintiff's Complaint will prevent
13 | inconsistent results from parallel proceedings.

14 |     Additionally, the trademark opposition requires Plaintiff to take contrary legal positions.
15 | Plaintiff alleges in its opposition before the PTO that The Freecycle Network failed to police its
16 | mark by engaging in uncontrolled licensing. *See* Motion to Dismiss at 6 and Exhibit 2 (Request
17 | for Judicial Notice). However, in its Complaint, Plaintiff alleges facts which clearly demonstrate
18 | that The Freecycle Network is policing its trademark rights. *See* Complaint at ¶¶ 29-32; Exhibits 7
19 | and 9 (e-mail correspondence requesting that Plaintiff cease and desist from use of The Freecycle
20 | Network's trademarks). Accordingly, Plaintiff attempts to argue inconsistent legal theories before
21 | separate tribunals. This is not merely arguing a case in the alternative, it is attempting to create
22 | inconsistent results. It appears that the Court should dismiss this case simply to save Plaintiff
23 | from itself.

24 |     Since Plaintiff already exercised its administrative option, it need not additionally waste
25 | judicial resources. Accordingly, The Freecycle Network requests that the Court exercise its
26 | discretion (*see* 28 U.S.C. § 2201(a)) and clear this untimely case from its docket.
27 | / / /
28 | / / /

- 5 -

1        **c.    Plaintiff fails to establish that it will suffer any sort of harm as a result**
             **of dismissal of its Complaint.**

2

3        Plaintiff asserts in its Opposition that declaratory judgment is warranted in this matter

4    because Plaintiff has somehow been prevented from providing support to local community-based

5    recycling groups. Opposition at 7 ("Plaintiff and the freecycling public already have been injured

6    by Defendant's acts causing Yahoo! to remove the Yahoo! group "FreecycleSunnyvale" from its

7    website."). However, Plaintiff's conclusory statement lacks any sort of logical reasoning. The

8    Freecycle Network does not dispute that it legitimately requested that the Yahoo! group

9    "FreecycleSunnyvale" be removed from the Yahoo! Web site because it included marks infringing

10   upon The Freecycle Network's legitimate trademark interests. However, it is absurd to suggest

11   that this resulted in prevention of Plaintiff's efforts toward recycling.

12       To the contrary, The Freecycle Network stated clearly in its cease and desist e-mails that it

13   was merely asking Plaintiff to refrain from further infringing upon The Freecycle Network's

14   trademark rights. *See* Complaint, Exhibits 7 and 9. In fact, The Freecycle Network's first e-mail

15   requesting that Plaintiff cease and desist states specifically "[p]lease understand that our intent is

16   not to stop you or your group from gifting or exchanging unwanted items with fellow users.

17   [Y]ou are, or (sic) course, free to start your own gifting-based site under a name that is not

18   confusingly similar to Freecycle." *See* Complaint, Exhibit 7. Similarly, in its second e-mail

19   requesting that Plaintiff cease and desist use of its trademark, The Freecycle Network stated "[a]s

20   we noted in our first letter, you are welcomed (sic) to continue the operation of a gifting or

21   exchange-oriented site similar to that operated by our organization." *See* Complaint, Exhibit 9.

22   Indeed, Plaintiff has been, in no way, prevented from providing support to local community-based

23   recycling groups.

24       In fact, as The Freecycle Network noted in its moving papers (and Plaintiff conspicuously

25   ignored in its Opposition), Plaintiff has already replaced its now-defunct Yahoo! Group Web site

26   with a new, free, Yahoo! Group under the name "SunnyvaleFree" to service the needs of the

27   recycling community, further undercutting any suggestion of harm. *See* Motion to Dismiss at 6.

28   As such, even if it has to wait for a determination from the PTO regarding the FREECYCLE

                                           - 6 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO. C 06-00324 CW

1    mark, Plaintiff cannot legitimately allege facts sufficient to establish that it will suffer damage

2    should this suit be dismissed.  Accordingly, Plaintiff cannot meet the elements of a claim for

3    declaratory judgment, and Plaintiff's claim should therefore be dismissed with prejudice.

4    **B.     Plaintiff Fails to Adequately State a Claim for Tortious Interference with Business
         Relations**

5

6         **1.     Plaintiff fails to allege "damage" sufficient to assert a claim for tortious
                interference with business relations.**

7         Similar to its arguments relating to its claim for declaratory relief, Plaintiff argues that it

8    alleges the element of "resulting damage," as required to properly plead a claim of tortious

9    interference with business relations, by asserting that The Freecycle Network's actions have

10   somehow prevented Plaintiff from assisting local community-based recycling efforts.  (Opposition

11   at 9).

12        As an initial matter, Plaintiff does not appear to argue that it has suffered monetary damage

13   as a result of The Freecycle Network's conduct.[3]  Opposition at 9.  To the contrary, Plaintiff's

14   Complaint merely states that the Restatement (Second) of Torts recognizes a broad array of non-

15   pecuniary damages.  *Id.*  However, as stated in The Freecycle Network's moving papers, the

16   presence of pecuniary damages is a pleading requirement in a cause of action for tortious

17   interference with business relations.  Motion to Dismiss at 8; *see* <u>Quelimane Co. v. Stewart Title</u>

18   <u>Guaranty Co.</u>, 19 Cal.4th 26, 55 (Cal. 1998).  Plaintiff's apparent admission that it cannot meet this

19   requirement confirms that it has not, because it cannot, plead facts to support a claim for tortious

20   interference with business relations.

21        Moreover, despite Plaintiff's argument that the Restatement (Second) of Torts recognizes

22   non-monetary damages in a cause of action for tortious interference with business relations, in any

23   case, Plaintiff ultimately fails to allege any non-pecuniary damages.  Although Plaintiff states that

24   The Freecycle Network's notification to Yahoo! of Plaintiff's trademark infringement resulted in

25   _____

26

27   [3] To this end, Plaintiff makes an unintelligible argument in which it states that "[e]ven if Plaintiff's
     improper inference from improper facts is somehow proper, the inference is irrelevant...." Id.  It
     is impossible to assess which of its own inferences Plaintiff now finds improper.  As such, The

28   Freecycle Network cannot respond to this nonsensical statement.

- 7 -

1    Plaintiff's inability to use The Freecycle Network's trademarks, it does not automatically follow

2    that this, in turn, prevented Plaintiff from assisting local community-based recycling efforts. As

3    discussed in detail above, The Freecycle Network encourages other groups to engage in the same

4    activities, and pursue the same goals, as those of The Freecycle Network. Indeed, The Freecycle

5    Network's e-mails to Plaintiff plainly encouraged Plaintiff to start a gifting-based or exchange-

6    oriented site similar to The Freecycle Network's own site, as long as it did not infringe upon The

7    Freecycle Network's trademark rights. *See* Complaint, Exhibits 7 and 9.

8        Thus, there appears no plausible explanation why Plaintiff could not continue to engage in

9    activities relating to community-based recycling efforts. Once again, it therefore follows that

10   Plaintiff cannot plead facts sufficient to support a claim for tortious interference with business

11   relations. Accordingly, Plaintiff's claim for tortuous interference should be dismissed with

12   prejudice.

13       **2.    Plaintiff fails to allege facts sufficient to assert diversity jurisdiction, and
               should not be granted leave to amend its Complaint in this regard.**

14

15       In its Opposition, Plaintiff inexplicably states that it should be granted leave to amend its

16   Complaint to allege diversity jurisdiction. Opposition at 9-10. Plaintiff introduces this argument

17   so that it can retain its state law claim for tortious interference with business relations before this

18   Court even in the event that the federal claim for declaratory judgment is dismissed. *Id.* However,

19   a court is not required to grant leave to amend a complaint if such leave would prove pointless.

20   Indeed, the Ninth Circuit has held that leave to amend can be denied solely on the basis of futility.

21   Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify

22   the denial of a motion for leave to amend."); Saul v. United States, 928 F.2d 829, 843 (9th Cir.

23   1991) (Leave to amend should be denied where amendment is futile or would be subject to

24   dismissal.). Here, Plaintiff has not, because it cannot, alleged a single fact indicating that it has a

25   basis for newly alleging diversity jurisdiction. To the contrary, the arguments made by Plaintiff in

26   its Opposition indicate that it cannot even properly allege diversity jurisdiction.

27       Specifically, to establish diversity jurisdiction, Plaintiff must establish that Plaintiff and

28   The Freecycle Network are citizens of different states and that the matter in controversy exceeds

- 8 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO. C 06-00324 CW

1   the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. However, Plaintiff has

2   not asserted that there is any sum of money in controversy. To the contrary, Plaintiff specifically

3   asserts that the damage it has allegedly suffered is non-pecuniary. Opposition at 9. In particular,

4   Plaintiff alleges that the damage it suffered was the inability to assist those engaging in the

5   recycling of goods. *Id.*

6        In fact, Plaintiff even goes so far as to argue that alleging non-pecuniary damage is

7   sufficient for meeting the elements of a claim of tortious interference with business relations. *Id.*

8   at 9 (arguing that the Restatement (Second) of Torts recognizes a broad array of non-pecuniary

9   damages). As such, Plaintiff cannot possibly meet the threshold requirement of a matter in

10   controversy exceeding the sum of $75,000, as required to establish diversity jurisdiction.

11   Allowing Plaintiff leave to amend its Complaint to this end would therefore prove futile.

12        Accordingly, Plaintiff's request for leave to amend its Complaint to assert diversity

13   jurisdiction should be denied. As stated by The Freecycle Network in its moving papers, upon

14   dismissal of Plaintiff's claim for declaratory judgment, Plaintiff's state law claim for tortious

15   interference with business relations must also be dismissed for a lack of subject matter

16   jurisdiction. Motion to Dismiss at 9.

17                    **III.    CONCLUSION**

18        For the foregoing reasons, Plaintiff's Complaint against The Freecycle Network should be

19   dismissed with prejudice for failure to state a claim upon which relief may be granted.

20

21   DATED: March 16, 2006            **PERKINS COIE LLP**

22

23                         By _____/s/_____

24                         Paul J. Andre
                          Lisa Kobialka

25                         Esha Bandyopadhyay
                        Sean Boyle

26                         Attorneys for Defendant
                        The Freecycle Network, Inc.

27

28

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO. C 06-00324 CW

# Tab 6

Defendant's Request for Judicial Notice

Case No. CIV 06-00173-TUC-RCC
United States District Court
District of Arizona

Court - 4/4

United States District Court

For the Northern District of California

1

2   IN THE UNITED STATES DISTRICT COURT

3   FOR THE NORTHERN DISTRICT OF CALIFORNIA

4   FREECYCLE SUNNYVALE,                    No. C 06-00324 CW

5        v.                                 MINUTE ORDER AND
                                            CASE MANAGEMENT
6   THE FREECYCLE NETWORK,                  ORDER
    _____/

7   Clerk: Sheilah Cahill          Reporter: Raynee Mercado
    Plaintiff Attorney: Ian Feinberg
8   Defendant Attorney: Esha Bandyopadhyay; Sean M. Boyle; Shane Glynn

9        A case management conference was held on: 3/31/06.   The Case
    Management Statement and Proposed Order filed by the parties is hereby
10  adopted by the Court as the Case Management Order for the case, except
    as may be noted below.   The Court's standard Order for Pretrial
11  Preparation also applies.

12  The case is hereby referred to the following ADR process:
    Non-binding Arbitration: [ ]      Early Neutral Evaluation: [ ]
13  Court-connected mediation: [ X ]    Private mediation: [ ]
    Magistrate Judge settlement conference: [ ]
14  ADR session to be held by:                               05/31/06
    (or as soon thereafter as is convenient to the mediator's schedule)

15
    Deadline to add additional parties or claims:   Plaintiff   04/07/06
16                                                  Defendant   [04/14/06]
    Date of next case management conference:                     12/08/06
17
    Completion of Fact Discovery:                                08/01/06
18  Disclosure of identities and reports of expert witnesses:    09/01/06
    Completion of Expert Discovery:                              10/27/06
19
    All case-dispositive motions to be heard at 10:00 AM
20       on or before:                                           12/08/06
    Final Pretrial Conference at 1:30 P.M. on:                  to be set
21  A Trial will begin at 8:30 A.M. on:                         to be set

22  Additional Matters:   Copy of Court's Order for Pretrial Preparation
    given to attys in court.   Plaintiff to file dispositive motion by
23  10/27/06 and notice for hearing on 12/8/06 at 10:00 a.m.; Defendant
    opposition and any cross motion (contained within one brief) due
24  11/10/06; Plaintiff reply/opposition due 11/17/06; surreply due
    11/27/06.   Pretrial Conference and trial date will be set at FCMC.
25  **FCMC will be held on 12/8/06 at 10:00 a.m. whether or not dispositive
    motions are filed.**

26
27       IT IS SO ORDERED.

28  Dated: 4/4/06
                                    Claudia Wilken
                                    CLAUDIA WILKEN
                                    United States District Judge

1  Copies to:   Chambers; ADR

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2

<u>NOTICE</u>

3
4
5
6
7

    Criminal Law and Motion calendar is conducted on Mondays at 2:00 p.m. (in custody) and 2:30 p.m. (not in custody). Civil Law and Motion calendar is conducted on Fridays at 10:00 a.m. Case Management Conferences and Pretrial Conferences are conducted on Fridays at 1:30 p.m. Order of call is determined by the Court. Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

8
9
10
11
12
13
14
15

    Motions for Summary Judgment: All issues shall be contained within one motion and shall conform with Civil L.R. 7-2. Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court. (<u>See</u> Civil Local Rule 56-2(a)). All briefing on motions for summary judgment must be included in the memoranda of points and authorities in support of, opposition to, or reply to the motion, and must comply with the page limits of Civil Local Rule 7-4. The memoranda should include a statement of facts supported by citations to the declarations filed with respect to the motion. Cross or counter-motions shall be contained within the opposition to any motion for summary judgment and shall conform with Civil L.R. 7-3. The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a surreply to the cross or counter-motion.

16
17
18

    All DISCOVERY MOTIONS are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.
    .

19
20

(rev. 5/11/05)

21
22
23
24
25
26
27
28

## ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

1.   Not less than 30 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2.   At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

    (a)   Preparation and content of the joint pretrial conference statement;

    (b)   Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation. To the extent such differences are not resolved, parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

    (c)   Settlement of the action.

3.   Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

    (a)   Pretrial Conference Statement. The parties shall file a joint pretrial conference statement containing the following information:

    (1)   The Action.

    (A)  Substance of the Action.  A brief description of the substance of claims and defenses which remain to be decided.

    (B)   Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

    (2)   The Factual Basis of the Action.

    (A)   Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

    .   (B)   Disputed Factual Issues.   A plain and concise

United States District Court

For the Northern District of California

statement of all disputed factual issues which remain to be decided.

(C)  Agreed Statement.  A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D)  Stipulations.  A statement of stipulations requested or proposed for pretrial or trial purposes.

(3)  Disputed Legal Issues.  Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4)  Further Discovery or Motions.  A statement of all remaining discovery or motions.

(5)  Trial Alternatives and Options.

(A)  Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B)  Consent to Trial Before a Magistrate Judge.  A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C)  Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6)  Miscellaneous.  Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b)  Exhibit List and Objections.  The exhibit list shall list each proposed exhibit by its number, description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence.  **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown.**  Parties shall also deliver a set