1  of premarked exhibits to the Courtroom Deputy.  The exhibit markers
2  shall each contain the name and number of the case, the number of the
3  exhibit, and blanks to accommodate the date admitted and the Deputy
4  Clerk's initials.  (Appropriate sample forms are available on the
5  Court's website at www.cand.uscourts.gov).  Any objections to exhibits
6  which remain after the pretrial meeting shall be indicated in the
7  pretrial statement.
8           (c)  Witness List.  In addition to the requirements of
9  FRCivP 26(a)(3)(A), a brief statement describing the substance of the
10 testimony to be given by each witness who may be called at trial.  **No
11 party shall be permitted to call any witness in its case-in-chief that
12 is not disclosed in its pretrial statement without leave of Court for
13 good cause shown.**
14          (d)  Use of Discovery Responses.  In addition to the
15 requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from
16 interrogatory answers or from responses for admissions intended to be
17 offered at trial.  Counsel shall indicate any objections to use of
18 these materials and that counsel have conferred respecting such
19 objections.
20          (e)  Trial briefs.  Briefs on all significant disputed
21 issues of law, including foreseeable procedural and evidentiary
22 issues, which remain after the pretrial meeting.
23          (f)  Motions in Limine.  Any motions in limine that could
24 not be settled at the pretrial meeting shall be filed with the
25 pretrial statement.  All motions in limine shall be contained within
26 one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with
27 each motion listed as a subheading.  Opposition to the motions in
28 limine shall be contained within one document, limited to 25 pages,

with corresponding subheadings, and filed five (5) days thereafter.

    (g) **Joint Proposed Voir Dire.** The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to counsel at the beginning of voir dire. Counsel may submit a set of additional requested voir dire, to be posed by the Court, to which they have agreed at the pretrial meeting. Any voir dire questions on which counsel cannot agree shall be submitted separately. Counsel may be allowed brief follow-up voir dire after the Court's questioning.

    (h) **Joint Proposed Jury Instructions.** Jury instructions §1.1 through §1.12, §1.13 through §2.2, and §3.1 through §4.3 from the <u>Manual of Model Civil Jury Instructions for the Ninth Circuit</u> (2001 Edition) will be given absent objection. Counsel shall jointly submit one set of additional proposed jury instructions, to which they have agreed at the pretrial meeting. The instructions shall be ordered in a logical sequence, together with a table of contents. Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction.

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect or ASCII format. The disk label should include the name of the parties, the case number and a description of the document.

1     (I)  Proposed Verdict Forms, Joint or Separate.

2     (j)  Proposed Findings of Fact and Conclusions of Law (Court Trial only).  Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their proposed findings of fact and conclusions of law on a computer disk in WordPerfect or ASCII format. The disk label should include the name of the parties, the case number and a description of the document.

## JURY SELECTION

The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons so that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, outside the presence of the venire. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is completed.  Each side may then list in writing up to three peremptory challenges.  The attorneys will review each other's lists and then submit them to the Courtroom Deputy.

Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily, and call the first eight people in numerical sequence remaining.  Those people will be the jury.

All jurors remaining at the close of the case will deliberate.

1  There are no alternates.

2  <u>SANCTIONS</u>

3      Failure to comply with this Order is cause for sanctions under
4  Federal Rule of Civil Procedure 16(f).

5      IT IS SO ORDERED.

Dated: _____   s/CLAUDIA  WILKEN
                                    CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE