**HAYES SOLOWAY P.C.**
Ashley Lynn Kirk, Arizona State Bar #021866
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona 85718
Telephone: (520) 882-7623
Facsimile: (520) 882-7643

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>TIM OEY and JANE DOE OEY,<br><br>Defendants. | No. CIV06-173-TUC-RCC<br><br>**DEFENDANT TIM OEY'S OPPOSITION TO MOTION FOR AN ORDER TO SHOW CAUSE** |

### I. Introduction

Tim Oey posted the message Plaintiff has repeatedly included in the filings before this Court on February 23, 2006 to the Yahoo! group FCNext.[1] Plaintiff, The Freecycle Network, Inc., now seeks an order for contempt and attorneys' fees based on this posting, i.e., a message that appeared more than a month before the subject TRO was issued by this Court. Apparently, Plaintiff believes that Tim Oey has a time machine!

---

[1] See Plaintiff's Complaint at page 5, ¶19, Exhibit G; Declaration of Esha Bandyopadhyay in Support of Motion for an Order to Show Cause, Exhibit 6.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

## II. Facts

On April 19, 2006 Plaintiff filed an *ex parte* TRO motion, despite full knowledge of Tim Oey's whereabouts and with a pending litigation in the Northern District of California. A noticed hearing date was April 24, 2006. On April 20, 2006, the motion for TRO was served on Jane Doe Oey ("Pat Oey"). On April 23, 2006, the Oeys were able to secure counsel to represent them personally in Arizona.[2] And, on April 24, 2006, this Court issued the TRO order **as proposed by** Plaintiff.

Despite no appearance being entered by FreecycleSunnyvale's Counsel on the Oeys behalf, and representations to this Court that these cases involve separate parties and issues, Plaintiff sent a letter to FreecycleSunnyvale's counsel complaining that Tim Oey had not complied with the TRO on Friday, April 28, 2006. FreecycleSunnyvale's counsel informed Plaintiff of the obvious, they did not represent Tim Oey. On May 2, 2006, Defendants' true counsel was finally informed by Plaintiff of their complaint, unfortunately Plaintiff filed this motion for an order to show cause before Defendants could respond.[3] These facts are not in dispute as they were included in Plaintiff's papers.

## III. State of the Law

To ultimately find civil contempt for failure to comply with a court order, the court should determine whether ". . . (1) the party violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Flores v. Arizona*, 405 F. Supp. 2d 112, 1119 (D. Ariz. 2005). *See also Center for Biological Diversity v. Norton*, 304 F. Supp. 2d 1174, 1180 (D. Ariz. 2003) (the burden in on moving party). The Court need not reach beyond the first prong of this analysis: Tim Oey has not violated the Court's order!

---

[2] See Declaration of Ashley Kirk.
[3] See Declaration of Ashley Kirk.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

## IV. Argument

### A. Tim Oey has Complied with the TRO Plaintiff Drafted!

The Federal Rule of Civil Procedure 65(d) requires that "[e]very...restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained . . ." This rule therefore requires a TRO to be specific in the language for what behavior is to be restrained. "The specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1087 (9th Cir. 2004) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)).

Plaintiff's motion for an order to show cause relies on a Yahoo! FCNext group posting made by Tim Oey in February of this year, more than a month before the TRO issued in this case. Plaintiff cited this posting as evidence before this Court. Nevertheless, the language of the issued TRO, proposed by Plaintiff, states that "Defendant is temporarily restrained and enjoined from <u>continuing</u> the acts complained of in the motion." (emphasis added). Nothing in the order suggests or directs the Defendant to make a Herculean effort to cure any prior acts. Plaintiff's adopted order is only prohibitive of future conduct. Simply, if this posting was of such great concern to the Plaintiff, their proposed order to the Court should have included it. Plaintiff has no basis to complain for non-compliance.

### B. There are Jurisdictional Issues Before This Court!

A party cannot be in contempt of an order if the court that issued the order does not have personal jurisdiction over that party. *See Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1394-1395 (9th Cir. 1995), *cert. denied*, 516 U.S. 908 (1995) (contempt order and financial

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

sanctions reversed where district court did not have personal jurisdiction over contemnor). As Defendant Tim Oey has repeatedly demonstrated in both his Opposition to the Motion for Preliminary Injunction and in his Memorandum in Support of Defendants Motion to Stay or Transfer, this Court lacks personal jurisdiction over him and his wife. This Court should deny Plaintiff's motion for an order to show cause on this basis alone.

V.     **Conclusion**

Based on the foregoing, Tim Oey requests that this Court deny Plaintiff's motion for an order to show cause. Further, based on the frivolous nature of this motion, the Oeys request the Court to award attorneys' fees for the time counsel has spent responding to this frivolous motion.

DATED this 8th day of May, 2006.

HAYES SOLOWAY P.C.
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona 85718


By: _____/s/Ashley L. Kirk_____
         Ashley L. Kirk
         *Attorney for Defendants*

**HAYES SOLOWAY P.C.**
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Original of the foregoing
electronically filed this 8th
day of May, 2006, with:

The Clerk of the Court
U.S. District Court
405 W. Congress Street
Tucson, Arizona 85701


Copy of the foregoing
mailed this 8th day of
May, 2006, to:

Lisa Anne Smith, Esq.
Shefali Milczarek-Desai, Esq.
**DeConcini McDonald Yetwin & Lacy, P.C.**
2525 East Broadway, Suite 200
Tucson, AZ 85716-5300

Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Esha Bandyopadhyay, Esq.
Sean Boyle, Esq.
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, California 94025-1114


　　　　/s/Kim Good

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567