IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization, | No. CV 06-173-TUC-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| TIM OEY and JANE DOE OEY, | |
| Defendant. | |

On April 24, 2006, the Court held oral argument regarding a motion for a Temporary Restraining Order against Defendant Tim Oey ("Oey"). That motion was granted (Docket # 18). Now pending before the Court is Plaintiff The Freecycle Network, Inc.'s Notice of *Ex Parte* Motion and *Ex Parte* Motion for Order to Show Cause Against Defendant Tim Oey Regarding Contempt Due to Failure to Comply with Temporary Restraining Order (Docket # 20) as well as whether a preliminary injunction should be issued on The Freecycle Network's ("Freecycle") behalf enjoining Oey from making comments that infringe on Freecycle's Trademark.

**I. BACKGROUND**

The Freecycle Network is a nonprofit Arizona corporation with member groups throughout the world dedicated to encouraging and coordinating the reusing, recycling,

Dockets.Justia.com

and gifting of goods. Starting with a single community in Tucson, Freecycle has grown to a worldwide organization with thousands of local recycling groups and more than two million members.

Freecycle has been using the trademarks FREECYCLE, THE FREECYCLE NETWORK and "The Freecycle Network" logo since May 2003. On November 22, 2005, Freecycle's trademark and logo were approved for publication on the Principal Register by the United States Patent and Trademark Office ("USPTO"). A notice of publication was issued on December 28, 2005, but that registration is being opposed by a group in California making the trademark's application pending.

Defendant Oey was actively involved with Freecycle from early 2005 until late 2005. Part of Defendant's duties included participating in an intellectual property group tasked with developing guidelines for protecting Freecycle's intellectual property. As part of his duties, Defendant has authored emails which have defended Freecycle's trademark rights.

In mid-September 2005 Defendant resigned from his position with Freecycle. Subsequently, Defendant began making public remarks disagreeing with the validity Freecycle's trademark rights. In support of this, Defendant has emailed remarks disparaging Freecycle's trademark as well as posting comments on the internet disparaging Freecycle's trademark.

Freecycle filed this action against Defendant claiming that he had made remarks that infringed upon their trademark. In accordance with this, Plaintiff moved for a temporary restraining order which was granted by this court. Now, Plaintiffs are asking for a preliminary injunction as well as an order to show cause as to why Defendant should not be held in contempt of court for not removing previously posted comments on the internet that infringe upon Freecycle's trademark.

Defendant claims that the term "freecycle" is a generic term and thus not able to be trademarked. Defendant points to the fact that the trademark is still pending with the USPTO and that there is an objection to the pending trademark that must be resolved by

the USPTO. With regard to the motion for contempt filed by Freecycle, Defendant asserts that it did not relate to past comments made by Defendant before the Complaint in this case was even filed.

## II. DISCUSSION

The moving party carries the burden for demonstrating the need for injunctive relief. *Huang v. Holiday Inns, Inc.*, 594 F.Supp. 352, 355 (C.D.Cal. 1984).

Factors to consider in determining whether to grant a preliminary injunction are:

> (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief.

*Dollar Rent A Car of Wash., Inc. v. Travelers Indemnity Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985).

In a trademark infringement case, a plaintiff is entitled to a preliminary injunction if it can show "either (1) a combination of 'probable success on the merits' and 'the possibility of irreparable injury' or (2) the existence of 'serious question going to the merits' and that 'the balance of hardships tips sharply in [its] favor.'" *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) (quoting *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985)).

*1. Likelihood of Success on the Merits*

Freecycle argues that it is likely to succeed on the merits. The Lanham Act prohibits the unauthorized use of a "registered mark in connection with the sale . . . or advertising of any goods . . . [where] such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. Section 43 of the act makes any person who, in connection with the sale of goods, uses any term, name, or symbol in a way that is likely to cause confusion, mistake or to deceive, liable in a civil action to any person damaged by the act. 15 U.S.C. § 1125. In order to establish trademark infringement or unfair competition under the Lanham Act, a plaintiff must show that the defendant "is

- 3 -

using a mark similar to a valid, protectable trademark of [plaintiff's]." *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Freecycle argues that even though its trademark is still pending, it has established a recognizable logo and name that is protectable through over three years of use as well as the USPTO's approval of publication in its Principal Register.

Additionally, Freecycle argues that its legitimate trademark rights have been recognized by Defendant when he was associated with The Freecycle Network. This is born out by the record. While Defendant was associated with The Freecycle Network, he actively undertook to protect its trademark and logo. *See* Complaint, Exh. A-C; *see also* Beal Decl. ¶ 8. Then, after his separation from the organization, he began to publicly encourage the disparagement of the Freecycle trademark. *See* Complaint, Exh. D-G; *see also* Beal Decl. ¶ 9.

All of these factors lead to the conclusion that Plaintiff has a significant chance to succeed on the merits of the case.

*2. Irreparable Injury*

Irreparable injury may be presumed by a showing of likelihood of success on the merits of a trademark infringement claim. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003). Because The Freecycle Network has shown a likelihood of success on the merits, a preliminary injunction is appropriate as to the trademark claims.

*3. Balance of Hardships*

The balance of hardships falls in Freecycle's favor. If a preliminary injunction is granted, then Defendant is merely prohibited from making public comments that could disparage Freecycle's trademark during the pendency of this case. There would be no or very little cost to Defendant of not being able to do this. If the preliminary injunction is not granted then The Freecycle Network could very well suffer loss of goodwill and confusion with respect to its trademark rights (assuming it does in fact have those trademark rights). It is clear though that currently, the balance of hardships clearly falls within Freecycle's favor.

- 4 -

### III. CONCLUSION

Accordingly IT IS HEREBY ORDERED that the motion for Preliminary Injunction is GRANTED in Freecycle's Favor. Defendant is prohibited from making any comments that could be construed as to disparage upon Freecycle's possible trademark and logo. Additionally, Defendant IS FURTHER ORDERED to remove all postings from the internet and any other public forums that he has previously made that disparage Freecycle's possible trademark and logo. This Order specifically refers to, but is not limited to, the exhibits used by Freecycle in this case.

Finally, IT IS ORDERED that Plaintiff The Freecycle Network, Inc.'s Notice of *Ex Parte* Motion and *Ex Parte* Motion for Order to Show Cause Against Defendant Tim Oey Regarding Contempt Due to Failure to Comply with Temporary Restraining Order (Docket # 20) is DENIED. However, Defendant is forewarned that if he refused to comply with the terms of this preliminary injunction and continues to publicly disparage Freecylce's trademark rights and logo then he could be found to be held in contempt of court.

DATED this 11th day of May, 2006.

Raner C. Collins
United States District Judge

- 5 -