HAYES SOLOWAY P.C.
Ashley Lynn Kirk, Arizona State Bar #021866
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona 85718
Telephone: (520) 882-7623
Facsimile: (520) 882-7643

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization,<br><br>    Plaintiff,<br><br>v.<br><br>TIM OEY and JANE DOE OEY,<br><br>    Defendants. | No. CIV06-173-TUC-RCC<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION |

## I.     INTRODUCTION

Defendants Tim Oey and Jane Doe Oey reside in California! Defendants Tim Oey and Jane Doe Oey work in California! Defendants Tim Oey and Jane Doe Oey only visited Arizona once in 1994! However, The Freecycle Network ("TFN"), faced with an unfavorable ruling on its motion to dismiss in the Northern District of California, went forum shopping and filed the above-captioned action here in the District of Arizona.[1] Accordingly, Defendants Tim

---

[1]     Defendants also respectfully request this Court to take judicial notice of the court records in this action, including the Declarations of Tim Oey filed with the Memorandum in Opposition to the Motion for Preliminary Injunction, attached for the Court's convenience as Exhibit A and Jane Doe Oey filed with the Motion to Stay or Transfer, attached for the Court's convenience as Exhibit B.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Oey and Jane Doe Oey respectfully request this Court to dismiss this action for lack of personal jurisdiction over the Defendants.

## II. FACTS

The allegations contained in Plaintiff's complaint are based upon internet postings authored by Tim Oey and posted on a Yahoo! site. TFN has not alleged any contacts between Tim Oey, Jane Doe Oey, and the State of Arizona. Nor has TFN demonstrated any contacts in the voluminous exhibits or declarations submitted in support of preliminary relief. TFN does not allege or demonstrate that Tim Oey and Jane Doe Oey have availed themselves of the benefit of the laws of the State of Arizona. There is no suggestion that either has transacted business with Arizona residents or, for that matter, advertised or solicited business from Arizona residents.

In fact, Tim Oey and his wife are residents of the State of California and reside in Sunnyvale in the Northern District of California. Tim Oey and his wife have been physically present in Arizona only once. In 1994, long before any of the events that gave rise to these lawsuits, Tim Oey and his wife visited the Four Corners Monument and Monument Valley as tourists. Neither of the Oeys can remember if the duration of their stay in the state was one day or two.[2]

## III. STATE OF THE LAW

The Arizona long-arm statute provides for personal jurisdiction co-extensive with the limits of federal due process. *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997), *Batton v. Tennessee Farmers Mut. Ins. Co.*, 153 Ariz. 268, 736 P.2d 2, 4 (Ariz. 1987). Constitutional due process requires that nonresident defendants have certain minimum contacts

---

[2] Tim Oey is a volunteer member and moderator of FreecycleSunnyvale, a California unincorporated association that operates locally in Sunnyvale. Many of the allegations in this complaint are substantially related to an action in the Northern District of California involving FreecycleSunnyvale. The court has been fully briefed on these issues.

with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Doe* at 1050, *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945). The Due Process Clause protects a defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 269-270 (9th Cir. 1995), *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985). "By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Omeluk*, 52 F.3d 267 at 270 (internal citations omitted).

A court's exercise of personal jurisdiction over a nonresident defendant may be either general or specific. "If the defendant's activities in the state are 'substantial' or 'continuous and systematic,' general jurisdiction may be asserted ...." *Doe*, 112 F.3d 1048 at 1050-1, *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998), *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1396 (9th Cir. 1986) (internal citation omitted). Courts have expressed a reluctance to assert general jurisdiction over non-resident Defendants. *See also,* Mary Twitchell, *The Myth of General Jurisdiction*, 101 Harv. L. Rev. 610, 635 n.36 (1988) ("traditional indicia" of general jurisdiction are "a home base, an agent for the service of process, a local office, or the pursuance of a business from a tangible locale within the state"). Moore's Fed. Practice §108.41[3]. The Supreme Court upheld the general rule that specific jurisdiction requires a showing by plaintiff that: "(1) the non-resident defendant has purposefully established significant contact with the forum state; (2) the claim

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

arises out of or is related to Defendant's forum activities; and (3) the assertion of personal jurisdiction is reasonable and fair." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 486 (1985). As the party seeking to invoke the jurisdiction of the Court, the Plaintiff, TFN, has the burden of establishing the existence of the requisite minimum contacts with respect to each of the Movants. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). Movants respectfully submit that Plaintiff cannot meet this burden.

IV. **ARGUMENT**

Even though the burden is on TFN to allege that this Court has personal jurisdiction, *Bach v. McDonnell Douglas, Inc.* 468 F. Supp. 521, 524 (D. Ariz. 1979) ("It is the plaintiff's burden to allege that a court has personal jurisdiction over a defendant."), TFN's complaint is bereft of personal jurisdictions allegations. But the facts are clear. Tim Oey and his wife do not live in Arizona, do not transact business within the state Arizona, and do not advertise or solicit business with Arizona residents. And, they have only visited Arizona once, over ten years ago.

A. The Arizona Courts do not have General Jurisdiction over the Oey's!

Neither Tim nor Jane Doe Oey are subject to the general jurisdiction of the Arizona courts, as neither of the Movants have activities in the state that are "substantial" or "continuous and systematic." *Doe* at 1050-1, *Red Wing Shoe Co.*, 148 F.3d 1355 at 1359, *Haisten*, 784 F.2d 1392 at 1396. This typically requires that a defendant have offices in the forum state. Moore's Fed. Practice §102.41[3].

Since neither Tim or Jane Doe Oey reside in Arizona, transact any business within the state of Arizona, or even vacation regularly in Arizona, and since their only contact with this

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

forum was a single brief trip over ten years ago, the general jurisdiction of the Arizona courts over this matter cannot be established.

      B.     <u>The Arizona Courts do not have Specific Jurisdiction over the Oey's!</u>

This Court must follow the three-prong minimum contacts test outlined by the Supreme Court in *Burger King*, 471 U.S. 462, at 472, to determine if specific jurisdiction exists: "(1) the non-resident defendant has purposefully established significant contact with the forum state; (2) the claim arises out of or is related to Defendant's forum activities; and (3) the assertion of personal jurisdiction is reasonable and fair."

The first and second prong of this test must examine whether Tim Oey has purposefully established contact with the state of Arizona by authoring postings appearing on the Internet that could possibly be read by Arizona residents. The Supreme Court has found that minimum contact must be "significant", not merely "fortuitous," "random" or "attenuated," *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 at 475, and that the mere foreseeablity that conduct could cause harm in a forum state is not a substitute for purposeful minimum contacts. *World-Wide Volkswagon Corp. v. Woodson* 444 U.S. 286, 295 (1980).

This action centers around Tim Oey's emails and postings to online groups that are provided by Yahoo!, but internet postings fall far short of the kind of conduct that courts have found sufficient to establish personal jurisdiction. *Park Inns Int'l. v. Pacific Plaza Hotels*, 5 F.Supp.2d 762, 763-64 (D. Ariz. 1998) ("purposeful availment exists if Defendants can be shown to have transacted <u>business</u> with Arizona consumers over the Internet [or] on Defendants' advertisements in web sites accessible to Arizona consumers."). *See also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997)(" So far as we can tell no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

jurisdiction in the plaintiff's home state"). *See also Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1322 (9th Cir. 1998) ("We agree that simply registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to the jurisdiction in another . . ."). Therefore, Plaintiff cannot establish that any of the Oeys' activities were purposefully directed to this forum.

As for the fairness of this forum, the Supreme Court held that five factors should be considered when determining the overall fairness of subjecting a defendant to a forum's jurisdiction: 1.) "the burden on the defendant"; 2.) "the forum state's interest in adjudicating the dispute"; 3.) "the plaintiff's interest in obtaining convenience and effective relief"; 4.) "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies"; and 5.) the "shared interest of the several States in furthering fundamental substantive policies." Most of these factors have been briefed ad nauseam in Defendant's Motion to Transfer, incorporated herein by reference.

Furthermore, regardless of this Court's ruling on the Motion to Transfer, unless the threshold requirement for purposeful availment is met, the Court may not exercise jurisdiction over a non-resident defendant even if the balance of fairness factors strongly favor a forum state. *World-wide Volkswagon Corp. v. Woodson* 444 U.S. 286 at 294.

## V. CONCLUSION

For all of the foregoing reasons the Court should dismiss this action for lack of personal jurisdiction over Tim and Jane Doe Oey.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

DATED this 17th day of May, 2006.

            HAYES SOLOWAY P.C.
            3450 E. Sunrise Drive, Suite 140
            Tucson, Arizona 85718

            By: /s/Ashley L. Kirk
               Ashley L. Kirk
               *Attorney for Defendants*

Original of the foregoing
electronically filed this 17th
day of May, 2006, with:

The Clerk of the Court
U.S. District Court
405 W. Congress Street
Tucson, Arizona 85701


Copy of the foregoing
mailed this 17th day of
May, 2006, to:

Lisa Anne Smith, Esq.
Shefali Milczarek-Desai, Esq.
**DeConcini McDonald Yetwin & Lacy, P.C.**
2525 East Broadway, Suite 200
Tucson, AZ 85716-5300

Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Esha Bandyopadhyay, Esq.
Sean Boyle, Esq.
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, California 94025-1114


/s/Kim Good

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567