# EXHIBIT B

The Freecycle Network, Inc. v. Oey et al

Doc. 48 Att. 3

Freecycle Network in a mutually beneficial manner. *Id.* Requesting that Plaintiff cease using the marks because it failed to abide by the rules, and extending an invitation to work together, cannot be interpreted to give Plaintiff a reasonable apprehension of litigation.

Furthermore, The Freecycle Network's request to cease and desist is insufficient to be considered a threat of a lawsuit sufficient to trigger the Act. *See* <u>Xerox Corp. v. Apple Computer Inc.</u>, 734 F.Supp 1542, 1546 (N.D. Cal. 1990) (declaratory judgment improper in copyright case absent threat of litigation); *see also* <u>Dunn Computer Corp v. Loudcloud, Inc.</u>, 133 F.Supp.2d 823, 827 (E.D. Va. 2001) (cease and desist letter that does not threaten litigation does not create a case or controversy under the Declaratory Judgment Act). District Courts typically look for actions beyond a cease and desist letter before determining a reasonable threat of litigation exists. *Cf.* <u>Chesebrough-Pond's, Inc. v. Faberge, Inc.</u>, 666 F.2d 393, 396-97 (9th Cir. 1982) (actual controversy exists where defendant's letter laid out prima facie case for infringement, threatened litigation, threatened to file opposition before PTO, and defendant responded to complaint with counterclaim alleging infringement). The Freecycle Network's actions, as alleged in the complaint, fail to rise to the level of a real and reasonable apprehension of liability and, therefore, this Court should dismiss plaintiff's motion for declaratory judgment.

### 2. This Court Should Exercise Its Discretion to Not Entertain Plaintiff's Declaratory Judgment Claim

The Freecycle Network respectfully requests the Court to exercise its discretion, and not entertain Plaintiff's declaratory judgment claim, as this case is not a case appropriate for the Court's limited judicial resources. The Declaratory Judgment Act grants courts discretion to dismiss a claim; under the Act courts "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) (emphasis added). The Ninth Circuit instructs the district

- 5 -

DEFENDANT FREECYCLE MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)
CASE NO. C 06-00324 CW

1  courts to "balance concerns of judicial administration, comity, and fairness to the litigants" in
2  determining whether to hear a case under the Act. Chamberlain v. Allstate Ins. Co., 931 F.2d
3  1361, 1367 (9th Cir. 1991)(citing Brillhart, 316 U.S. at 495.)

The interests of judicial administration and fairness to the litigants strongly disfavor a grant of jurisdiction. Plaintiff has already filed an opposition before the PTO and, having not exhausted the administrative procedures, now seeks to bring the same argument to District Court. Pursuing the matter in dual forums is inefficient and consumes limited judicial resources that could be put to better use by the parties and this Court. The issue underlying Plaintiff's complaint involves the suspension of a free Yahoo! Groups web page, used by a non-profit organization, whose members exchange excess items for free; hardly a situation in which declaratory judgment is required to preserve fair treatment towards the litigants. Plaintiff will not be harmed by any delay caused by dismissal of its complaint. Furthermore, Plaintiff's defunct Yahoo! Group web site has already been replaced by Plaintiff with a new, free, Yahoo! Group under the name "SunnyvaleFree" to service the needs of the Sunnyvale recycling community. See Request for Judicial Notice, attached herewith, Exhibit 2. For these reasons, The Freecycle Network requests the Court exercise its discretion, and dismiss Plaintiff's declaratory judgment claim.

B.  **Plaintiff Fails to Allege the Elements of a Tortious Interference Claim**

Plaintiff's cause of action for tortious interference with business relations fails as a matter of law because plaintiff has failed to allege each element of a tortious interference claim. "The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach of disruption of the contractual relationship; (4) actual breach or disruption of the contractual

- 6 -

DEFENDANT FREECYCLE MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)
CASE NO. C 06-00324 CW