# EXHIBIT C

The Freecycle Network, Inc. v. Oey et al

Doc. 48 Att. 4

Dockets.Justia.com

## 2. Plaintiff fails to establish any adequate basis on which this Court should entertain Plaintiff's claim for declaratory relief.

### a. Plaintiff fails to articulate sufficient grounds for declaratory relief.

Plaintiff argues in its Opposition that the Court should entertain Plaintiff's claim for declaratory judgment because there exists an actual case or controversy between Plaintiff and The Freecycle Network. Opposition at 6. An actual controversy exists only when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Central Montana Elec. Power Coop., Inc. v. Administrator of Bonneville Power Admin., 840 F.2d 1472, 1474 (9th Cir. 1988). As discussed in detail above, however, Plaintiff has not, presumably because it cannot, plead facts sufficient to warrant declaratory judgment. See supra section II.A.1. As such, Plaintiff cannot establish sufficient grounds for this Court to entertain Plaintiff's claims.[2]

As discussed in The Freecycle Network's moving papers, the Declaratory Judgment Act allows district courts discretion to decline to hear a request for declaratory judgment. 28 U.S.C. §2201; see also Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175 (1942) (holding that courts are authorized, not commanded, to declare rights under the Act); Motion to Dismiss at 5-6. Given Plaintiff's failure to adequately plead a cause of action for declaratory relief, this Court should utilize this discretion and dismiss Plaintiff's claim for declaratory judgment with prejudice.

### b. Plaintiff's failure to exhaust all remedies apart from declaratory relief is a waste of judicial resources.

Plaintiff confuses arguments for judicial economy and exercise of discretion with the traditional doctrines of exhaustion of administrative remedies and abstention. See Opposition at 7. Courts may exercise discretion to not hear a case where judicial administration may be impacted.

---

[2] Additionally, Plaintiff has already filed an opposition to The Freecycle Network's trademark application with the United States Patent and Trademark Office. Motion at 3. Accordingly, it is within the PTO's discretion to determine whether a trademark should issue.

- 4 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO. C 06-00324 CW

1   28 U.S.C. § 2201(a); <u>Chamberlain v. Allstate Ins. Co.</u>, 931 F.2d 1361, 1367 (9th Cir. 1991). To be
2   clear, The Freecycle Network moves the Court to dismiss the present action in an exercise of
3   judicial discretion. *See* Motion to Dismiss at 6. As stated clearly in The Freecycle Network's
4   moving papers, the pending opposition before the PTO represents yet another reason why
5   Plaintiff's Complaint should be dismissed, namely that administrative resources are already being
6   utilized for purposes of determining registrability of The Freecycle Network's trademark. *See*
7   Motion to Dismiss at 6 and Exhibit 2 (Request for Judicial Notice). Courts regularly defer to the
8   PTO in such situations, and courts should avoid importing an opposition proceeding into court
9   through the Declaratory Judgment Act. <u>Topp-Cola Co. v. Coca-Cola Co.</u>, 314 F.2d 124, 126 (2nd
10  Cir. 1963) (Opposition to trademark registration should not be imported into court through use of
11  declaratory judgment action.); J. THOMAS MCCARTHY, <u>MCCARTHY ON TRADEMARKS AND UNFAIR</u>
12  <u>COMPETITION</u> § 32:53 (4th ed.). Moreover, dismissal of Plaintiff's Complaint will prevent
13  inconsistent results from parallel proceedings.

14          Additionally, the trademark opposition requires Plaintiff to take contrary legal positions.
15  Plaintiff alleges in its opposition before the PTO that The Freecycle Network failed to police its
16  mark by engaging in uncontrolled licensing. *See* Motion to Dismiss at 6 and Exhibit 2 (Request
17  for Judicial Notice). However, in its Complaint, Plaintiff alleges facts which clearly demonstrate
18  that The Freecycle Network is policing its trademark rights. *See* Complaint at ¶¶ 29-32; Exhibits 7
19  and 9 (e-mail correspondence requesting that Plaintiff cease and desist from use of The Freecycle
20  Network's trademarks). Accordingly, Plaintiff attempts to argue inconsistent legal theories before
21  separate tribunals. This is not merely arguing a case in the alternative, it is attempting to create
22  inconsistent results. It appears that the Court should dismiss this case simply to save Plaintiff
23  from itself.

24          Since Plaintiff already exercised its administrative option, it need not additionally waste
25  judicial resources. Accordingly, The Freecycle Network requests that the Court exercise its
26  discretion (*see* 28 U.S.C. § 2201(a)) and clear this untimely case from its docket.
27  ///
28  ///

- 5 -

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
CASE NO. C 06-00324 CW