**HAYES SOLOWAY P.C.**
Ashley Lynn Kirk, Arizona State Bar #021866
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona 85718
Telephone: (520) 882-7623
Facsimile: (520) 882-7643

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization, <br><br> Plaintiff, <br><br> v. <br><br> TIM OEY and JANE DOE OEY, <br><br> Defendants. | No. CIV06-173-TUC-RCC <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION** |

I.   **INTRODUCTION**

Plaintiff never filed a federal application for trademark on the term "FREECYCLE". The one company that did file on this term received a Office Action from the USPTO stating that: "'FREECYCLE" and it's variations "FREECYCLING" and "FREECYCLER" are terms of art that are widely used".[1] Plaintiff only filed for a federal trademark registration on the logo mark "THE FREECYCLE NETWORK."[2] In fact, their application describes the mark as:

> "The colors GREEN, TAN, BLACK, ORANGE, YELLOW is/are claimed as a feature of the mark. The mark consists of the word "freecycle" in green with aslight black shadow around the edges of the letter. The wheels and frame of the

---

[1] Exhibit A; Appendix A.
[2] Id. at Appendix B.

bicycle are tan and outlined in black. The guitar forms the letter "l" in the word "freecycle". The guitar headstock and fretboard are black with two white stripes suggesting strings . . . ."[3]

Nevertheless, Plaintiff successfully convinced this Court that the publication for opposition of this detailed logo mark should serve as evidence of the non-generic nature of the term "FREECYCLE"[4], and Tim Oey should be prevented from speaking about the generic nature of this alleged mark. Public policy dictates that this judgment should not stand.

## II. FACTS

On May 12, 2006, this Court issued an order granting a motion for preliminary injunction filed by the Plaintiff. In its order, the Court applied the Ninth Circuit's "alternative" analysis and found that Plaintiff was likely to succeed on the merits for its claims of trademark infringement and disparagement of the alleged mark "FREECYCLE." The Court also found that irreparable injury was presumed by the above and that the balance of hardships fell in Plaintiff's favor because Plaintiff could suffer the loss of goodwill and confusion as to its marks. The public interest was not considered.

## III. STATE OF LAW

Courts may grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e) to take account of an intervening change in controlling law. Moore's Federal Practice § 59.30[5][a] (2005). Here, three days after the issuance of the order for preliminary injunction, The Supreme Court held "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with the traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *Ebay Inc., et al., v. Mercexchange, LLC*, 2006 U.S. LEXIS

---

[3] Exhibit A; Appendix B.
[4] In a recent survey of opposition proceedings initiated in the TTAB, 65% of the oppositions were sustained by the Board. See Exhibit B; Affidavit of Robert A. Matson.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

2

3872,10-11 (2006). And, "a major departure from the long tradition of equity practice should not be lightly implied." *Id.* at 2 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 320 (1978)). As such the Court should reconsider its judgment and apply the traditional four prong analysis for a preliminary injunction, i.e., the likelihood of success on the merits; the balance of harms between the moving and non-moving parties; the availability of other legal remedies; and the public interest. Moore's Federal Practice § 65.22 [5][i] (2005); *see also United States v. Nutri-Cology, Inc.*, 982 F. 2d 394, 397 (9th Cir. 1992) ("A motion, however labeled, served within ten days of the entry of an order that could have been brought under Rule 59(e) tolls the time for filing a notice of appeal.")

## IV. ARGUMENT

### A. The Public Has An Interest In Keeping The Terms "FREECYCLE," "FREECYCLING," And "FREECYCLER" Generic!

"Generic terms should be free for all to use." McCarthy on Trademarks §12.2 (2005). "Sharing the goodwill of an article unprotected by patent or trademark is the exercise of a right possessed by all – and in the free exercise of which the consuming public is deeply interested." *Kellogg Co. v. National Biscuit Co.* 305 U.S. 111, 122 (1938). In general, "[a] generic term is one that is commonly used as the name of a kind of goods . . . Unlike a trademark which identifies the source of a product, a generic term merely identifies a genus of which the particular product is a species. *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 936 (7th Cir. 1986). And, sometimes a name intended originally as a trademark for a new product is taken by the public as a generic term because the public has no other name for the new thing, such is the case with ASPIRIN, CELLOPHANE, and ESCALATOR. McCarthy on Trademarks §12.1 (2005).

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Genericness is a question of fact. *Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 821 (9th Cir. 1996). For non-federally registered trademarks, the burden is on the Plaintiff to prove that a mark is non-generic. *Filipino Yellow Pages, Inc., v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999) ("If a supposedly valid mark is not federally registered, however, the plaintiff has the burden of proving non-genericness once the defendant asserts genericness as a defense.") "If a proponent of trademark status itself uses the term as a generic name, this is strong evidence of the mark's genericness." McCarthy on Trademarks § 12.13 (2005) (citing *In re Sports Tigers*, 213 U.S.P.Q. 670 (T.T.A.B. 1982)). And, generic usage by newspapers and magazines is a "strong indication of the general public's perception" that a term is a generic name. *Murphy Door Bed v. Interior Sleep Systems, Inc.* 874 F. 2d 95, 101 (2nd Cir. 1989). Plaintiff's lack of a pending federal trademark application for the term "FREECYCLE", the Examiner's statement that '"FREECYCLE" and it's variations "FREECYCLING" and "FREECYCLER" are terms of art that are widely used', Plaintiff's prior generic use of the term "FREECYCLE", "FREECYCLER", and "FREECYCLING",[5] and the media's generic usage of these terms,[6] all support the proposition that the public has a manifest interest in keeping "FREECYCLE" generic.[7]

Plaintiff has provided all of the evidence of the generic usage of "FREECYCLE" needed in this case. In support of their claim for relief they cite an e-mail by Tim Oey (who they claim was an agent of Plaintiff at the time) instructing moderators and members on how to protect their alleged marks.[8] Not only does Tim Oey use this term generically in this email, but he instructs others associated with the Plaintiff to <u>stop</u> using the terms generically and to police

---

[5] Exhibit C, emails of Deron Beal previously admitted as evidence.
[6] Exhibit D, media articles previously admitted as evidence.
[7] It is also interesting to note that in an order of the Court in the earlier filed Northern District of California action the term "FREECYCLE" is repeatedly used generically.
[8] Exhibit E, email by Tim Oey previously admitted as evidence.
HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

others that are using the term generically as well. In other words, Plaintiff's own papers admit they "let the cat out of the bag." Moreover, Deron Beal, the head of Plaintiff's board, has repeatedly used the mark generically. As courts have noted, a kind of estoppel arises when the proponent of trademark uses the mark before the public as a generic name, yet now claims that the public perceives it as a trademark. *See Bell South Corp. v. White Directory Publishers, Inc.*, 42 F. Supp 2d 598, 610 (M.D.N.C. 1999) (quoting McCarthy on Trademarks § 12.13).

Additionally, the web page Plaintiff submitted to the USPTO as a specimen in their Application for trademark shows "FREECYCLE" and its variations were generically used 9 times![9] The complaint filed in the Northern District of California contained several media excerpts using "FREECYCLE" and its variations generically! And, the USPTO stated in an office action for the only application on the word mark "FREECYCLE" that "'FREECYCLE' and its variations "FREECYCLING" and "FREECYCLER" are terms of art that are widely used!

Simply, even if Plaintiff originally had valid trademark rights in the term "FREECYCLE", because Plaintiff conveyed their rights to the public, and the public adopted the term as generic, the public has an interest in being able to use the term "FREECYCLE" without fear.

B.     The Public has an Interest in the Free Exchange of Ideas.

As Justice Brandeis noted "If there be a time to expose through discussion the falsehood and fallacies, to avert the evil by the process of education, the remedy to be applied is more speech, not enforced silence." *Whitney v. California*, 274 U.S. 357, 377 (1927). In fact, the Ninth Circuit has upheld only one case where Sullivan speech was restricted. *San Antonio Community Hospital v. Southern California District Council of Carpenters*, 125 F.3d 1230,

---

[9] See Exhibit B.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

1240 (9th Cir. 1997) (Kozinski, J., dissenting). "More stringent requirements are imposed on the plaintiff seeking to recover for an injurious falsehood [product disparagement] in three important respects - falsity of the statement, fault of the defendant and proof of damage." McCarthy on Trademarks § 27.101 (2005) (quoting Restatement 2d of Torts § 623(A) Comment g (1977)). Further, "those who write and speak on business subjects should not live in fear of a lawsuit simply because the target of the writer's unfavorable opinions believes that the opinion is 'wrong.' The mere threat or filing of a product disparagement lawsuit under §43(a) can itself have an effective chilling effect on both the defendant commentator and others who see what happens to one who expresses an opinion unpopular with a business entity." McCarthy on Trademarks § 12. 96.1 (2005).

The alleged statements by Tim Oey are both opinions and representations as to the filings before a United States District Court. Many of the postings that Plaintiff complains about were posted after suit was filed in California, and one of the allegations of that complaint was that the term "FREECYCLE" was generic. This seems a great hurdle for this Court to overcome to order that Tim Oey cannot speak about allegations filed in a sworn complaint in California, especially when that Court has denied Plaintiff's motion to dismiss that action. Simply there is no way Tim Oey should he be silenced from telling others to use the term "FREECYCLE" generically, when he has the opinion of learned counsel and the USPTO to support this position.

Moreover, "[a]n opinion may be wrong, as opposed to false, but even if perniciously so, under the First Amendment we depend for that conclusion not on the conscience of judges and juries, but on popular judgment based on the competition of other ideas." R.D. Sack, *Protection of Opinions under First Amendment: Reflections on Alfred Hll, Defamation and Privacy under the First Amendment*, 100 Colum. L. Rev. 294, 307 (2000); *see also Leonardini*

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

*v. Shell Oil Co.*, 216 Cal. App. 3d 547, 576(3d Dist. 1989) ("[a]ll causes of action having as their gravamen the alleged injurious falsehood of a statement...must satisfy the requirements of the First Amendment."). In this regard, it was both Tim Oey's opinion that there is such an entity as a common law trademark that does not require registration (which Plaintiff supports and therefore offers as evidence as to the existence of their trademark), and also his opinion that Plaintiff's trademark ceased to exist because it was generic (which Plaintiff does not support and therefore asks this Court to silence). Plaintiff cannot censor critical speech, and Tim Oey cannot and should not be silenced for stating his opinion about the status and entitlements he believes the Plaintiff has to a trademark.

Simply, the issuing of the preliminary injunction not only stifles what is essentially free speech criticism of the Plaintiff, but also denies the public at large opportunities to learn about other's opinions and their rights to use a generic term without threat of suit.

## V. CONCLUSION

FOR ALL OF THE FOREGOING REASONS, Defendant's motion for reconsideration should be granted.

DATED this 26th day of May, 2006.

> HAYES SOLOWAY P.C.
> 3450 E. Sunrise Drive, Suite 140
> Tucson, Arizona 85718
>
> By: /s/Ashley L. Kirk
> Ashley L. Kirk
> *Attorney for Defendants*

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

7
Case 4:06-cv-00173-RCC   Document 52   Filed 05/26/2006   Page 7 of 8

Original of the foregoing
electronically filed this 26th
day of May, 2006, with:

The Clerk of the Court
U.S. District Court
405 W. Congress Street
Tucson, Arizona 85701


Copy of the foregoing
mailed this 26th day of
May, 2006, to:

Lisa Anne Smith, Esq.
Shefali Milczarek-Desai, Esq.
**DeConcini McDonald Yetwin & Lacy, P.C.**
2525 East Broadway, Suite 200
Tucson, AZ 85716-5300


Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Esha Bandyopadhyay, Esq.
Sean Boyle, Esq.
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, California 94025-1114

     /s/Kim Good

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567