**HAYES SOLOWAY P.C.**
Ashley Lynn Kirk, Arizona State Bar #021866
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona 85718
Telephone: (520) 882-7623
Facsimile: (520) 882-7643

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>TIM OEY and JANE DOE OEY,<br><br>Defendants. | No. CIV06-173-TUC-RCC<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Plaintiff, faced with an unfavorable ruling in the Northern District of California, decided to harass the Defendants by filing a suit in the District of Arizona. Plaintiff's cause of action is not only the result of forum shopping, it completely disregards decades of due process jurisprudence.

Simply, Plaintiff bases its claims on Tim Oey's postings, these postings alone determine whether the Court has specific jurisdiction in this matter, and there is absolutely <u>no</u> precedent for basing allegations of a forum's specific jurisdiction simply because internet postings could possibly be read by residents of the forum state.

The Freecycle Network, Inc. v. Oey et al    Doc. 53

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Case 4:06-cv-00173-RCC   Document 53   Filed 06/01/2006   Page 1 of 6

Dockets.Justia.com

I. **ARGUMENT**

A. <u>Plaintiff Offers No Relevant Jurisdictional Evidence to the Court.</u>

Rightly, Plaintiff forgoes any allegations of general jurisdiction in its brief. Defendants agree with this position, since general jurisdiction requires contacts that are "substantial . . . continuous and systematic" *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-449 (1952). And, it is clear from the record none of Tim Oey's contacts with Arizona have been "substantial . . . continuous and systematic." But, specific jurisdiction is equally improper. For specific jurisdiction, the claims must "'arise out of' a defendant's contacts with the forum." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 411 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). And, Plaintiff has the burden to prove both that Defendants' contact is significant and that its cause of action arises out of that contact. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985).

   1. *Tim Oey's Past Activity with The Freecycle Network is Irrelevant to Specific Jurisdiction*

"The Court must examine the circumstances to determine whether there is deliberate action aimed at the forum, such as transactions between the defendant and residents of the forum . . . [T]he plaintiff's cause of action must arise out of those transactions." Moore's Federal Practice 3d § 108.44[2]. Here, all that is established by the trademark policy drafted by Tim Oey is that at one time in the past he tried to stop the generic usage of the term "FREECYCLE" by members of Plaintiff and the public. This policy doesn't establish any alleged "malice" necessary for a defamation claim. This policy doesn't provide any evidence of any alleged infringement. And, this policy doesn't establish any evidence as to Tim Oey's alleged disparagement or defamation of Plaintiff. There are absolutely <u>no</u> elements of any of Plaintiff's claims that are established or proved by Tim Oey's trademark policy.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

2

Admittedly, this evidence is probably relevant to Plaintiff's <u>counterclaims in California</u>, which is determining Plaintiff's rights to a trademark in the term "FREECYCLE." But, it seems disingenuous and unfair for Plaintiff to assert that this Court has jurisdiction over Tim Oey using evidence relevant to trademark validity when Plaintiff has argued to this Court, and the Court has agreed, that trademark validity is an issue separate and distinct from this matter. Exhibit A: Preliminary Injunction Hearing Transcript at pgs. 12-13.

2. *The Only Activity Relevant for Jurisdictional Purposes is Tim Oey's Internet Postings*

Here, Plaintiff's <u>claims</u> in this Court are for trademark infringement, trademark disparagement, contributory trademark infringement and defamation as the result of internet postings made by Tim Oey.[1] No claim before this Court is the result of Tim Oey's past membership in The Freecycle Network or any trademark policy produced by Tim Oey when he was affiliated with the Freecycle Network, despite the Plaintiff's assertion to the contrary. However, since Plaintiff is attempting obfuscate the nexus between the requirements for specific jurisdiction and the counts of its complaint, the Court is reminded of the simple "but for" test used by the Ninth Circuit in determining the propriety of specific jurisdiction, i.e., "but for" Tim Oey's postings about Plaintiff's trademarks, Plaintiff would have no cause of action in the place where those messages were directed . . . California! *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995) (explaining the Ninth Circuit's "but for" test).

---

[1] It is interesting that Plaintiff continues to argue to this Court that Tim Oey was once an agent of The Freecycle Network. Indeed, Plaintiff has offered this argument as the basis for jurisdiction and in opposition to a motion to transfer. Doesn't Plaintiff recognize that arguing the agency relationship between Plaintiff and Defendant means that every generic usage of "FREECYCLE" by Tim Oey prior to his termination from the network will be treated as some of the most compelling evidence that the term is generic, i.e., Plaintiff's generic usage? Furthermore, the email that Plaintiff offers in support of every argument made before this Court admits that the network and the public already generically used this term! Jurisdictional arguments aside, it seems Plaintiff has managed to sink its case before both this Court and the one in California.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

3

### 3. Internet Postings are not enough to Evoke Jurisdiction.

Furthermore, Plaintiff asks this Court to look past almost all Ninth Circuit precedent as to whether an internet posting is a substantial enough contact to evoke this Court's jurisdiction. "[S]o far as we are aware, no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state . . . Rather there has to be 'something more' to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997). *See also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) ("We agree that simply registering someone else's trademark as a domain name and posting a website on the Internet is not sufficient to subject a party domiciled in one state to the jurisdiction in another . . . [T]here must be 'something more' to demonstrate that the defendant directed his activity to the forum state."). Here, Plaintiff provides this Court with <u>nothing more</u> than internet postings directed primarily to local users of a California website as the basis for this Court's jurisdiction.

But there is also absolutely no precedent for evoking a court's jurisdiction simply because residents in a forum could possibly read content on a website, even when the content on that website is defamatory. Internet comments must be "expressly aim[ed]" at those in a forum state to find sufficient activity for personal jurisdiction. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.* 223 F.3d 1082, 1087 (9th Cir. 2000). *See also* Moore's Federal Practice § 108.44[2] ("Courts have usually not found jurisdiction based merely on the publication of the allegedly defamatory material on a website. The question in these cases is whether Defendant, via the website, purposefully targeted the forum state" (citing *Medinah Mining v. Amunategui*, 237 F. Supp. 2d 1132, 1137-1138 (D. Nev. 2002))).

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

And, even where residents of a forum could interact with a website operated by another, "[t]he mere 'unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); see also *Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295, 301 (S.D.N.Y. 1996), *aff'd* 126 F.3d 25 (2d Cir. 1997) ("The mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state . . ."). All that is contained in Plaintiff's papers is that it is offended by the opinions of Tim Oey. Plaintiff has offered <u>no evidence</u> that Tim Oey's postings were directed specifically to Arizona. Plaintiff has offered <u>no evidence</u> that any Arizona resident was targeted by Tim Oey's postings. Plaintiff has offered <u>no evidence</u> that Tim Oey has received any economic benefit from Arizona as a result of his postings. Simply, Plaintiff has offered <u>no evidence</u> that Tim Oey has targeted Arizona in any way with his opinions!

## II. CONCLUSION

FOR ALL THE FOREGOING REASONS, Tim Oey and Jane Doe Oey request that this Court grant their motion to dismiss for lack of personal jurisdiction.

DATED this 1st day of June, 2006.

>HAYES SOLOWAY P.C.
>3450 E. Sunrise Drive, Suite 140
>Tucson, Arizona 85718
>
>By: /s/Ashley L. Kirk
>Ashley L. Kirk
>*Attorney for Defendants*

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Original of the foregoing
electronically filed this 1st
day of June, 2006, with:

The Clerk of the Court
U.S. District Court
405 W. Congress Street
Tucson, Arizona 85701

Copy of the foregoing
mailed this 1st day of
June, 2006, to:

Lisa Anne Smith, Esq.
Shefali Milczarek-Desai, Esq.
**DeConcini McDonald Yetwin & Lacy, P.C.**
2525 East Broadway, Suite 200
Tucson, AZ 85716-5300

Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Esha Bandyopadhyay, Esq.
Sean Boyle, Esq.
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, California 94025-1114

　　　　/s/Kim Good

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567