

EXHIBIT A

The Freecycle Network, Inc. v. Oey et al                                                    Doc. 53 Att. 2

Dockets.Justia.com

3  will go to it time and time again because they know it

4  to be a single source that they can rely upon for a

5  service."

6         Finally, they, in a footnote, incorporated

7  all of the arguments for a motion to, I believe it was

8  stay or transfer, and it was something that we had

9  no -- we had an 11-page limitation and they don't seem

10 to argue --

11        THE COURT:  I'm glad you honored it, too.

12        MS. KOBIALKA:  I'm sorry?

13        THE COURT:  I'm glad you honored that 11-page

14 limitation.

15        MS. KOBIALKA:  So to the extent they're going

16 to incorporate an entire motion that they filed, and

17 has yet to be noticed, incidentally, we don't have any

18 dates for that --

19        THE COURT:  Their motion you're talking about

20 is the motion to transfer the case to Sacramento?

21        MS.KOBIALKA:  Yes, that's correct.

22        THE COURT:  What do you think about that?

23        MS. KOBIALKA:  Well, this goes exactly to the

24 issue we talked about before, which is they're saying

25 because Mr. Oey is affiliated with the Freecycle

♀                                                        15

03:13:38p  1  Sunnyvale group we really should not have sued him at

2  all here in Tucson, but what we have here is an

3  individual who was involved with strategic business

4  decisions, including the trademark policy, someone who

5  was a moderator for one of the local groups that falls

6  under The Freecycle Network itself and its name.  He

7  did, you know, a number of things, and this is a

Case 4:06-cv-00173-RCC   Document 53-3   Filed 06/01/2006   Page 2 of 3

8  classic case where you have a Tucson-based company, an

9  individual who is availing himself of Tucson, and

10  these particular claims have nothing to do with the

11  allegations that The Freecycle Network -- or the

12  Freecycle Sunnyvale network has alleged with respect

13  to The Freecycle Network.  They're two separate

14  issues.

15         THE COURT:  I agree that they're two separate

16  issues, but looking at the thing from a practical

17  standpoint, isn't the result of that case sort of

18  going to control this case, too?

19         MS. KOBIALKA:  It won't.  Because regardless

20  of --

21         THE COURT:  Well, if you win over there, you

22  don't need to win over here, do you?

23         MS. KOBIALKA:  We do, absolutely.

24         THE COURT:  If you win over there, you won.

25         MS. KOBIALKA:  No.  There's personal

♀                                                        16

03:14:42p   1  liability that's attached to Mr. Oey as a result of

2  his specific actions.

3         THE COURT:  That's true, that's possible.

4         MS. KOBIALKA:  That is a completely separate

5  cause of action.  You know, the issues of contributory

6  infringement, issues of injurious falsehood,

7  defamation, disparagement are not at issue at all in

8  the Northern District case.  So, you know, if there

9  ever was a case, why shouldn't a Tucson-based company,

10  who has had an individual involved in their strategic

11  business decisions -- he purposely availed himself by

12  providing advice, providing specific recommendations

Case 4:06-cv-00173-RCC   Document 53-3   Filed 06/01/2006   Page 3 of 3