

USCA DOCKET # (IF KNOWN)

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: The Freecycle Network, Inc. v. Tim Oey and Jane Doe Oey | DISTRICT: District of AZ   JUDGE: Raner C. Collins |
|---|---|
| | DISTRICT COURT NUMBER: CIV06-173-TUC-RCC |
| | DATE NOTICE OF APPEAL FILED:    IS THIS A CROSS-APPEAL? ☐ YES |
| | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): |

**BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:**
Plaintiff's Motion to preliminarily enjoin Defendants from making comments about Plaintiff's alleged trademarks was granted.

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**
Whether District Court's granting of a preliminary injunction for the Plaintiff was a reversible error.

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POSTJUDGMENT MOTIONS):**
Pending Motion to Transfer to the Northern District of California.
Pending Motion to Dismiss for Lack of Personal Jurisdiction.

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**

☐ Possibility of settlement

☐ Likelihood that intervening precedent will control outcome of appeal

☐ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (Specify) _____

☐ Any other information relevant to the inclusion of this case in the Mediation Program _____

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

**LOWER COURT INFORMATION**

| JURISDICTION || DISTRICT COURT DISPOSITION ||
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |
| ☒ FEDERAL QUESTION | ☐ FINAL DECISION OF DISTRICT COURT | ☐ DEFAULT JUDGMENT | ☐ DAMAGES: SOUGHT $_____ AWARDED $_____ |
| ☒ DIVERSITY | ☒ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT | ☐ DISMISSAL/JURISDICTION | ☒ INJUNCTIONS: |
| ☐ OTHER (SPECIFY): | ☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY): | ☐ DISMISSAL/MERITS | ☒ PRELIMINARY |
| | | ☐ SUMMARY JUDGMENT | ☐ PERMANENT |
| | | ☒ JUDGMENT/COURT DECISION | ☒ GRANTED |
| | | ☐ JUDGMENT/JURY VERDICT | ☐ DENIED |
| | | ☐ DECLARATORY JUDGMENT | |
| | ☐ OTHER (SPECIFY): | ☐ JUDGMENT AS A MATTER OF LAW | ☐ ATTORNEY FEES: SOUGHT $_____ AWARDED $_____ |
| | | ☐ OTHER (SPECIFY): | ☐ PENDING |
| | | | ☐ COSTS: $_____ |

### CERTIFICATION OF COUNSEL

I CERTIFY THAT:
1. COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.
2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).
3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.
4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

/s/Ashley L. Kirk      June 15, 2006
Signature      Date

### COUNSEL WHO COMPLETED THIS FORM

NAME: Ashley L. Kirk
FIRM: Hayes Soloway P.C.
ADDRESS: 3450 E. Sunrise Drive, Suite 140, Tucson, Arizona 85718
E-MAIL: akirk@hayes-soloway.com
TELEPHONE: (520) 882-7623
FAX: (520) 882-7643

✲THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL✲
✲IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS✲

**HAYES SOLOWAY P.C.**
Ashley Lynn Kirk, Arizona State Bar #021866
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona 85718
Telephone: (520) 882-7623
Facsimile: (520) 882-7643

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization, <br><br> Plaintiff, <br><br> v. <br><br> TIM OEY and JANE DOE OEY, <br><br> Defendants. | No. CIV06-173-TUC-RCC <br><br> **SERVICE LIST FOR CIVIL APPEALS DOCKETING STATEMENT** |

The Clerk of the Court
U.S. District Court
405 W. Congress Street
Tucson, Arizona 85701

Lisa Anne Smith, Esq.
Shefali Milczarek-Desai, Esq.
**DeConcini McDonald Yetwin & Lacy, P.C.**
2525 East Broadway, Suite 200
Tucson, AZ 85716-5300
Tel: 520-322-5000
Fax: 520-322-5585

Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Esha Bandyopadhyay, Esq.
Sean Boyle, Esq.
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, California 94025-1114
Tel: 650-838-4300
Fax: 650-838-4350

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization,<br><br>Plaintiff,<br><br>vs.<br><br>TIM OEY and JANE DOE OEY,<br><br>Defendant. | No. CV 06-173-TUC-RCC<br><br>**ORDER** |

On April 24, 2006, the Court held oral argument regarding a motion for a Temporary Restraining Order against Defendant Tim Oey ("Oey"). That motion was granted (Docket # 18). Now pending before the Court is Plaintiff The Freecycle Network, Inc.'s Notice of *Ex Parte* Motion and *Ex Parte* Motion for Order to Show Cause Against Defendant Tim Oey Regarding Contempt Due to Failure to Comply with Temporary Restraining Order (Docket # 20) as well as whether a preliminary injunction should be issued on The Freecycle Network's ("Freecycle") behalf enjoining Oey from making comments that infringe on Freecycle's Trademark.

**I. BACKGROUND**

The Freecycle Network is a nonprofit Arizona corporation with member groups throughout the world dedicated to encouraging and coordinating the reusing, recycling,

and gifting of goods. Starting with a single community in Tucson, Freecycle has grown to a worldwide organization with thousands of local recycling groups and more than two million members.

Freecycle has been using the trademarks FREECYCLE, THE FREECYCLE NETWORK and "The Freecycle Network" logo since May 2003. On November 22, 2005, Freecycle's trademark and logo were approved for publication on the Principal Register by the United States Patent and Trademark Office ("USPTO"). A notice of publication was issued on December 28, 2005, but that registration is being opposed by a group in California making the trademark's application pending.

Defendant Oey was actively involved with Freecycle from early 2005 until late 2005. Part of Defendant's duties included participating in an intellectual property group tasked with developing guidelines for protecting Freecycle's intellectual property. As part of his duties, Defendant has authored emails which have defended Freecycle's trademark rights.

In mid-September 2005 Defendant resigned from his position with Freecycle. Subsequently, Defendant began making public remarks disagreeing with the validity Freecycle's trademark rights. In support of this, Defendant has emailed remarks disparaging Freecycle's trademark as well as posting comments on the internet disparaging Freecycle's trademark.

Freecycle filed this action against Defendant claiming that he had made remarks that infringed upon their trademark. In accordance with this, Plaintiff moved for a temporary restraining order which was granted by this court. Now, Plaintiffs are asking for a preliminary injunction as well as an order to show cause as to why Defendant should not be held in contempt of court for not removing previously posted comments on the internet that infringe upon Freecycle's trademark.

Defendant claims that the term "freecycle" is a generic term and thus not able to be trademarked. Defendant points to the fact that the trademark is still pending with the USPTO and that there is an objection to the pending trademark that must be resolved by

the USPTO. With regard to the motion for contempt filed by Freecycle, Defendant asserts that it did not relate to past comments made by Defendant before the Complaint in this case was even filed.

## II. DISCUSSION

The moving party carries the burden for demonstrating the need for injunctive relief. *Huang v. Holiday Inns, Inc.*, 594 F.Supp. 352, 355 (C.D.Cal. 1984).

Factors to consider in determining whether to grant a preliminary injunction are:

> (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief.

*Dollar Rent A Car of Wash., Inc. v. Travelers Indemnity Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985).

In a trademark infringement case, a plaintiff is entitled to a preliminary injunction if it can show "either (1) a combination of 'probable success on the merits' and 'the possibility of irreparable injury' or (2) the existence of 'serious question going to the merits' and that 'the balance of hardships tips sharply in [its] favor.'" *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir. 2000) (quoting *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 723 (9th Cir. 1985)).

*1. Likelihood of Success on the Merits*

Freecycle argues that it is likely to succeed on the merits. The Lanham Act prohibits the unauthorized use of a "registered mark in connection with the sale . . . or advertising of any goods . . . [where] such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. Section 43 of the act makes any person who, in connection with the sale of goods, uses any term, name, or symbol in a way that is likely to cause confusion, mistake or to deceive, liable in a civil action to any person damaged by the act. 15 U.S.C. § 1125. In order to establish trademark infringement or unfair competition under the Lanham Act, a plaintiff must show that the defendant "is

- 3 -

Case 4:06-cv-00173-RCC    Document 58    Filed 06/15/2006    Page 6 of 10

using a mark similar to a valid, protectable trademark of [plaintiff's]." *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Freecycle argues that even though its trademark is still pending, it has established a recognizable logo and name that is protectable through over three years of use as well as the USPTO's approval of publication in its Principal Register.

Additionally, Freecycle argues that its legitimate trademark rights have been recognized by Defendant when he was associated with The Freecycle Network. This is born out by the record. While Defendant was associated with The Freecycle Network, he actively undertook to protect its trademark and logo. *See* Complaint, Exh. A-C; *see also* Beal Decl. ¶ 8. Then, after his separation from the organization, he began to publicly encourage the disparagement of the Freecycle trademark. *See* Complaint, Exh. D-G; *see also* Beal Decl. ¶ 9.

All of these factors lead to the conclusion that Plaintiff has a significant chance to succeed on the merits of the case.

*2. Irreparable Injury*

Irreparable injury may be presumed by a showing of likelihood of success on the merits of a trademark infringement claim. *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003). Because The Freecycle Network has shown a likelihood of success on the merits, a preliminary injunction is appropriate as to the trademark claims.

*3. Balance of Hardships*

The balance of hardships falls in Freecycle's favor. If a preliminary injunction is granted, then Defendant is merely prohibited from making public comments that could disparage Freecycle's trademark during the pendency of this case. There would be no or very little cost to Defendant of not being able to do this. If the preliminary injunction is not granted then The Freecycle Network could very well suffer loss of goodwill and confusion with respect to its trademark rights (assuming it does in fact have those trademark rights). It is clear though that currently, the balance of hardships clearly falls within Freecycle's favor.

## III. CONCLUSION

Accordingly IT IS HEREBY ORDERED that the motion for Preliminary Injunction is GRANTED in Freecycle's Favor. Defendant is prohibited from making any comments that could be construed as to disparage upon Freecycle's possible trademark and logo. Additionally, Defendant IS FURTHER ORDERED to remove all postings from the internet and any other public forums that he has previously made that disparage Freecycle's possible trademark and logo. This Order specifically refers to, but is not limited to, the exhibits used by Freecycle in this case.

Finally, IT IS ORDERED that Plaintiff The Freecycle Network, Inc.'s Notice of *Ex Parte* Motion and *Ex Parte* Motion for Order to Show Cause Against Defendant Tim Oey Regarding Contempt Due to Failure to Comply with Temporary Restraining Order (Docket # 20) is DENIED. However, Defendant is forewarned that if he refused to comply with the terms of this preliminary injunction and continues to publicly disparage Freecylce's trademark rights and logo then he could be found to be held in contempt of court.

DATED this 11th day of May, 2006.

Raner C. Collins
United States District Judge

**Kim Good**

| | |
|---|---|
| From: | <azddb_responses@azd.uscourts.gov> |
| To: | <azddb_nefs@azd.uscourts.gov> |
| Sent: | Friday, May 12, 2006 11:00 AM |
| Subject: | Activity in Case 4:06-cv-00173-RCC The Freecycle Network, Inc. v. Oey et al "Order on Motion to Enforce" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

U.S. District Court

## DISTRICT OF ARIZONA

Notice of Electronic Filing

The following transaction was received from ARS, entered on 5/12/2006 at 11:00 AM MST and filed on 5/12/2006
Case Name:     The Freecycle Network, Inc. v. Oey et al
Case Number:   4:06-cv-173
Filer:
Document Number: 40

Docket Text:
ORDER denying [20] Motion to Enforce. IT IS HEREBY ORDERED that the motion for Preliminary Injunction is GRANTED [6] in Freecycle's Favor. Defendant is prohibited from making any comments that could be construed as to disparage upon Freecycle's possible trademark and logo. Additionally, Defendant IS FURTHER ORDERED to remove all postings from the internet and any other public forums that he has previously made that disparage Freecycle's possible trademark and logo. This Order specifically refers to, but is not limited to, the exhibits used by Freecycle in this case. Finally, IT IS ORDERED that Plaintiff The Freecycle Network, Inc.'s Notice of Ex Parte Motion and Ex Parte Motion for Order to Show Cause Against Defendant Tim Oey Regarding Contempt Due to Failure to Comply with Temporary Restraining Order (Docket # 20) is DENIED. However, Defendant is forewarned that if he refused to comply with the terms of this preliminary injunction and continues to publicly disparage Fre! ecylce's trademark rights and logo then he could be found to be held in contempt of court. Signed by Judge Raner C Collins on 5/11/06. (ARS)

The following document(s) are associated with this transaction:

Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1096393563 [Date=5/12/2006] [FileNumber=833114-0]
[86527d8fbc543bd3d8e7fa9aebea9c829ef63c9bea4f1014460019d46f800d54410b
6f0c356fae7d467a6ef7f661b1ff047c4e0b68c7849d8e8547077349fa79]]

**4:06-cv-173 Notice will be electronically mailed to:**

Esha Bandyopadhyay     EBandyopadhyay@perkinscoie.com, LShields@perkinscoie.com

Sean M Boyle     SBoyle@perkinscoie.com, LShields@perkinscoie.com

Ashley Lynn Kirk     akirk@hayes-soloway.com, sbronson@hayes-soloway.com, kgood@hayes-soloway.com

5/12/2006

Lisa Kobialka     LKobialka@perkinscoie.com, LRojas@perkinscoie.com

Shefali Milczarek-Desai     smdesai@dmyl.com, skeilholtz@dmyl.com, dmylecf@dmyl.com

Lisa Anne Smith     lasmith@dmyl.com, rletzkus@dmyl.com, dmylecf@dmyl.com

**4:06-cv-173 Notice will be delivered by other means to:**