**HAYES SOLOWAY P.C.**
Ashley Lynn Kirk, Arizona State Bar #021866
3450 E. Sunrise Drive, Suite 140
Tucson, Arizona 85718
Telephone: (520) 882-7623
Facsimile: (520) 882-7643

*Attorneys for Defendants.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TIM OEY and JANE DOE OEY,<br><br>　　　　　　　Defendants. | No. CIV06-173-TUC-RCC<br><br>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION UNDER FED.R.CIV.P. 62(c) TO STAY PRELIMINARY INJUNCTION PENDING APPEAL |

## I.　INTRODUCTION

Defendants today filed an appeal of this Court's May 12, 2006, order granting a preliminary injunction on the ground that Order is constitutionally invalid as a prior restraint of free speech. Accordingly, Defendants move this Court to stay it's order for preliminary injunction under Fed.R.Civ.P. 62(c) while they appeal as a matter of right under 28 U.S.C. 1292(a)(1).[1]

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

---

[1] Defendant files this motion for a stay solely to obtain needed and appropriate relief from this Court's Order. Neither Defendant waives personal jurisdiction. As Defendants have pointed out in other papers, this Court does not have personal jurisdiction over Defendants and, therefore, this Court should dismiss this lawsuit and vacate the preliminary injunction.

## II. FACTS

This Court's order prohibits Defendant Tim Oey "from making *any* comments that *could* be construed as to disparage upon Freecycle's *possible* trademark and logo." (Exhibit A). Order, 5:3-8 (Docket # 40) ("Order") (emphases added). The Order also compels Tim Oey "to remove all postings from the internet and any other public forums that he has previously made that disparage Freecycle's *possible* trademark and logo." *Id.* Order 5:5-7 (emphasis added). The Order "specifically refers to, but is not limited to, the exhibits used by Freecycle in this case." Order 5:7-8. *Id.*

Among the exhibits referenced in the Order are email postings in which Tim Oey encouraged others to exercise their First Amendment rights to petition the government by writing to the United States Patent and Trademark Office ("USPTO") and objecting to The Freecycle Network, Inc.'s, ("TFN") trademark registration application for "freecycle." Also referenced by the Order are Defendant's statements that express pure opinions regarding whether The Freecycle Network, Inc. ("TFN") has a protectable trademark interest or is wrong to seek control of the grassroots freecycling movement. *See* Exhibit B, Complaint, Exhibits E, F, G.

Tim Oey now moves this Court to stay its preliminary injunction on the grounds that it is constitutionally invalid prior restraint on free speech.

## III. LEGAL STANDARD

Under Fed.R.Civ.P. 62(c), a district court may order a stay of a preliminary injunction pending appeal. Courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [on appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v.*

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

*Braunskill*, 481 U.S. 770, 776 (1987). *See also Overstreet v. Thomas Davis Medical Centers, P.C.*, 978 F. Supp. 1313, 1314 (D. Ariz. 1997) (citing *Hilton*, 481 U.S. at 776).

IV. **ARGUMENT**

    A. **TIM OEY HAS MADE A STRONG SHOWING OF LIKELIHOOD OF SUCCESS TO OVERTURN THE PRELIMINARY INJUNCTION BECAUSE THE PRELIMINARY INJUNCTION IS A CONSTITUTIONALLY INVALID PRIOR RESTRAINT ON FREE SPEECH**

        1. **The Preliminary Injunction Reaches Core First Amendment Speech**

Tim Oey is asking for a stay pending appeal because this Court's preliminary injunction is a constitutionally invalid prior restraint on First Amendment speech. Even assuming arguendo that Plaintiff actually has a trademark for the term "freecycle," this case does not present a fact situation where Tim Oey is using "freecycle" in an infringing manner that might support a preliminary injunction, i.e., as a designation of origin. Namely, the Court's Order precludes core First Amendment speech in which Tim Oey encouraged others to exercise their First Amendment rights to petition the government by writing to the USPTO and objecting to TFN's trademark registration application. The Court's Order precludes core First Amendment speech in which Tim Oey expresses pure opinions regarding whether The Freecycle Network, Inc. ("TFN") has a protectable trademark interest. And, the Court's Order precludes core First Amendment speech in which Tim Oey expresses the opinion that it is wrong for Plaintiff to seek control of the grassroots freecycling movement.

In other words, Defendants' encouragement of others to exercise First Amendment rights and Defendants' own expressions of opinion are in no way connected to the sale of any product or service and present no possibility that consumers will be confused or misled. *See M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1080 & n.5 (9th Cir. 2005) (claims for trademark infringement or unfair competition under federal, state, or common law must
HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE, SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

establish likelihood of confusion); *See Interactive Products Corp. v. a2z Mobile Office Solutions, Inc.*, 326 F.3d 687, 695 (6th Cir. 2003) (where trademark used only "in a 'non-trademark' way – that is, in a way that does not identify the source of a product – then trademark infringement and false designation of origin laws do not apply"). Nor does this case present a fact situation involving false or misleading commercial speech where a preliminary injunction might be warranted. The emails referenced in this Court's order do not propose a commercial transaction and therefore are not commercial speech. *See Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1184-86 (9th Cir. 2001) (picture in magazine article that did not propose transaction was not pure commercial speech and thus was protected by First Amendment).

And, *Big O Tires*, the case which Plaintiff cites as the basis for this injunction, fails to provide support for the position that a preliminary injunction should restrain Tim Oey's opinions regarding whether TFN has a protectable trademark interest or is wrong to seek control of the grassroots freecycling movement. In *Big O Tires*, the trademark disparagement claim was brought by a plaintiff who had common law first user rights to the mark in a limited geographic area. Defendant, the later user who was found liable for trademark disparagement, laid claim to the mark by obtaining a trademark registration. The defendant, knowing of the plaintiff's prior user rights, used the mark in commercial advertisements which falsely indicated that defendant was the only source of products bearing the mark. See *Big O Tire Dealers, Inc. v. The Goodyear Tire & Rubber Co.*, 561 F.2d 1365 (10th Cir. 1977). By contrast, in this case, Tim Oey does not lay claim to trademark rights in "freecycle," but only voices the lay opinion that no one has, or should have, trademark rights in "freecycle." Further, Tim Oey does not use "freecycle" in a commercial context or in a manner that even suggests the false statement that Tim Oey is the only source of online groups for freecyclers.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

## 2. The Preliminary Injunction Impermissibly Interferes With The Progress Of Litigation In A Sister Jurisdiction

This Court should stay its preliminary injunction pending appeal because the expansively-worded prior restraint on free speech impermissibly interferes with Tim Oey's needed participation in the first-filed lawsuit in the Northern District of California.[2] That litigation is well underway. FreecycleSunnyvale filed an amended complaint, and TFN answered with counterclaims. FreecycleSunnyvale's motions to dismiss the counterclaims and to strike the state-law claim have been briefed, and Judge Wilken has taken those motions under submission on the papers. The parties have exchanged initial disclosures and have propounded a total of six discovery requests. The parties just completed court directed mediation, which did not produce a settlement. Defendant's ongoing and unfettered participation in these matters is crucial for the orderly and efficient progress of litigation in the Northern District of California. Completion of fact discovery is set for August 1, 2006, and case dispositive motions must be filed by December 8, 2006.

Tim Oey is intimately involved in the facts of the action in the Northern District of California and, without a stay, this Court's preliminary injunction will interfere with his efforts to prepare for trial. The very purpose of the California Action is to prove that TFN does not have a protectable trademark interest. To prepare for trial, Tim Oey is the person who will contact third parties in the freecycling community and solicit evidence that TFN's claim to a valid trademark is unfounded. Since such solicitations "*could* be construed" as "disparaging," this Court's preliminary injunction hinders the progress of the litigation in Northern District of California.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

---

[2] Contrary to TFN's protestations, the California action and this action arise out of the same set of facts. In the first-filed action in the Northern District of California, TFN argues that its trademark counterclaims against FreecycleSunnyvale are based upon three of Defendant's email postings to online groups. In the action before this Court, the same three email postings that TFN attributes to FreecycleSunnyvale in California are attached to TFN's Complaint against Defendant.

### 3. The Preliminary Injunction Is Presumptively Invalid Because There Is No Finding That Defendant's Speech Is Not Protected By The First Amendment

This Court should stay the preliminary injunction pending appeal because TFN has not met the heavy burden to create a record on which this Court could make a determination that Defendant's speech is not protected by the First Amendment. As the Supreme Court emphasized, "the special vice of a prior restraint is that communication will be suppressed before an adequate determination that it is unprotected by the First Amendment." *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 390 (1973). *See also New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1071, 1073 (C.D. Cal. 2003) (denying preliminary injunction where, "even if the Court were permitted to enjoin purely commercial speech upon a showing that it was false, no such showing has been made in this case"); *J.K. Harris & Co. LLC v. Kassel*, 253 F. Supp. 2d 1120, 1129 (N.D. Cal. 2003) (even where "Plaintiff has shown a serious question going to the merits of whether Defendants have violated section 43 of the Lanham Act," "enjoining these statements prior to an adjudication of their truth or falsity would suppress arguably protected speech").

Even where there is probable cause that speech is not protected by the First Amendment, the party seeking a preliminary injunction bears a heavy burden to overcome free speech concerns. *See, e.g., Vance v. Universal Amusement Co.*, 445 U.S. 308, 316 (1980) (temporary prior restraint "against a future exhibition [of movie] is even heavier than the burden of justifying the imposition of a criminal sanction for a past communication."); *Auburn Police Union v. Carpenter*, 8 F.3d 886, 903 (1st Cir. 1993) (stressing that an injunction of charitable solicitation was permitted only "after a final adjudication on the merits that the speech is unprotected"); *St. Margaret Mercy Healthcare Ctrs., Inc. v. Ho*, 663 N.E.2d 1220, 1223-24 (Ind. Ct. App. 1996) (holding that a preliminary injunction of an alleged libel was an

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

unconstitutional prior restraint); *Gilbert v. National Enquirer, Inc.*, 51 Cal. Rptr. 2d 91, 96-99 (Cal. Ct. App. 1996) (same); *Pirmantgen v. Feminelli*, 745 S.W.2d 576, 577-78 (Tex. Ct. App. 1988) (same).

The strong presumption against preliminary injunctions affecting free speech includes preliminary injunctions that are based upon claims of trademark disparagement. As the leading trademark treatise states:

> Because of the free speech dimensions of many product disparagement claims, the constitutional rule against 'prior restraint' will often pose an obstacle to a preliminary injunction. The general rule of thumb emerging from Supreme Court opinions is that '[a]ny prior restraint on expression comes to this Court with a 'heavy presumption against its constitutional validity.'" (internal quotation omitted).

4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 27:112 (4th ed. 2006) (internal quotation omitted).

The vice of this Court's preliminary injunction is that it places a prior restraint on free speech before there has been a finding that Defendant's speech is not protected by the First Amendment. "The scope of constitutional protection extends to statements of opinion on matters of public concern that do not contain or imply a provable factual assertion." *Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995) (citing *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990)). "[W]e examine the work as a whole, the specific context in which the statements were made, and the statements themselves to determine whether a reasonable factfinder could conclude that the statements imply a false assertion of objective fact and therefore fall outside of the protection of the First Amendment." *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995).

Not only is there a glaring absence of any findings of a false assertion of fact, but the preliminary injunction places a prior restraint on statements of opinion on matters of public

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

concern that do not imply factual assertions. Defendant's encouragement of others to exercise their First Amendment rights to petition the USPTO and to oppose a trademark registration application is a matter of public concern that does not contain or imply a factual assertion. Defendant's lay opinion that TFN does not have a protectable trademark interest, voiced in the context of a public debate over whether TFN should even seek trademark rights in "freecycle," does not contain or imply an assertion of fact. Defendant's public criticism of TFN's efforts to seek control of the grassroots freecycling movement does not contain or imply a factual assertion.

Therefore, this Court should stay the preliminary injunction pending appeal because there are no findings that Defendant's speech is not protected by the First Amendment.

### B. THE OTHER FACTORS RELEVANT TO A STAY OF A PRELIMINARY INJUNCTION INDICATE THAT THIS COURT SHOULD STAY THE PRELIMINARY INJUNCTION PENDING APPEAL

#### 1. Tim Oey Will Suffer Irreparable Injury Without A Stay Because The Order Violates Defendant's First Amendment Rights

As discussed above, this Court should stay the preliminary injunction pending appeal because the preliminary injunction is a constitutionally invalid prior restraint of Defendant's free speech. Where a constitutional right is deprived, the Ninth Circuit presumes irreparable injury. *See Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) ("under the law of this circuit, a party seeking preliminary injunctive relief in a First Amendment context can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable First Amendment claim") (internal quotation omitted). This Court should stay its preliminary injunction so that Tim Oey does not suffer further irreparable injury to his exercise of constitutionally protected free speech.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

### 2. There is No Cognizable Legal Injury From Constitutionally Protected Speech

This Court should stay the preliminary injunction because the record does not show that TFN will suffer substantial injury if this Court grants a stay. This Court presumed irreparable injury when finding that TFN had shown a "likelihood of success on the merits of a trademark infringement claim." (Exhibit A). Order 4:16-17. But, the preliminary injunction is based upon TFN's trademark disparagement claim not on any claim of infringement.[3] Because this Court did not address TFN's likelihood of success on the trademark disparagement claim, there is no basis to presume irreparable injury to support the preliminary injunction that issued.

Furthermore, TFN claims to be injured because Tim Oey engaged in constitutionally protected free speech, a claim that supports the granting of a stay pending appeal. Tim Oey submits that his free speech activities, which lie at the core of First Amendment values, cannot form the basis for a legally cognizable injury, much less a substantial injury, and this Court should accordingly stay its preliminary junction.

### 3. A Stay Will Promote The Public Interest In The Orderly And Efficient Progress Of Related Litigation In The Northern District Of California

There is a strong public interest in the orderly and efficient progress of litigation. This Court's preliminary injunction should be stayed because it interferes with Tim Oey's necessary participation the first-filed action in the Northern District of California on behalf of FreecycleSunnyvale, an online group he moderated. In that ongoing litigation, the continuing ability to use the generic term "freecycle" was recognized by Judge Wilken of the Northern District of California in that Court's order denying TFN's motion to dismiss FreecycleSunnyale's action for declaratory relief. The California Court emphasized that FreecycleSunnyvale's

---

[3] Interestingly, it is precisely this issue that is before the California Court.

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

"business involves supporting freecycling in the Bay Area," yet "currently it cannot operate its original online group . . . because [TFN] caused Yahoo! to revoke its contract." (Exhibit C). Motion to Dismiss Order at 11. The California Court also noted that clarifying the nature of the term freecycle is especially important because TFN claims FreecycleSunnyvale "violated its [TFN's] terms of use regarding the 'freecycle' name and logo without providing information as to how [FreecycleSunnyvale] has done so." *Id.*

Additionally, while the public has an interest in the orderly and efficient progress of the first-filed lawsuit in the Northern District of California, the public also has an interest in the just outcome of that litigation, i.e., that "freecyle" is generic and the public can continue to use it generically. Tim Oey's full ability to participate in that litigation is crucial to this outcome, and a stay of the order for preliminary injunction should be granted.

## V. CONCLUSION

For all the foregoing reasons, this Court should stay the preliminary injunction pending appeal.

DATED this 15th day of June, 2006.

> HAYES SOLOWAY P.C.
> 3450 E. Sunrise Drive, Suite 140
> Tucson, Arizona 85718
>
> By: _____/s/Ashley L. Kirk_____
> Ashley L. Kirk
> *Attorney for Defendants*

HAYES SOLOWAY P.C.
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567

Original of the foregoing
electronically filed this 15th
day of June, 2006, with:

The Clerk of the Court
U.S. District Court
405 W. Congress Street
Tucson, Arizona 85701


Copy of the foregoing
mailed this 15th day of
June, 2006, to:

Lisa Anne Smith, Esq.
Shefali Milczarek-Desai, Esq.
**DeConcini McDonald Yetwin & Lacy, P.C.**
2525 East Broadway, Suite 200
Tucson, AZ 85716-5300

Paul J. Andre, Esq.
Lisa Kobialka, Esq.
Esha Bandyopadhyay, Esq.
Sean Boyle, Esq.
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, California 94025-1114


      /s/Kim Good

**HAYES SOLOWAY P.C.**
3450 E. SUNRISE DRIVE,
SUITE 140
TUCSON, AZ 85718
TEL. 520.882.7623
FAX. 520.882.7643

175 CANAL STREET
MANCHESTER, NH 03101
TEL. 603.668.1400
FAX. 603.668.8567