# EXHIBIT C

"freecycle" term and logo.

Plaintiff has a legitimate interest in clarifying its right to use the term "freecycle." Plaintiff's business involves supporting freecycling in the Bay Area, but currently it cannot operate its original online group service account as "FreecycleSunnyvale" because Defendant caused Yahoo! to revoke its contract with Plaintiff for this internet service. Plaintiff's interest in clarifying the right to use "freecycle" is especially important given that Defendant claims Plaintiff violated its terms of use regarding the "freecycle" name and logo without providing information as to how Plaintiff has done so.

Defendant incorrectly claims that Plaintiff must first exhaust administrative remedies by waiting for the results of its opposition to the trademark application before filing this declaratory relief action in district court. The PTO cannot decide issues of trademark infringement; this is a matter that must be decided in a court. See e.g. Goya Foods, Inc. v. Tropicana Products, Inc., 846 F.2d 848, 853-54 (2d Cir. 1988)(outcome of PTO proceeding does not affect legal determination of infringement claim; district court must still independently decide validity and priority of marks and likelihood of consumer confusion.).

Because the PTO cannot resolve infringement claims, it was reasonable for Plaintiff to believe, irrespective of the PTO's decision, that it was likely to be subject to litigation. Furthermore, there is no indication of how long the application to register the trademark will take, or if it will ever be granted. Thus, Plaintiff is not acting incorrectly by bringing this action

11