IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| THE FREECYCLE NETWORK, INC., an Arizona non-profit organization,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TIM OEY and JANE DOE OEY,<br><br>　　　　Defendant. | No. CV 06-173-TUC-RCC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY** |

Pending before the Court is Defendants' Motion to Stay or Transfer (Docket # 26).

**I. BACKGROUND**

The Freecycle Network is a nonprofit Arizona corporation with member groups throughout the world dedicated to encouraging and coordinating the reusing, recycling, and gifting of goods. Starting with a single community in Tucson, Freecycle has grown to a worldwide organization with thousands of local recycling groups and more than two million members.

Freecycle has been using the trademarks FREECYCLE, THE FREECYCLE NETWORK and "The Freecycle Network" logo since May 2003. On November 22, 2005, Freecycle's trademark and logo were approved for publication on the Principal Register by the United States Patent and Trademark Office ("USPTO"). A notice of publication was

1  issued on December 28, 2005, but that registration is being opposed by a group in California
2  making the trademark's application pending.
3  Defendant Oey was actively involved with Freecycle from early 2005 until late 2005.
4  Part of Defendant's duties included participating in an intellectual property group tasked with
5  developing guidelines for protecting Freecycle's intellectual property. As part of his duties,
6  Defendant has authored emails which have defended Freecycle's trademark rights.
7  In mid-September 2005 Defendant resigned from his position with Freecycle.
8  Subsequently, Defendant began making public remarks disagreeing with the validity
9  Freecycle's trademark rights. In support of this, Defendant has emailed remarks disparaging
10 Freecycle's trademark as well as posting comments on the internet disparaging Freecycle's
11 trademark.
12 Before the action in this Court was filed, another very similar action was filed in the
13 Northern District of California. In that case, FreecycleSunnyvale as Plaintiff filed a suit
14 against The Freecycle Network alleging that there was no copyright, logo or trademark
15 associated with The Freecycle Network. It should be noted that Defendant Tim Oey is a
16 principal of Freecycle Sunnyvale. The Freecycle Network has filed an Answer in that case
17 and is actively defending its interest.
18 The Freecycle Network subsequently filed this action against Defendant claiming that
19 he had made remarks that infringed upon their trademark. In accordance with this, Plaintiff
20 moved for a temporary restraining order and a preliminary injunction which were both
21 granted by this Court.
22 Now, pending before the Court is Defendants' Motion to Stay or Transfer where they
23 ask the Court for a change of venue pursuant to 28 U.S.C. § 1404 or in the alternative to stay
24 the case for reasons of judicial economy and to maintain consistency between the Courts.

## II. DISCUSSION

1       Ordinarily, a Plaintiff's choice of forum should be accorded "great weight." *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987). However, "district courts have applied a 'general rule' that, in actions based on a claim of intellectual property infringement, a plaintiff's choice of forum is accorded little deference where the central facts of the lawsuit occur outside the plaintiff's chosen forum." *Sorensen v. DaimlerChrysler AG*, 2003 U.S. Dist. LEXIS 6294, 11-12 (D.Cal. 2003).

      Additionally, in intellectual property cases "the preferred forum is that which is the center of the accused activity," i.e., the forum where the defendant is alleged to have developed, tested, researched, produced, marketed, and made sales decisions concerning the accused product. *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F.Supp. 1185, 1187-88 (N.D. Ill. 1983) (holding that preferred forum was district in which defendant conducted "all development, testing, research, and production" and made "virtually all marketing and sales decisions" concerning accused product); *see also Saint-Gobain Calmar, Inc. v. Nat'l Products Corp.*, 230 F.Supp.2d 655, 660 (E.D.Pa. 2002) (holding that plaintiff's choice of forum entitled to less deference where "center of gravity of the alleged infringement" occurred in another forum where defendant assembled and shipped accused device).

      Defendants' arguments are listed below.

A. The Court Has Personal Jurisdiction Over Tim Oey

      Defendants claim that the case should be transferred because the Court does not possess personal jurisdiction over Tim Oey.

      In cases, regarding the internet, a person must be found to have purposely availed himself to the forum state and "purposeful availment exists if Defendants can be shown to have transacted business with Arizona consumers over the Internet [or] on Defendants' advertisements in web sites accessible to Arizona consumers." *Park Inns Int'l. v. Pacific Plaza Hotels*, 5 F.Supp.2d 762, 763-64 (D.Ariz. 1998). Defendants claim that the Complaint does not allege anything which would entail that the Court has personal jurisdiction over Oey. Defendants argue that the Complaint merely says that Oey sat at his computer in Sunnyvale, California and sent emails to online groups provided by Yahoo!.

Defendants argue that courts have found that individuals, like Oey, who simply place information on the Internet do not subject themselves to jurisdiction in each state into which the electronic signal is transmitted and received. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 715 (4th Cir. 2002). Defendants argue that this is exactly what has happened in this case and as a result, there is no personal jurisdiction over the Defendant.

The question turns on whether Defendant Oey "purposefully availed" himself of this forum. Purposeful availment means that Defendant has "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Doe v. Unocal*, Inc., 248 F.3d 915, 924 (9th Cir. 2001).

It is indisputable that Defendant was intimately involved in numerous policy and strategy decisions of The Freecycle Network. He acted as the head of the New Website Planning Team, the head of Freecycle Next (a group of all local member moderators), one of the leaders of the Freecycle Modsquad (which was the main worldwide moderator group), an active member of the Penguin Patrol (an international planning group tasked with developing guidelines and policies for the protection of The Freecycle Network's intellectual property), and he was largely responsible for the implementation, drafting and execution of The Freecycle Network's Trademark and Copyright Policy. The combination of all of these activities provides a strong argument in Plaintiff's favor that in fact, Defendant Oey has engaged in enough conduct with the Arizona-based non-profit organization to warrant personal jurisdiction over him in this Court.

B. The Action is Appropriate in This Forum

Section 28 U.S.C. § 1338(a) gives District Courts original jurisdiction over trademark cases. A transfer is proper, however, when the transferee Court is able to exercise personal jurisdiction over the parties. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). Defendants are residents of the Northern District of California and contend that Plaintiff has submitted to jurisdiction in the California court by filing a counterclaim in that suit.

However, as demonstrated, the Court does in fact have personal jurisdiction over Defendants thus negating this argument.

C.  The Statutory Criteria of 28 U.S.C. § 1404(a) and the Majority of the *Jones* Factors Establish That This Case Is Suitable for Adjudication in Arizona; However Due to the Interrelated Nature of the Two Cases the Question of Staying this Case Must Be Examined

Defendants contend that the criteria of 28 U.S.C. § 1404(a) and the *Jones* factors establish that the case should be transferred to the federal court in California.  Section 1404(a) allows a transfer for the "convenience" of the parties or "in the interests of justice." 28 U.S.C. § 1404(a).

A case may be transferred where the criteria set forth in 28 U.S.C. § 1404(a) for transfer of venue, i.e., the convenience of the parties; the convenience of witnesses; and the interest of justice, are met.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243, 101 L.Ed.2d 22, 31 (1988).  However, the Ninth Circuit has added eight additional factors that may be considered by the district court when deciding whether to transfer:

1. the location where the relevant agreements were negotiated and executed;
2. the state that is most familiar with the governing law;
3. the plaintiff's choice of forum;
4. the respective parties' contacts with the forum;
5. the contacts relating to the plaintiff's cause of action in the chosen forum;
6. the differences in the costs of litigation in the two forums;
7. the availability of compulsory process to compel attendance of unwilling non-party witnesses, and;
8. the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000).

1    Defendants argue that the Northern District of California has already exercised
2 jurisdiction over the trademark at issue and that The Freecycle Network has already filed its
3 Answer and Counterclaims in that court. Defendants further argue that the burden of rulings
4 from two different courts on this matter could produce inconsistent outcomes on the two
5 cases.

6    Defendants also claim that both parties' contacts with the forum favor California
7 because of Tim Oey's residency in that state and The Freecylce's Network appearance before
8 the Northern District of California; the differences in the costs of litigation between the two
9 forums, the availability of compulsory process to compel attendance of unwilling non-party
10 witnesses and the ease of access to sources of proof favor California because of the same
11 reasons.

12    Finally, Defendants argue that the interests of justice and the reduction in costs is best
13 served by a transfer to California. The pendency of a related case in the proposed transferee
14 forum is a powerful reason to grant a motion for a change of venue. *Supco Automotive Parts,*
15 *Inc. v. Triangle Auto Spring Co.*, 538 F. Supp. 1187, 1192 (E.D.Pa. 1982). In addition,
16 judicial economy is served by having two actions in the same district even if the actions are
17 not consolidated. *Fairfax Dental (Ireland), Ltd. v. S.J. Filhol, Ltd.*, 645 F.Supp. 89, 91
18 (E.D.N.Y. 1986).

19    In this case, The Freecycle Network, its founder and all of its board members as well
20 as the majority of its business records are located in Tucson. The *Jones* factors that are
21 relevant to this case, plaintiff's choice of forum, the respective parties' contact with the forum,
22 the contacts relating to the plaintiff's cause of action, the difference in costs in litigating
23 between the two forums and the ease of access to information all fall in Arizona's favor.

24    However, what The Freecycle Network has not satisfactorily addressed is the
25 relevance of the California case to this one. The Freecycle Network contends that this case
26 has involves different parties, facts and issues. The issue of different parties is somewhat
27 disingenuous as The Freecycle Network is a party in both actions and Defendant Tom Oey
28

is a personal defendant in this case and serves as a principal of the FreecycleSunnyvale Network.

The California case involves a determination on whether The Freecycle Network's trademarks have been infringed or whether those trademarks are generic. Plaintiff contends that whether "Mr. Oey" has committed defamation, trademark disparagement, injurious falsehood or intentional interference with business relations" has no effect on the California's case. However, what Plaintiffs do not mention is that if the California court determines that The Freecycle Network does not have any trademark or logo rights then this case is moot. In order to resolve both cases, the courts must first determine whether The Freecycle Network has any sort of protected intellectual property right and there falls the problem for Plaintiff in this case. This fact makes a strong argument for transferring the case to California.

D. The "First to File" Rule

The final argument that Defendants advance as to whether to transfer this case is the "first to file" rule. The "first to file" rule provides that when lawsuits involving the same parties and issues are pending in two state courts, the first action should be allowed to proceed to judgment. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). District courts in the Ninth Circuit recognize that "courts generally do not require identical issues or parties so long as the actions involve closely related questions or common subject matter." *Centocor, Inc., et al. v. Medimmune, Inc.*, 2002 U.S. Dist. LEXIS 21109, 3 (N.D.Cal. 2002).

Although application of the "first to file" rule is subject to the sound discretion of the court, "The party filing the second action must demonstrate the existence of special circumstances to overcome the strong presumption of the first-filed action." *Id.*

Plaintiff simply argues that the cases are not related and therefore the "first to file" rule should not apply.

1    Because the Court will stay this case, this issue is moot.

3    E.  The Case Should be Stayed

5    Defendants finally contend that many of the factors mentioned to transfer the case are applicable to stay the case in the alternative. The accused activities are both in this case and the suit filed in California. Moreover, according to Defendants, judicial economy in terms of cots and duplicated effort will be best served if issues of infringement and validity are determined in one jurisdiction. Plaintiffs, of course, do not believe that staying the case should be done because in their view, the cases are not similar enough to warrant this option.

Probably the most important consideration in deciding on whether to stay the case is the fact that in both suits, respective of the specific issues, the courts must consider whether The Freecycle Network holds legal trademark and copyright rights to the term "freecycle" and its logo. In each case, this issue must first be determined and then the respective case can proceed. In the California suit, once that is resolved then the court can decide whether FreecycleSunnyvale is entitled to use the term "freecycle." Likewise, in the suit before this Court, only once the issue of whether or not The Freecycle Network has trademark rights worthy of being protected can the Court decide whether Defendant Oey engaged in tortious conduct to the detriment of The Freecycle Network.

To avoid the distinct possibility that one court could find that The Freecycle Network does in fact have trademark rights protectable by the law while the other does not, a stay seems appropriate in this case. Because the California suit was filed before this suit and using the principles involved under the "first to file" rule this case is stayed pending the resolution of the California case.

Accordingly, IT IS HEREBY ORDERED THAT this case is STAYED pending the resolution of the case of FreecycleSunnyvale v. The Freecycle Network in the Northern

1 | District of California. Defendants' Motion to Stay or Transfer (Docket # 26) is thus
2 | GRANTED IN PART and DENIED IN PART.

DATED this 20th day of June, 2006.

Raner C. Collins
United States District Judge